IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition of Dalia Genger, as Trustee of The Orly Genger 1993 Trust Established on Dec. 13, 1993 by Arie Genger, grantor. | S.D.N.Y. Case No. 19-cv-9365 |
| Dalia Genger, trustee of the Orly Genger 1993 Trust,<br><br>Petitioner,<br>v.<br><br>Orly Genger, Arie Genger, Glenclova Investment Company, TR Investors, LLC, New TR Equtiy I, LLC, New TR Equity II, LLC, Trans-Resources, Inc., Arnold Broser, David Broser, John Does 1-20, and Jane Does 1-20,<br><br>Respondents. | N.Y. Cnty. Surrogate's Court<br>File No.:  2008-0017/E |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Ron Satija, the Chapter 7 Trustee ("Bankruptcy Trustee") for the bankruptcy estate of respondent Orly Genger ("Orly"), by and through his undersigned counsel, on behalf of the respondent, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure in order to remove to this Court the action pending in the New York County Surrogate's Court, and respectfully states as follows:

1.  On July 12, 2019, Orly filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, Austin Division, under Case No. 19-10926-TMD (the "Bankruptcy

Case"). The Bankruptcy Case is currently pending, and Ron Satija is the court-appointed Bankruptcy Trustee.

2. Dalia Genger, as trustee of the Orly Genger 1993 Trust ("Dalia"), commenced the underlying action against Orly and the other respondents in the New York County Surrogate's Court on or about June 14, 2016. In the action Dalia purports to seek, *inter alia*, an order for respondents to turnover to the Orly Genger 1993 Trust (the "Orly Trust") assets which Dalia claims are assets of the Orly Trust.

3. All respondents moved to dismiss Dalia's petition, but before the Surrogate's Court decided the motions to dismiss, Dalia filed an amended petition, on or about April 12, 2018. All respondents moved to dismiss this amended petition in early May 2018, and these motions to dismiss have been *sub judice* before the Surrogate's Court since that time.[1]

4. Dalia's turnover action in the Surrogate's court was automatically stayed once Orly filed for bankruptcy protection. The turnover claims Dalia asserts concern assets that are also alleged to belong to Orly's bankruptcy estate. On this basis, the Bankruptcy Trustee seeks to remove the claims in the Surrogate's Court action to the bankruptcy court by way of the instant removal proceeding. Once the action is removed, the Bankruptcy Trustee intends to promptly file a motion to transfer the case to the Western District of Texas, where the Bankruptcy Case is pending, so that all of these interrelated claims can be adjudicated in one forum.

---

[1] As of June 2019, Dalia claims to have appointed Michael Oldner, an individual unknown to Orly who is apparently located in Arkansas, to serve as the "successor trustee" of the Orly Trust. The appointment is invalid due to the fact that it occurred during the pendency of the removal proceedings against Dalia (which on October 8, 2019 were separately removed to this Court, in Case No. 19-cv-9319). Nonetheless, in light of this recent purported trustee appointment, it is unclear who is now prosecuting this turnover case in the Surrogate's Court. Therefore, out of an abundance of caution, this Notice of Removal is being served on counsel for both Dalia and Michael Oldner.

5. The Surrogate's Court action is a civil action (other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce its police or regulatory power) of which this Court has jurisdiction under the provisions of 28 U.S.C. § 1334(b).

6. Upon removal, the action is a core proceeding under 28 U.S.C. § 157(b)(2), including without limitation subsections (A), (B), (C), (E) and (O). Alternatively, the matter is related to the Bankruptcy Case, and the Federal Court should retain jurisdiction because the matter cannot be timely adjudicated in the New York Surrogate's Court. The Surrogate's Court case has been pending since 2016, and motions to dismiss have been pending for more than a year.

7. This notice of removal is timely because the underlying Surrogate's Court action was initiated well before the commencement of the Bankruptcy Case, and this notice is being filed within ninety days after the order of relief in the Bankruptcy Case. Fed. R. Bankr. P. 9027(a)(2).

8. Pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Trustee is causing a copy of this Notice to be filed with the Clerk in the Surrogate's Court action and serving copies of this Notice upon all counsel of record in the Surrogate's Court proceeding. The service list appended hereto contains a list of all counsel to the removed proceeding.

9. Additionally, a complete copy of contents of the Surrogate's Court's file for this proceeding is attached hereto, as Exhibits 1 through 51.

WHEREFORE, the Bankruptcy Trustee prays that the Court and parties take notice that the New York Surrogate's Court action has been removed to this Court, and that the Court grant the moving parties such other and further relief to which they may be justly entitled.

Dated: New York, New York
October 9, 2019

KASOWITZ BENSON TORRES LLP

/s/ Michael Paul Bowen
By: Michael Paul Bowen (mbowen@kasowitz.com)
Andrew R. Kurland (akurland@kasowitz.com)
1633 Broadway
New York, NY 10019
Tel. (212) 506-1700
Fax (212) 506-1800

*Attorneys for Ron Satija, Bankruptcy Trustee*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on October 9, 2019, the foregoing document was served via FedEx (without exhibits) on the parties to the New York Surrogate's Court action, as indicated below. They have been informed that exhibits are available by contacting the undersigned counsel.

Judith Bachman, Esq.
The Bachman Law Firm
365 S. Main Street, 2nd Floor
New City, NY 10956

*Counsel for Dalia Genger*

Spencer I. Schneider, Esq.
39 Broadway, 32nd Floor
New York, NY 10006

*Counsel for Michael Oldner*

John Boyle, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036

*Counsel for Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources, LLC*

John Dellaportas, Esq.
EMMET, MARVIN & MARTIN LLP
120 Broadway, 32nd Floor
New York, NY 10271

*Counsel for the Sagi Genger 1993 Trust and Sagi Genger*

Chris Gartman, Esq.
1 Battery Park Plaza
New York, NY 10004

*Counsel for Arnold Broser and David Broser*

Gerald Greenberg, Esq.
Gelber Schachter & Greenberg
1221 Brickell Avenue
Suite 2010
Miami, FL 33131

*Counsel to Arie Genger*

                                          KASOWITZ BENSON TORRES LLP

                                          Andrew R. Kurland, Esq.