**SURROGATE'S COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

In the Matter of DALIA GENGER, trustee of the ORLY
GENGER 1993 TRUST,

     Petitioner,

         - against -

ORLY GENGER, ARIE GENGER, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC, NEW
TR EQUITY I, LLC, NEW TR EQUITY II, LLC, TRANS-
RESOURCES, INC., ARNOLD BROSER, DAVID
BROSER, JOHN DOES 1-20, and JANE DOES 1-20,

     Respondents.

---

FILE NO.   2008-0017/E

Hon. Nora S. Anderson

**MEMORANDUM OF LAW IN SUPPORT OF THE TR ENTITIES' MOTION TO DISMISS
THE PETITION FOR TURNOVER OF TRUST PROPERTY AND OTHER RELIEF FILED ON
JUNE 14, 2016, BY DALIA GENGER AS TRUSTEE OF THE ORLY GENGER 1993 TRUST**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

John Boyle
Four Times Square
New York, New York  10036
(212) 735-3000
(212) 735-2000 (facsimile)

*Attorneys for Glenclova Investment Co.,
TR Investors, LLC, New TR Equity I, LLC,
New TR Equity II, LLC, and
Trans-Resources LLC.*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................1

RELEVANT FACTUAL BACKGROUND..................................................................4

ARGUMENT ...............................................................................................................8

    I.    STANDARD OF REVIEW ...........................................................................8

    II.    THE COURT LACKS JURISDICTION OVER THE TR ENTITIES
        BECAUSE DALIA FAILED TO PROPERLY SERVE THEM............................9

    III.    DISMISSAL OF THE PETITION IS REQUIRED AND THE CLAIMS
        AGAINST THE TR ENTITIES ARE NOW TIME-BARRED BECAUSE
        PROCESS WAS NOT SERVED WITHIN THE TIME PERIOD
        REQUIRED BY THE SCPA ......................................................................12

    IV.    DALIA'S AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
        CLAIM IS INSUFFICIENTLY PLEADED AND WITHOUT MERIT..............13

        A.    Dalia's Claim Fails Because Orly, as Beneficiary, Does Not Owe
            Any Fiduciary Duties to the Trust ............................................................13

        B.    Dalia's Claim Fails Because She Fails to Sufficiently Allege
            Knowing Participation by Any of the TR Entities......................................13

    V.    DALIA'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM IS
        INSUFFICIENTLY PLEADED AND WITHOUT MERIT .................................17

        A.    Dalia Has Not Sufficiently Alleged that Any of the Trump Group
            Entities Knowingly and Improperly Induced a Breach...............................17

    VI.    DALIA'S MONEY HAD AND RECEIVED AND TURNOVER
        CAUSES OF ACTION CANNOT STAND...........................................................18

    VII.    RES JUDICATA AND COLLATERAL ESTOPPEL BAR DALIA'S
        CLAIMS ........................................................................................................19

    VIII.    SHOULD THE COURT NOT DISMISS THE PETITION FOR ANY OF
        THE ABOVE REASONS IT SHOULD BE STAYED OR DISMISSED ............22

CONCLUSION..............................................................................................................23

# TABLE OF AUTHORITIES

**Page**

## CASES

*Alvord & Swift v. Stewart M. Muller Construction Co.*,
  46 N.Y.2d 276, 413 N.Y.S.2d 309 (1978) ........................................................18

*Basile v. Wiggs*,
  98 A.D.3d 640, 950 N.Y.S.2d 148 (2d Dep't 2012)...............................................9

*In re Bear Stearns Litigation*,
  23 Misc.3d 447, 870 N.Y.S.2d 709 (Sup. Ct. N.Y. Cty. 2008) .........................17

*Behrle v. Behrle*,
  150 A.D.3d 656, 53 N.Y.S.3d 697 (2d Dep't 2017)...........................................13

*Berardi v. Berardi*,
  108 A.D.3d 406, 969 N.Y.S.2d 444 (1st Dep't 2013)....................................9, 14

*Biondi v. Beekman Hill House Apartment Corp.*,
  257 A.D.2d 76, 692 N.Y.S.2d 304 (1st Dep't 1999), *aff'd*, 94 N.Y.2d 659 (2000) .............9

*Brasseur v. Speranza*,
  21 A.D.3d 297, 800 N.Y.S.2d 669 (1st Dep't 2005)...........................................16

*Bronxville Knolls, Inc. v. Webster Town Center Partnership*,
  221 A.D.2d 248, 634 N.Y.S.2d 62 (1st Dep't 1995)............................................9

*Ciafone v. Queens Center for Rehabilitation & Residential Healthcare*,
  126 A.D.3d 662, 5 N.Y.S.3d 462 (2d Dep't 2015).............................................10

*Dewey v. Hillcrest General Hospital*,
  201 A.D.2d 609, 607 N.Y.S.2d 967 (2d Dep't 1994)....................................10, 11

*Diamond v. McDonald*,
  41 Misc. 3d 1235(A), 983 N.Y.S.2d 202, 2013 N.Y. Slip Op. 51988(U) (Sup. Ct.
  N.Y. Cty. 2013)...............................................................................................12

*In re Estate of Hunter*,
  4 N.Y.3d 260, 794 N.Y.S.2d 286 (2005) ....................................................19, 21

*Estate of Jervis v. Teachers Insurance & Annuity Association*,
  279 A.D.2d 367, 720 N.Y.S.2d 21 (1st Dep't 2001)..........................................13

*Fesseha v. TD Waterhouse Investor Services, Inc.*,
  193 Misc. 2d 253, 747 N.Y.S.2d 676 (Sup. Ct. N.Y. Cty. 2002) .................18, 19

ii

*Fifty CPW Tenants Corp. v. Epstein,*
  16 A.D.3d 292, 792 N.Y.S.2d 58 (1st Dep't 2005) ....................................................19, 20

*Genger v. Genger,*
  144 A.D.3d 581, 41 N.Y.S.3d 414 (1st Dep't 2016) ................................................8, 21, 22

*Genger v. Genger,*
  38 Misc. 3d 1213(A), 2013 WL 221485 (Sup. Ct. N.Y. Cty. Jan. 3, 2013) ......................5

*Genger v. Genger,*
  No. 651089/2010, 2015 N.Y. Slip Op. 30008(U) (Sup. Ct. N.Y. Cty. Jan. 7, 2015) .........4

*Genger v. TR Investors, LLC,*
  C.A. No. 6906-CS (Del. Ch. Ct.) ........................................................................................6

*Greenway Medical Supply Corp. v. American Transit Insurance Co.,*
  58 Misc. 3d 147(A) (N.Y. App. Term. 2018) ...................................................................20

*Grika v. McGraw,*
  55 Misc. 3d 1207(A), 57 N.Y.S.2d, N.Y. Slip Op. 51878(U) (Sup. Ct. N.Y. Cty.
  2016) .................................................................................................................................17

*Gropper v. 200 Fifth Owner LLC,*
  151 A.D.3d 635, 58 N.Y.S.2d 42 (1st Dep't 2017) ....................................................19, 21

*Insurance Co. of State of Pennsylvania v. HSBC Bank USA,*
  10 N.Y.3d 32, 852 N.Y.S.2d 812 (2008) ..........................................................................20

*Kaleidakolor, Inc. v. Edward N. Hoffman Advertising Corp.,*
  No. 25577/91, 1995 WL 17961040 (Sup. Ct. N.Y. Cty. May 8, 1995)............................11

*Kaufman v. Cohen,*
  307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003) ................................................14, 16

*Landau, P.C.  v. LaRossa, Mitchell & Ross,*
  11 N.Y.3d 8, 862 N.Y.S.2d 316 (2008) ............................................................................19

*Lesavoy v. Lane,*
  304 F. Supp. 2d 520 (S.D.N.Y. 2004), *aff'd in relevant part*, 170 Fed. App'x. 721
  (2d Cir. 2006)...............................................................................................................15, 16

*MBI International Holdings Inc. v. Barclays Bank PLC,*
  151 A.D.3d 108, 57 N.Y.S.3d 119 (1st Dep't 2017) ........................................................12

*McDonald v. Ames Supply Co.,*
  22 N.Y.2d 111, 291 N.Y.S.2d 328 (1968) ........................................................................11

*O'Brien v. City of Syracuse,*
  54 N.Y.2d 353, 445 N.Y.S.2d 687 (1981) ........................................................................19

*Ross v. Lan Chile Airlines,*
  14 A.D.3d 602, 789 N.Y.S.2d 77 (2d Dep't 2005) ...........................................................11

*Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.,*
  250 N.Y. 304 (1929) .........................................................................................................20

*Singh v. PGA Tour, Inc.,*
  42 Misc. 3d 1225(A), 992 N.Y.S.2d 161, 2014 N.Y. Slip Op. 50191(U) (Sup. Ct.
  N.Y. Cty 2014) ..................................................................................................................16

*Stuyvesant Fuel Service Corp. v. 99-105 3rd Avenue Realty LLC,*
  192 Misc. 2d 104, 745 N.Y.S.2d 680 (N.Y. Civ. Ct. 2002) .............................................10

*Syncora Guarantee Inc. v. J.P. Morgan Securities LLC,*
  110 A.D.3d 87, 970 N.Y.S.2d 526 (1st Dep't 2013) ........................................................23

*In re Thomas,*
  28 Misc. 3d 300, 901 N.Y.S.2d 493 (Sur. Ct. Broome Cty. 2010) ..................................12

*Torrenzano Group, LLC v. Burnham,*
  26 A.D.3d 242 (1st Dep't 2006) .......................................................................................18

*TR Investors, LLC v. Genger,*
  C.A. No. 3994-VCS, 2010 WL 2901704 (Del. Ch. July 23, 2010) ....................................4

*White Plains Coat & Apron Co. v. Cintas Corp.,*
  8 N.Y.3d 422, 835 N.Y.S.2d 530 (2007) .........................................................................17

*Whitney v. Whitney,*
  57 N.Y.2d 731, 454 N.Y.S.2d 977 (1982) .......................................................................23

*Zanett Lombardier, Ltd. v. Maslow,*
  29 A.D.3d 495, 815 N.Y.S.2d 547 (1st Dep't 2006) ..........................................................9

## STATUTES AND RULES

N.Y. Surr. Ct. Proc. Act 301(a) ...................................................................................1, 12

N.Y. Surr. Ct. Proc. Act 307(5) .........................................................................................10

N.Y. C.P.L.R. 213 ................................................................................................................9

N.Y. C.P.L.R. 213(3) ..........................................................................................................12

N.Y. C.P.L.R. 214 ................................................................................................................9

N.Y. C.P.L.R. 214(4) ...................................................................................................12

N.Y. C.P.L.R. 311 ...................................................................................................1, 11

N.Y. C.P.L.R. 311-a ...............................................................................................1, 10

N.Y. C.P.L.R. 320(b) ....................................................................................................1

N.Y. C.P.L.R. 2201 ......................................................................................................22

N.Y. C.P.L.R. 3016(b) ...................................................................................................9

N.Y. C.P.L.R. 3211(a)(1) ...............................................................................................1

N.Y. C.P.L.R. 3211(a)(3) ...............................................................................................1

N.Y. C.P.L.R. 3211(a)(4) ...........................................................................................1, 23

N.Y. C.P.L.R. 3211(a)(5) .............................................................................................1, 9

N.Y. C.P.L.R. 3211(a)(7) .............................................................................................1, 9

N.Y. C.P.L.R. 3211(a)(8) .........................................................................................1, 9, 10

## OTHER AUTHORITIES

Deborah Kearns, Practice Commentaries, McKinney's SCPA 301, Book 58A (McKinney 2017) ...................................................................................................................12

Respondents Glenclova Investment Co., TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources LLC[1] (collectively the "TR Entities") respectfully submit this memorandum of law in support of their Motion to Dismiss the Petition for Turnover of Trust Property and Other Relief filed on June 14, 2016, by Dalia Genger ("Dalia") as Trustee of the Orly Genger 1993 Trust (the "Petition"), as against the TR Entities, pursuant to CPLR 213, CPLR 214, CPLR 311, CPLR 311-a, CPLR 3016(b), CPLR 3211(a) (1), (3), (4), (5), (7) and (8), and SCPA 301.[2]

## PRELIMINARY STATEMENT

Insofar as the Petition[3] asserts causes of action against the TR Entities it is subject to dismissal pursuant to CPLR 3211 for myriad reasons. *First*, the Petition was never properly served. *See* CPLR. 311, 311-a. *Second*, the applicable three-year statute of limitations to certain claims has not been tolled because Dalia did not serve process on the TR Entities within 120 days after the filing of the Petition. *See* SCPA 301(a). *Third*, the Petition fails to state a claim as to the aiding and abetting breach of fiduciary duty and tortious interference with contract claims because, among other reasons, Dalia has not (and cannot) sufficiently allege necessary elements of each of the claims – including without limitation, that the TR Entities actually knew of and knowingly participated in the alleged breach. *Fourth*, the Petition fails as to the remaining

---

[1]   There is no existing corporation known as Trans-Resources, Inc. It was converted into Trans-Resources LLC in June 2013, and is a limited liability company created under the laws of Delaware, and has its principal offices in Florida. (*See* Affidavit of Mark S. Hirsch in Support of Motion to Dismiss at ¶ 5, cited herein as "Hirsch Aff.").

[2]   Because the TR Entities are objecting to jurisdiction under CPLR 3211(8), their limited appearance by way of this motion is not a waiver of service or a waiver of any challenge to jurisdiction, and is not a formal appearance for all purposes. *See* CPLR 320(b).

[3]   A copy of the Petition is attached as Exhibit A to the Affirmation of John Boyle filed in Support of the TR Entities' Motion to Dismiss submitted herewith. Copies of other documents relied upon in the Petition and other documents that the Court may consider are similarly attached as exhibits to the Boyle Affirmation. The exhibits to the Boyle Affirmation are cited herein as "Boyle Aff., Ex. __".

claims of turnover and money had and received because Dalia has admitted that the TR Entities

have not received and are not holding any money from the Orly Genger 1993 Trust.  And finally,

the claims in the Petition must be dismissed under principles of res judicata because, as admitted

in the Petition, Dalia, as trustee of the Orly Genger 1993 Trust, stipulated to a dismissal with

prejudice of all claims against the TR Entities concerning ownership of any Trans-Resources

shares that also were resolved by the Settlement Agreement, and Dalia could have (and, if she

ever intended to, should have) asserted but failed to assert the claims that underlie her Petition in

a prior proceeding.

Before turning to the allegations (and the insufficiency thereof) in the Petition, the

sage reflections of New York Supreme Court Justice Cooper, who recently presided over a

Genger family dispute, are noteworthy.  In that proceeding, Justice Cooper detailed what has

been called the "Genger family's litigation saga."  Citing his own Westlaw search he observed

that:

> the Genger's lawsuits against each other have resulted in almost 40 reported
> decisions from the New York State Supreme Court and the Federal District Court
> for the Southern District of New York.  Of the state court decisions, at least 10
> have been from the Appellate Division, First Department.  There has also been
> extensive litigation in the Delaware state courts, as well as counties; unpublished
> decisions and orders from trial judges in the matrimonial and IAS parts of this
> court.

*Genger v. Genger*, No. 302436/2002, Decision and Order at 2 (Sup. Ct. N.Y. County June 3,

2016) (A copy of Justice Cooper decision is attached as Ex. B to the Boyle Aff.).  Justice Cooper

further noted that the "bitter and seemingly endless battle" pits the mother Dalia and the son Sagi

against the father Arie and the daughter Orly, and that the family has "employed a small army of

lawyers to fight over the pieces of the family pie and, it seems, to make each other's lives as

miserable as possible."  (Boyle Aff., Ex. B at 3 (quoting *Genger v. Genger*, 76 F. Supp. 3d 488,

491 (S.D.N.Y. 2015), *aff'd*, 663 F. App'x 44 (2d Cir. 2016)).

2

In this regard, Justice Cooper rightly commented that the Genger cases seem to be more about "a dysfunctional family where each member is intent on inflicting as much pain as possible on his or her ex-spouse, parent, child or sibling," than about the merits of any claim. (Boyle Aff., Ex. B at 3-4). Recognizing that it is the Genger's right to make each other "as miserable as they want," the Genger's use of the New York Court's as their weapon of choice has consequences beyond the Genger family:

> Litigation like the type the Genger family members have engaged in over the last decade – litigation that knows no bounds and is brought to inflict punishment on former loved-ones as much as it is to resolve actual claims – demands a disproportionate share of already limited judicial resources. The result is that litigants who lack the resources to command a "small army of lawyers," but often have claims equally or more pressing than the Genger's, find themselves receiving less time and attention from the courts than theft cases deserve.

(Boyle Aff., Ex. B at 4). Justice Cooper provided some advice for future adjudicators who may find themselves tasked with the Genger litigation onslaught:

> . . . the time for the Gengers continuing to occupy center stage in the New York court system must also end. Recently, our new Chief Judge, Janet DiFiore, unveiled an initiative to curb what she described as "troublesome" inefficiencies in court operations. In an address to the court system's administrative judges, she stated that she wanted to "make certain that we are putting our resources to our highest and best uses" (New York Law Journal, March, 31, 2016 at 1, col 3). It seems obvious that continuing to give the Gengers the exorbitant amount of court time that they demand is not putting our resources to their "highest and best uses." . . . it is this judge's hope that the parties and their children might take a step back and reflect on how destructive this path of constant litigation is, not only to them, but to the courts and the other litigants who truly need our services. If they are unable to do so, it may be incumbent on judges and court administrators to devise a method to curb what is becoming perilously close to an abuse of the judicial system.

(Boyle Aff., Ex. B at 11).

To the extent that the Genger family feud continues (as in this proceeding) to improperly and without any merit haul innocent third-parties, such as the TR Entities, into their litigation blitz, this practice must come to an end. As Chief Justice Strine of the Delaware

3

Supreme Court (then-Vice-Chancellor of the Delaware Chancery Court) found: "the Genger family's internecine feud . . . is not the [TR Entities'] problem . . . ." *TR Investors LLC v. Genger*, C.A. 3994-VCS, 2010 WL 2901704, at *18 (Del. Ch. July 23, 2010). As described below, the claims asserted against the TR Entities in the Petition are without any merit and/or were settled or dismissed by the voluntary actions of Dalia (as trustee of the Trust) and Orly (individually and in her capacity under the Trust) many years ago. As Justice Jaffe has noted, the "economic consequence" arising out of the transfers of the Trans-Resources shares that underlie the claims alleged in this Petition are the result "of the bitter feud among the members of the Genger family, which should not be borne by [the TR Entities] . . . ." *Genger v. Genger*, No. 651089/2010, 2015 N.Y. Slip Op. 30008(U), at *12 (Sup. Ct. N.Y. County Jan. 7, 2015). Justice Jaffe further noted that the court should not extend any equity to "needlessly prolong this litigation, especially where the [TR Entities] . . . [are] essentially an outside bystander caught up in the contentious family feud." *Id.* at *14. These pointed admonitions should be heeded and, insofar as the Petition attempts to again drag the TR Entities back into the Genger family's courtroom combat, the Petition should be dismissed.

## RELEVANT FACTUAL BACKGROUND

This proceeding is purportedly brought on behalf of the Orly Genger 1993 Trust (the "Trust") by Dalia Genger (Orly's mother) as trustee. Dalia filed her Petition on June 14, 2016. She commenced this new proceeding despite that, at least since June 22, 2009, Orly has sought in this Court to remove Dalia as trustee. On June 21, 2017, this Court denied Dalia's motion to dismiss Orly's petition to have her removed, noting that Orly's allegations "raise significant issues about whether Dalia's efforts as trustee have been calculated to benefit herself and others at the expense of the Orly Trust in violation of her fiduciary duty and whether she

4

poses an ongoing threat to the assets of the Orly Trust." *In re Orly Genger*, No. 2008-0017/B, Decision at 12, dated June 21, 2017 (A copy is attached as Ex. C to the Boyle Aff.).

While that proceeding has been pending, the TR Entities have been subjected to several litigations with the Genger family over who is or was the legal and beneficial owner of certain shares of Trans-Resources, Inc., a fertilizer and specialty chemicals company. Ultimately, following several trips to and dispositive rulings and orders entered by the Delaware Chancery Court, the Delaware Supreme Court, the New York Supreme Court, the Appellate Division, First Department and the United States District Court for the Southern District of New York, and stipulations, settlements, and voluntary dismissals entered into with and/or by various persons, it has been conclusively determined that the TR Entities are the sole and only lawful and beneficial owners of all Trans-Resources shares. Discussed below are some of the proceedings, rulings, and other resolutions that are relevant to the Petition.

The New York Action

In July 2010, Arie Genger and others, including his daughter Orly, commenced an action against the TR Entities and others. *See Genger v. Genger*, 38 Misc. 3d 1213(A), 2013 WL 221485, at *3 (Sup. Ct. N.Y. County Jan. 3, 2013). In that action, Orly, acting individually and on behalf of the Trust, asserted a variety of causes of action against the TR Entities, Dalia (her mother and the putative trustee of the Trust), and others. *See id* at *1. The TR Entities, Dalia and others not relevant here moved to dismiss the complaint. In a Decision and Order dated January 3, 2013, the court granted Dalia's motion to dismiss in all respects, and granted in part and denied in part the TR Entities' motion to dismiss. *See id* at *20-*21. On July 1, 2013, the court "so ordered" and entered a Stipulation of Discontinuance with Prejudice that, among other things, dismissed all claims against the TR Entities brought by Orly, both individually and as beneficiary of the Trust (the "NY Dismissal with Prejudice"). (Boyle Aff., Ex. D).

Prior to entry of that order, on June 16, 2013, the AG Group, consisting of Arie Genger, Arnold and David Broser, and Orly (individually and as beneficiary of the Trust), and the TR Entities entered into a settlement agreement (the "Settlement Agreement") that settled all claims between and among the TR Entities and the AG Group. (*See* Boyle Aff., Ex. E; *see also* Ex. A [Petition] at ¶¶ 14-16)). It was in reliance upon the prior determination of the court that Orly, as beneficiary, was authorized to act on behalf of the Trust, that the TR Entities, Orly (both individually and as beneficiary of the Trust), and the other parties entered into the Settlement Agreement and into the NY Dismissal with Prejudice. Indeed, the NY Dismissal with Prejudice was "so ordered" by the court and expressly notes that Orly was acting "individually and as beneficiary of" the Trust. (Boyle Aff., Ex. E at 1). Moreover, Dalia acknowledges that, pursuant to court rulings, Orly had legal standing to represent the Trust. (*See* Boyle Aff., Ex. A [Petition] at ¶¶ 9-11).

The Settlement Agreement between the TR Entities and the AG Group provides that the AG group will receive up to $35 million, less amounts already held in escrow and subject to setoff, (the "Settlement Proceeds"), in return for a full release of claims against the TR Entities, including a general release by Orly, both as an individual and as beneficiary of the Trust, and a declaration that the TR Entities own "all right, title and interest (beneficially, of record, and otherwise)" to any Trans-Resources shares. (*See* Boyle Aff., Ex. E at ¶¶ 2-4).

The Delaware Action

On October 4, 2011, Dalia, as trustee of the Trust, filed an action in the Delaware Court of Chancery against the TR Entities and others seeking a determination as to the beneficial ownership of the so-called Orly Trust Shares – i.e., the Trans-Resources shares that the Trust claimed to beneficially own. *See Genger v. TR Investors, LLC*, C.A. No. 6906-CS (Del. Ch. Ct.). On August 30, 2013, after the NY Dismissal with Prejudice was entered, Dalia, as trustee of the

Trust, agreed to entry of a Stipulation and Proposed Order of Dismissal (the "Delaware

Dismissal"), which ordered that the TR Entities were the record and beneficial owners of the

Trans-Resources shares. (*See* Boyle Aff., Ex. F at ¶ 2 ("[The TR Entities] owns, for all purposes,

all right, title and interest (beneficially, of record and otherwise) to all authorized and issued

shares of Trans-Resources)). The Delaware Dismissal also dismissed with prejudice all of

Dalia's claims against the TR Entities. (*See* Boyle Aff., Ex. F at ¶ 4 ("The claims brought on

behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the [TR Entities]

are dismissed with prejudice . . . ."). Before agreeing to dismiss all of the Trust's claims with

prejudice, however, Dalia made clear to the Delaware court that she was aware of the Settlement

Agreement, and that the TR Entities were willing to produce it to her (should the court direct

them to do so) to pursue claims. (*See* Boyle Aff., Ex. G). Rather than pursue those claims,

however, Dalia decided to stipulate to the Delaware Dismissal (based upon Orly's wishes) and to

dismiss her clams with prejudice without even reviewing the Settlement Agreement.

   And so, through both actions – the New York Action and the Delaware Action –

the Trust had two opportunities to bring any and all claims that it could against the TR Entities.

Nevertheless, the Trust – through both its primary beneficiary (Orly in the New York Action)

and its trustee (Dalia in the Delaware Action) – dismissed all claims with prejudice rather than

litigating.

Dalia's Efforts to Step into Orly's Shoes

   Approximately one year after she stipulated to the Delaware Dismissal, and

having previously opted to seek dismissal of the New York claims rather than remain involved in

any capacity in that action, Dalia, as trustee to the Trust, made an about face and moved to

substitute in the New York Action for the purpose of asserting claims on behalf of the Trust

against the TR Entities and others. That motion was held in abeyance pending the outcome, in

7

this Court, of Orly's petition to remove Dalia as trustee. (*See* Boyle Aff., Ex. A at ¶ 26). While

Dalia's motion was pending, the parties in the New York Action then sought to have the court

enter a second order reflecting complete dismissal with prejudice of claims brought by Orly,

which it did on November 25, 2014. (*See* Boyle Aff., Ex. H). Dalia, as trustee of the Trust,

never raised any objection to the entry of that dismissal with prejudice, notwithstanding her

pending motion to substitute in that action for Orly.

Despite failing to raise any objection to the court's entry of that order, Dalia

appealed the dismissal and specifically argued that she should be permitted to pursue the Trust's

claims that the Settlement Proceeds paid under the Settlement Agreement belonged to the Trust.

The First Department denied her appeal and instead held that, because Dalia failed to object to

the dismissal in the first place, she was foreclosed from raising the issues she tried to raise below

– i.e., that the Trust is entitled to the Settlement Proceeds and the very same claims she belatedly

asserts in the Petition. Specifically the First Department ruled that:

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993 Trust (Orly Trust),
> failed to articulate any objection to the court's entry of the November 25, 2014
> order dismissing plaintiff Orly Trust's breach of fiduciary duty and unjust
> enrichment claims against certain defendants, and her claim is not properly before
> this Court . . . In any case, that order did not dismiss any claims; rather, it
> recognized that all claims had previously been dismissed or discontinued by prior
> court orders, dismissed the complaint, and severed other viable third party claims,
> cross claims, and counterclaims unrelated to the Orly Trust.

*Genger v. Genger*, 144 A.D.3d 581, 581, 41 N.Y.S.3d 414, 414-15 (1st Dep't 2016).

## ARGUMENT

### I.    STANDARD OF REVIEW

When a motion to dismiss is asserted under CPLR 3211, the court is not required

to accept factual allegations that are contradicted by documentary evidence or legal conclusions

that are unsupported in the face of undisputed facts.[4]  *See Zanett Lombardier, Ltd. v. Maslow*, 29 A.D.3d 495, 495, 815 N.Y.S.2d 547, 547 (1st Dep't 2006).  For example, dismissal pursuant to CPLR 3211(a)(1) is warranted where the documentary evidence definitively disposes of plaintiff's claim.  *See Bronxville Knolls, Inc. v. Webster Town Ctr.*, 221 A.D.2d 248, 248, 634 N.Y.S.2d 62, 63 (1st Dep't 1995).  Further, where, as here, the claims allege a breach of fiduciary duty, the circumstances constituting the breach must be pleaded in detail.  *See* CPLR 3016(b); *Berardi v. Berardi*, 108 A.D.3d 406, 407, 969 N.Y.S.2d 444, 446 (1st Dep't 2013).  And finally, CPLR 3211(a)(5) provides for dismissal where the cause of action may not be maintained because of collateral estoppel, res judicata, or statute of limitations.  *See* CPLR 3211(a)(5).

Regardless, the Court need not reach the CPLR 3211 arguments since, as established below, the Court lacks jurisdiction over the TR Entities and the claims raised in the Petition are time-barred.  *See* CPLR 3211(a)(8); CPLR 213, 214.

## II.     THE COURT LACKS JURISDICTION OVER THE TR ENTITIES BECAUSE DALIA FAILED TO PROPERLY SERVE THEM

Dismissal of the Petition is required because Dalia has not served the necessary citations on any of the TR Entities.  Although Dalia attempted service on January 5, 2018 – some 570 days after she filed the Petition – Dalia's belated effort was indisputably ineffective and lacked diligence.  On that date, Dalia had the citations delivered to the offices of Creative World Management, Inc. ("CWM") at 400 Park Avenue, New York, NY.  (Hirsch Aff. ¶ 6).  Delivery

---

[4]     In reaching its determination on a motion to dismiss, a court may consider facts that are indisputable and a court may also "consider evidentiary material submitted by a [movant] in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7)."  *Basile v. Wiggs*, 98 A.D.3d 640, 641, 950 N.Y.S.2d 148, 149 (2d Dep't 2012). Where a movant indisputably demonstrates through evidentiary material that an allegation was not a fact at all, a motion to dismiss may be properly granted.  *Id.*  And where allegations consists of bare legal conclusions and inherently incredible factual claims or claims contradicted by documentary evidence they are not presumed to be true.  *See Biondi v. Beekman Hill House Apartment Corp.*, 257 A.D.2d 76, 81, 692 N.Y.S.2d 304, 308 (1st Dep't 1999) (where court considers extrinsic evidence on CPLR 3211 motion allegations of the complaint are not deemed true and the motion should be granted where the essential facts have been negated by the evidentiary matter), *aff'd*, 94 N.Y.2d 659 (2000).

merely consisted of the process server leaving the citations with an administrative assistant. (Hirsch Aff. ¶ 7). The citations were not personally delivered to any member, officer, or authorized agent of any of the TR Entities. Under the CPLR, such service, even if it had been timely made (which it was not), was improper and does not confer jurisdiction over any of the TR Entities.[5]  Therefore dismissal under CPLR 3211(a)(8) is warranted.

       *First*, none of the TR Entities maintain an office at CWM, or anywhere else in New York State. (Hirsch Aff. ¶ 3). And, *second,* four of the five TR Entities are limited liability companies.[6]  Service on a limited liability company is only effective if personally delivered to a member, manager, or other agent authorized to receive process. *See* CPLR 311-a. The administrative assistant with whom service was left has none of those roles, is not an employee of any of the TR Entities, and does not even work in an office maintained by the TR Entities. (Hirsch Aff. ¶¶ 6-7). Attempted service of these citations by delivery to an administrative assistant in these circumstances is improper. *See, e.g., Ciafone v. Queens Ctr. for Rehab. & Residential Healthcare*, 126 A.D.3d 662, 663-64, 5 N.Y.S.3d 462, 464 (2d Dep't 2015) (dismissing action against LLC holding that delivery of process to someone other than person authorized under CPLR 311-a is insufficient); *Stuyvesant Fuel Service Corp. v. 99-105 3rd Ave. Realty LLC*, 192 Misc. 2d 104, 106, 745 N.Y.S.2d 680, 681 (N.Y. Civ. Ct. 2002) (dismissing claims against LLC because service on receptionist was improper); *see also Dewey v. Hillcrest Gen. Hosp.*, 201 A.D.2d 609, 609–10, 607 N.Y.S.2d 967, 968 (2d Dep't 1994) (because process

---

[5]    Under SCPA 307(5) service of process upon a corporation or a limited liability company is governed by CPLR 311 and 311-a.

[6]    TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, and Trans Resources, LLC are all limited liability companies.  (Hirsch Aff. ¶ 4).

was neither delivered to defendant's place of business nor to one of its employees, service was improper).[7]

Service was also ineffective as to Glenclova Investment Co., a Cayman Islands company, and the only non-LLC among the TR Entities. Again the CPLR provides the rule: service upon a corporation is effective only if it is personally served upon an officer, director, managing agent or some other agent authorized to receive service. *See* CPLR 311. As noted above, the administrative assistant with whom such service was left has no such role, is not a Glenclova employee, and was not even working in an office maintained by Glenclova. (*See* Hirsch Aff. ¶¶ 6-7). As a consequence, service upon her was improper. *See McDonald v. Ames Supply Co.*, 22 N.Y.2d 111, 114-16, 291 N.Y.S.2d 328, 331 (1968) (delivery to building receptionist who was not corporation's employee insufficient under CPLR 311 even though receptionist later re-delivered process to a proper person); *Dewey*, 201 A.D.2d at 609-10, 607 N.Y.S.2d at 968 (delivery of process to executive secretary, even where secretary agreed to accept service on behalf of defendant, was ineffective under CPLR 311 where secretary was not employee of defendant and had never been authorized to accept service on behalf of defendant); *Kaleidakolor, Inc. v. Edward N. Hoffman Advert. Corp.*, No. 25577/91, 1995 WL 17961040, at *1 (Sup. Ct. N.Y. County May 8, 1995) (service invalid on employee at office where employee was not authorized to accept service, was not employed by defendant, and office was not office of defendant).

---

[7]     Moreover, although the Petition and citation purport to identify Trans-Resources, Inc. as a respondent, Trans-Resources, Inc. was not a party to the Settlement Agreement at issue. (*See* Boyle Aff., Ex. E). Rather, the proper party is Trans-Resources LLC, a Delaware limited liability company. (Hirsch Aff. ¶ 5). Dalia's failure to properly name and serve Trans-Resources, LLC provides an additional ground for dismissal. *See Ross v. Lan Chile Airlines*, 14 A.D.3d 602, 603-04, 789 N.Y.S.2d 77, 78-79 (2d Dep't 2005) (holding that misnaming of the entity as an "Inc." rather than an "LLC" was "in fact no naming at all").

### III.   DISMISSAL OF THE PETITION IS REQUIRED AND THE CLAIMS AGAINST THE TR ENTITIES ARE NOW TIME-BARRED BECAUSE PROCESS WAS NOT SERVED WITHIN THE TIME PERIOD REQUIRED BY THE SCPA

For a petition to be timely commenced to toll any statute of limitation, the citation must be served on the respondent within 120 days after the date on which the petition was filed. SCPA 301(a).  Dalia filed her Petition on June 14, 2016.  As discussed above, no service was attempted within the statutory 120-day period and no proper service has been made on any of the TR Entities despite the lapse of 570 days from the date of filing.  Accordingly, the Petition must be dismissed.[8]

The practical effect of Dalia's lack of diligence in serving process and her failure to properly serve the TR Entities is that her claims of aiding and abetting breach of fiduciary duty, tortious interference with contract, and turnover are now time-barred.  Dalia's aiding and abetting claim, which seeks money damages, is subject to a three-year statute of limitation. CPLR 214(4); *Diamond v. McDonald*, 41 Misc. 3d 1235(A), 983 N.Y.S.2d 202, 2013 N.Y. Slip Op. 51988(U), at *2 (Sup. Ct. N.Y. County 2013) ("The third cause of action for breach of fiduciary duty and the fourth cause of action for aiding and abetting breach of fiduciary duty are subject to a three year statute of limitations.").  Similarly, because the gravamen of Dalia's tortious interference claim is an alleged economic injury, the same three-year statute of limitations applies.  *See MBI Int'l Holdings Inc. v. Barclays Bank PLC*, 151 A.D.3d 108, 116, 57 N.Y.S.3d 119, 126 (1st Dep't 2017).  And, because Dalia's turnover claim seeks the return of property, it is akin to a conversion claim and is also subject to a three-year limitations period. *See* CPLR 213(3); *In re Thomas*, 28 Misc. 3d 300, 305, 901 N.Y.S.2d 493, 497 (Sur. Ct. Broome

---

[8]   *See* Deborah Kearns, McKinney's SCPA 301, 2017 Practice Commentaries ("If the proceeding is commenced and the citation is served such that the requisite notice is not given, jurisdiction will not be obtained. . . . Where the statute of limitations period has run, a new proceeding must be commenced under SCPA 301(b)").

County 2010). As a consequence, because Dalia's claims accrued, at the latest, on the date of the Settlement Agreement – i.e., on June 16, 2013, more than three years ago – these claims are time-barred.

In addition, as a matter of equity, Dalia's failure to even attempt service within the 120-day period, coupled with an extensive 570 day delay in attempting service and failure to have properly served any of the TR Entities, militates ***against*** granting her any right to file a new petition. *Cf. Estate of Jervis v. Teachers Ins. & Annuity Ass'n*, 279 A.D.2d 367, 368, 720 N.Y.S.2d 21, 22 (1st Dep't 2001) (holding that plaintiff's failure to serve process by deadline and her "unacceptably protracted delay measured from the expiration of the 120-day period" to even attempt service, did not establish either "good cause" or "interest of justice" to extend time for service or to allow plaintiff to avoid the bar of the statute of limitation).

## IV.   DALIA'S AIDING AND ABETTING BREACH OF FIDUCIARY DUTY CLAIM IS INSUFFICIENTLY PLEADED AND WITHOUT MERIT

### A.   Dalia's Claim Fails Because Orly, as Beneficiary, Does Not Owe Any Fiduciary Duties to the Trust

It is axiomatic, that a claim for aiding and abetting a breach of fiduciary duty cannot stand where no fiduciary duty exists. Dalia's claim is premised on allegation that Orly was a fiduciary to the Trust. However, Orly, as a beneficiary under the Trust, does not owe any fiduciary duties to the Trust. *See Behrle v. Behrle*, 150 A.D.3d 656, 657, 53 N.Y.S.3d 697, 698 (2d Dep't 2017). Since Orly owed no fiduciary duties to the Trust, the Court should dismiss any claim that the TR Entities aided and abetted Orly in breaching any non-existent duties.

### B.   Dalia's Claim Fails Because She Fails to Sufficiently Allege Knowing Participation by Any of the TR Entities

To sufficiently allege a claim for aiding and abetting a breach of fiduciary duty, a plaintiff must plead, with particularity, a breach of fiduciary duty, which the defendants

13

knowingly induced or participated in the breach, and damages resulting from the breach. *See Kaufman v. Cohen*, 307 A.D.2d 113, 125, 760 N.Y.S.2d 157, 169 (1st Dep't 2003); *Berardi*, 108 A.D.3d at 407, 969 N.Y.S.2d at 446. A person only "knowingly" participates in a breach of fiduciary duty when he has both knowledge of the breach and when he also provides "substantial assistance" to the breaching party. *Kaufman*, 307 A.D.2d at 126, 760 N.Y.S.2d at 170. Actual knowledge of the fiduciary breach is required and a plaintiff may not rely on conclusory allegations that the defendant knew or should have known about the primary breach of fiduciary duty. *Id.* at 125, 760 N.Y.S.2d at 170; *Berardi*, 108 A.D.3d at 406, 969 N.Y.S.2d at 446 (fiduciary breach held unsustainable because allegations were "vague and conclusory, made without any specific instances of the alleged misconduct"). Further, mere inaction on the part of an alleged aider and abettor, who does not himself directly owe any fiduciary duties, does not constitutes substantial assistance. *Kaufman*, 307 A.D.2d at 126, 760 N.Y.S.2d at 170.

Here, all of Dalia's claims are premised on her allegation that Orly, acting as a "de facto trustee," breached her fiduciary duties to the Trust because she allegedly did not properly turnover any Settlement Proceeds to the Trust, but instead purportedly used them for another purpose.

Plainly, the Petition fails to satisfy the aforementioned pleading requirement. Among other infirmities, it relies, without legal citation, on the imposition of a "de facto" fiduciary status in an attempt to allege the existence of an underlying fiduciary duty that could be breached. This conclusory legal imputation is insufficient to allege that the TR Entities had actual knowledge that Orly owed any fiduciary duty to the Trust.[9] In any event, mere knowledge

---

[9]   To the extent that Dalia is alleging that Orly was a "de facto trustee" of the Trust, and therefore owed fiduciary duties to the Trust, such status also carries with it all the duties and obligations of a trustee. In this regard, the Trust Agreement expressly allows the Trustee to settle or compromise any claims. (Boyle Aff., Ex. I at Art.

*(cont'd)*

14

of a person's fiduciary duty is insufficient as it is not equivalent to actual knowledge of that

person's breach of that duty. *See Lesavoy v. Lane*, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004)

(applying New York law), *aff'd in relevant part*, 170 Fed. App'x. 721 (2d Cir. 2006).

Moreover, nowhere in the Petition is it alleged that the TR Entities had actual

knowledge as to how those Settlement Proceeds were to be applied. As set forth in the

Settlement Agreement, the settlement was to settle all claims with the "AG Group," which

included Arie Genger, Arnold and David Broser, and also Orly in her individual capacity and "as

beneficiary of the Orly Genger 1993 Trust." (Boyle Aff., Ex. E at 1). The Settlement Proceeds

were then paid (or are to be paid) to the law firm acting "as attorneys for the AG Group." (*Id.* at

2, ¶ 2(b)). It is undisputed that nowhere does the Settlement Agreement recite how the

Settlement Proceeds were to be apportioned among the "AG Group" or otherwise disclose any

facts as to how the Settlement Proceeds would be applied. Thus, the Settlement Agreement

makes clear the TR Entities lacked any knowledge about whether Orly, in any capacity, would

receive (or not receive) any Settlement Proceeds. Thus, outside of conclusory allegations, the

Petition is devoid of any detail or facts from which it can be inferred that the TR Entities had

actual knowledge of Orly's alleged breach.[10] Without any such detail, the cause of action must

---

*(cont'd from previous page)*

11.A (7)). Most important, however, the Trust expressly limits the liability for any person who makes a payment to the Trustee. (Boyle Aff. Ex. I at Art. 11.B ("No person or party dealing with the Trustees shall be bound to see the application of any money . . . paid by him or her to the Trustees.")). Similarly, the EPTL provides that no person, such as the TR Entities, who in good faith transfers money to a trustee, is "responsible for the proper application of such money." Thus, to the extent Dalia's relies on a position that Orly is a de facto trustee, there is no merit to any allegation that: (1) she breached any fiduciary duty by entering into the Settlement Agreement; or (2) that somehow the TR Entities aided and abetted any fiduciary breach concerning the application of the Settlement Proceeds. Dalia cannot have it both ways: either Orly is a beneficiary, and therefore there is no underlying breach of fiduciary duty, or Orly is a de facto trustee and therefore the TR Entities are protected against any aiding and abetting claim concerning their good faith payment of the Settlement Proceeds. Dalia has not advanced any allegations (nor could she) that the TR Entities were not acting in good faith when they entered into the Settlement Agreement.

[10]    Where, as here, a claim of a breach of fiduciary duty has been asserted, the sufficiency of any claim falls within the ambit of CPLR 3016(b), which requires that the circumstance constituting the wrong must be pleaded in

*(cont'd)*

be dismissed. *See Kaufman*, 307 A.D.2d at 125 (affirming dismissal of plaintiff's claim for

aiding and abetting breach of fiduciary duty dismissed in absence of evidence that defendant

acted with actual knowledge); *Lesavoy*, 304 F. Supp.2d at 527 (applying NY law in dismissing

an aiding and abetting claim where plaintiff pled no facts as to where, when, or how, fiduciary

advised defendants of facts supporting alleged breach but instead relied on conclusory

allegations).

Similarly, Dalia's (conclusory) allegation that it was the complicity of the TR

Entities by drafting and entering into the Settlement Agreement without which Orly could not

have breached her alleged fiduciary does not demonstrate the requisite "substantial assistance"

for aider and abettor liability. *See Kaufman*, 307 A.D.2d at 126; *Brasseur v. Speranza*, 21

A.D.3d 297, 299, 800 N.Y.S.2d 669, 671 (1st Dep't 2005).

In addition, the Petition nowhere alleges in any credible manner or with the

required level of specificity that there was, in fact, a breach of any duty. Rather, at best, the

Petition can be read to allege that there may have been a breach. Dalia's rank speculation and her

effort to link that speculation and other unsupported inferences to fashion her claim fail to satisfy

the CPLR's pleading requirements. And, where, as here, it is indisputable that the Settlement

Agreement arose out of a negotiation by litigation adversaries to settle their disputes – even

assuming that a breach of duty has been sufficiently alleged (it has not) and that the TR Entities

had actual knowledge of the same (they do not) – the case law routinely rejects the use of such

_(cont'd from previous page)_

detail. *See, e.g., Singh v. PGA Tour, Inc.*, 42 Misc. 3d 1225(A), 992 N.Y.S.2d 161, 2014 N.Y. Slip Op.
50191(U), at *6-*7 (Sup. Ct. N.Y. County 2014) ("Moreover, the First Department has held that a cause of
action for breach of fiduciary duty is subject to the particularized pleading requirement of CPLR 3016(b) . . . .")
(citing *Berardi*, 108 A.D.3d at 407, 969 N.Y.S.2d at 446). No such details have been pleaded. For example, the
Petition does not allege in detail how the Settlement Proceeds were used, who among the AG Group actually
received any of the Settlement Proceeds or how much they received, or how, specifically, the TR Entities
gained actual knowledge of how the Settlement Proceeds were or were not to be used. Indeed, to this day, the
TR Entities are without knowledge of any such information.

16

an arms-length transaction as the Settlement Agreement as grounds for aiding and abetting liability. *See, e.g., In re Bear Stearns Litig.*, 23 Misc.3d 447, 478, 870 N.Y.S.2d 709, 739 (Sup. Ct. N.Y. County 2008) (holding that aiding and abetting claim should be dismissed where record demonstrates arms-length transaction between the parties). Thus, the fact that the TR Entities – an adversary to Orly – entered into the Settlement Agreement and paid the Settlement Proceeds cannot serve as a basis for aiding and abetting liability.[11]

Moreover, as the Petition alleges, in the underlying litigation that gave rise to the Settlement Agreement, the court held that Orly had the right to assert the very claims that she released in the Settlement Agreement. Dalia's admission of this judicial imprimatur provides a further basis for establishing, indisputably, that the TR Entities acted appropriately and did not tortiously aid Orly in any breach by entering into a settlement with her in the very capacities the court had already approved.

## V.   DALIA'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM IS INSUFFICIENTLY PLEADED AND WITHOUT MERIT

### A.   Dalia Has Not Sufficiently Alleged that Any of the Trump Group Entities Knowingly and Improperly Induced a Breach

In order to state a claim for tortious interference with contract the plaintiff must allege the existence of a valid contract with a third party, defendant's knowledge of that contract, defendant's intentional and improper procuring of a breach, and damages. *See White Plains Coat & Apron Co. v. Cintas Corp.*, 8 N.Y.3d 422, 426, 835 N.Y.S.2d 530, 532 (2007).

---

[11]   The Petition also fails on this claim because it does not offer any specific allegations of wrongdoing as to each of the TR Entities and instead impermissibly relies on a general group pleading approach. Such allegations do not comply with the heightened pleading requirements of CPLR 3016(b) for aiding and abetting breach of fiduciary duty claims. *See Grika v. McGraw*, 55 Misc. 3d 1207(A), 57 N.Y.S.2d 675, N.Y. Slip Op. 51878(U), at *15-*16 (Sup. Ct. N.Y. County 2016).

For the same reasons discussed above with regard to the aiding and abetting claim, dismissal is warranted because the Petition does not sufficiently allege that the TR Entities intentionally and improperly procured any breach of contract by Orly. (*See supra* at heading IV). Moreover, for any interference to be tortious, the TR Entities must have acted without justification and their action must not have been incidental to a lawful purpose. *See Alvord & Swift v. Stewart M. Muller Constr. Co.*, 46 N.Y.2d 276, 281-82, 413 N.Y.S.2d 309, 312 (1978); *Torrenzano Group, LLC v. Burnham*, 26 A.D.3d 242, 243 (1st Dep't 2006). As discussed above, the TR Entities as litigation adversaries to Orly, who had lost their motion to dismiss her claims in the trial court, unquestionably were justified and exercising their lawful rights when entering into the Settlement Agreement in June 2013. Their payment of the Settlement Proceeds to the attorney for the AG Group was also the by-product of this lawful and arm's length settlement. Further, and as discussed above, other than the Petition's speculation that the Settlement Proceeds may have been used to pay Orly's creditors, there are no facts alleged to support this incredible claim, none alleged to support a claim that the TR Entities possibly could have known this, yet alone actually did know this, and none alleged to support any claim that the TR Entities have intentionally and improperly assisted in the same.

## VI.    DALIA'S MONEY HAD AND RECEIVED AND TURNOVER CAUSES OF ACTION CANNOT STAND

To sustain a cause of action for money had and received, a plaintiff must allege and establish that the defendant received money belonging to the plaintiff, that the defendant benefitted from the receipt of that money, and that the defendant should not be permitted to retain the money. *See Fesseha v. TD Waterhouse Investor Services, Inc.*, 193 Misc. 2d 253, 260, 747 N.Y.S.2d 676, 683 (Sup. Ct. N.Y. County 2002). This cause of action, along with the "turnover" cause of action, must be dismissed because Dalia has not alleged (and cannot) that the

18

TR Entities ever "received" or "retained" money purportedly belonging to the Trust. *See id.* at 260-61, 747 N.Y.S.2d at 683. In fact, in the Petition, Dalia actually admits that none of the TR Entities received or have in their possession any of the Settlement Proceeds that she is claiming. (*See* Boyle Aff., Ex. 1, at ¶¶ 72-73). This admission forecloses these claims.[12]

## VII.   RES JUDICATA AND COLLATERAL ESTOPPEL BAR DALIA'S CLAIMS

All of Dalia's claims against the TR Entities are subject to dismissal under the principles of res judicata. Under New York law any stipulated discontinuance with prejudice[13] in a prior action bars re-litigation of not only those claims but of all other claims arising out of the same transaction that could have been asserted in a prior proceeding, even if they are now based on different theories or seeking different remedies. *See O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357-58, 445 N.Y.S.2d 687, 689 (1981); *Fifty CPW Tenants Corp. v. Epstein*, 16 A.D.3d 292, 293, 792 N.Y.S.2d 58, 59 (1st Dep't 2005); *see also Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 12-13, 862 N.Y.S.2d 316, 319 (2008) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.") (quotations omitted); *In re Estate of Hunter*, 4 N.Y.3d 260, 269, 794 N.Y.S.2d 286, 291 (2005) (noting the doctrine applies "not only to claims actually litigated but also to claims that could have been raised in the prior litigation"). Thus, "a claim will be barred by the prior adjudication of a

---

[12]   As the Petition notes, $17.3 million of the Settlement Proceeds has already been paid out to the AG Group. *See* Boyle Aff., Ex. A at ¶ 22). The remaining $15 million in Settlement Proceeds is only to be paid subject to the satisfaction of certain conditions, which have not yet occurred, and is also subject to set off. (*See id.* at ¶¶ 22-23; *see also* Boyle Aff., Ex. E at ¶ 3).

[13]   A stipulation of discontinuance with prejudice in an action in another forum has the same res judicata preclusive effect as a judgment on the merits. *See Gropper v. 200 Fifth Owner LLC*, 151 A.D.3d 635, 635, 58 N.Y.S.2d 42, 43 (1st Dep't 2017).

different claim arising out of the same 'factual grouping' even if the claims involve 'materially different elements of proof' and even if the claims 'would call for different measures of liability or different kinds of relief.'" *Fifty CPW Tenants Corp.*, 16 A.D.3d at 293 (citations omitted).

Moreover, "[t]he doctrine of res judicata, or claim preclusion, is designed to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Ins. Co. of State of Pennsylvania v. HSBC Bank USA*, 10 N.Y.3d 32, 38, 852 N.Y.S.2d 812, 815 (2008) (citation omitted). One of the tests for determining what constitutes the same cause of action has been expressed as whether a different judgment in the second action would impair or destroy any rights or interests established in the prior actions. *See Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 250 N.Y. 304, 306-07 (1929); *see also Greenway Med. Supply Corp. v. Am. Transit Ins. Co.*, 58 Misc. 3d 147(A) (N.Y. App. Term. 2018) (affirming res judicata dismissal where "any judgment in favor of plaintiff in the present action would destroy or impair rights or interests established by the judgment in the [prior action]") (*citing Schuylkill Fuel Corp.*, 250 NY at 306-07).

Here, the fundamental gravamen of the Petition concerns the beneficial ownership of the Trans-Resources shares and any concomitant right to monetize that ownership interest, whatever it may have been. But, as described above, the issues of beneficial ownership of all Trans-Resources shares were finally and fully resolved with Orly, both in her individual capacity and in her capacity of beneficiary of the Trust, on June 16, 2013. And then, on August 30, 2013, in the Delaware Dismissal, Dalia in her role as trustee to the Trust and with knowledge of the Settlement Agreement and after voluntarily foregoing an opportunity to review the Settlement Agreement (*see* Boyle Aff., Ex. G), also finally and fully resolved all issues related to the

ownership of the Trans-Resources shares in the Delaware Action. (Boyle Aff., Ex. F). To the extent that Dalia now attempts to enforce the Trust's rights or entitlements as a beneficial owner of the Trans-Resources shares by, among other things, seeking to monetize that interest by taking possession of the Settlement Proceeds, the Delaware Dismissal (with Dalia's consent) bars any such relief.

In fact, Dalia has notably represented to the Supreme Court (in support of a motion on which she prevailed) that the Delaware Action was designed to provide a "**full adjudication**" of issues relating to the Trusts right to the Trans-Resources shares that underlay the Settlement Agreement. (*See* Boyle Aff., Ex. J at __ ("Further, it is important to note that an action is pending in the Delaware Chancery Court to declare that the Orly Trust is the beneficial ownership [stet.] of the TRI, allowing for a full adjudication of beneficial ownership of the TRI shares. *Dalia Genger v. TR Investors, LLC et. al.* (Del. Ch. 6906-CS. filed Oct. 4, 2011)") (emphasis added)).

As there is no dispute that in the Delaware Action Dalia stipulated to a dismissal with prejudice of all claims relating to the ownership of the Trans-Resources shares at a time when she was aware of the Settlement Agreement, and, as such, could have raised any claims relating to that settlement (including those purportedly brought here) in the Delaware Action, she is now precluded from raising them in this proceeding. *See Gropper v. 200 Fifth Owner LLC,* 151 A.D.3d 635, 636, 58 N.Y.S.2d 42, 43 (1st Dep't 2017); *see also In re Hunter,* 4 N.Y.3d at 270-71, 794 N.Y.S.2d at 292 (confirming res judicata bar to claims that were discernible from document filed in prior proceedings).

A separate basis for res judicata as to the Trust arises out of the First Department's decision in *Genger v. Genger,* 144 A.D.3d 581, 41 N.Y.S.3d 414 (1st Dep't 2016). In that

decision, the First Department expressly rejected Dalia's attempt to assert the same claim she is

making in this Petition:  that the Settlement Proceeds belong to the Trust.  (*See* Boyle Aff., Ex. L

at 1 (requesting an order directing the Settlement Proceeds be paid into court because "some or

all of the settlement proceeds" belong to the Trust")).  The First Department did so because it

concluded that "all [Orly Trust] claims had previously been dismissed or discontinued by prior

court orders." *Genger*, 144 A.D.3d at 581, 41 N.Y.S.3d at 415.  Because, as the First

Department correctly noted, those claims were previously "dismissed or discontinued," res

judicata precludes their assertion here.

## VIII.  SHOULD THE COURT NOT DISMISS THE PETITION FOR ANY OF THE ABOVE REASONS IT SHOULD BE STAYED OR DISMISSED

It is undisputed that Dalia's standing to assert these claims derives from her status

as trustee.  At least since June 2009, however, a proceeding brought by Orly to remove Dalia as

trustee has been pending in this Court.  In fact, on June 21, 2017, this Court denied Dalia's

motion to dismiss that proceeding, noting that Orly's allegations "raise significant issues about

whether Dalia's efforts as trustee have been calculated to benefit herself and others at the expense

of the Orly Trust in violation of her fiduciary duty and whether she poses an ongoing threat to

the assets of the Orly Trust." *In re Orly Genger*, No. 2008-0017/B, Decision at 12 (Boyle Aff.,

Ex. C).  Thus, should this proceeding not be dismissed, it should be stayed pending resolution of

the threshold issue of whether Dalia is a proper trustee of the Trust. *See* CPLR 2201.

Moreover, Dalia, in a cross-petition she filed and served many months ago,

asserted identical claims of breach of fiduciary duty and turnover solely against Orly concerning

the Settlement Proceeds and on these very same facts. (*See* Boyle Aff., Ex. K).  A motion to

dismiss that cross-petition filed by Orly (and joined by the guardian *ad litem*) is currently *sub*

*judice* before this Court.  The existence of that proceeding provides yet another reason for the

Court to exercise its discretion to dismiss or stay any proceedings on this Petition.[14]

## CONCLUSION

For the foregoing reasons, the TR Entities respectfully request that this Court dismiss the

Petition and all claims therein as against the TR Entities, and grant the TR Entities such other

relief as may be just and proper.

Dated:  New York, New York  
       February 6, 2018

Respectfully submitted,

SKADDEN, ARPS, SLATE,  
MEAGHER & FLOM LLP

John Boyle  
Four Times Square  
New York, New York 10036  
(212) 735-3000  
john.boyle@skadden.com

*Attorneys for Glenclova Investment Co.,*  
*TR Investors, LLC, New TR Equity I, LLC,*  
*New TR Equity II, LLC, and Trans-Resources*  
*LLC.*

---

[14]   The existence of the already pending action also provides a basis for dismissal under CPLR 3211(a)(4), which allows a party to move for judgment dismissing one or more causes of action asserted against it on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires."  The subject of the two actions need not be identical to invoke CPLR 3211(a)(4); rather, "[t]he critical element is that both suits arise out of the same subject matter or series of alleged wrongs." *Syncora Guarantee Inc. v. J.P. Morgan Sec. LLC*, 110 A.D.3d 87, 96, 970 N.Y.S.2d 526, 533 (1st Dep't 2013).  CPLR 3211(a)(4) "vests a court with broad discretion in considering whether to dismiss an action." *Whitney v. Whitney*, 57 N.Y.2d 731, 732, 454 N.Y.S.2d 977, 977 (1982).

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In The Matter of DALIA GENGER, Trustee of          File No. 2008-0017/E
the ORLY GENGER 1993 TRUST,                   :

                                                                               Hon. Nora S. Anderson

                 Petitioner,          :

           - against -                        :

ORLY GENGER, ARIE GENGER,               :
GLENCLOVA INVESTMENT COMPANY,
TR INVESTORS, LLC, NEW TR EQUITY I,  :
LLC, NEW TR EQUITY II, LLC, TRANS-
RESOURCES, INC., ARNOLD BROSER,      :
DAVID BROSER, JOHN DOES 1-20, and
JANE DOES 1-20,                               :

                Respondents.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK          )
                        ) ss.:
COUNTY OF NEW YORK      )

        Julie M. Thaxton, being duly sworn, deposes and says:

        1.  That deponent is over eighteen years of age, not a party to the action

and is employed by Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square,

New York, NY 10036.

        2.  That on the 6th day of February 2018, deponent served a true copy of

the

- *Notice of Motion,*

- *Affirmation of John Boyle in Support of the TR Entities' Motion to Dismiss the Petition For Turnover of Trust Property and Other Relief with the annexed Exhibits A-L,*

- *Affirmation of Mark S. Hirsch in Support of Motion to Dismiss* and

- ***Memorandum of Law in Support of the TR Entities' Motion to Dismiss the Petition for Turnover of Trust Property and Other Relief Filed on June 14, 2016, by Dalia Genger as Trustee of the Orly Genger 1993 Trust***

by Federal Express, overnight delivery upon:

Judith Lisa Bachman, Esq.
254 S. Main Street, Suite 306
New City, New York 10956

Kelley Drye & Warren LLP
John Dellaportas
101 Park Avenue
New York, NY 10178

Kasowitz Benson Torres LLP
Michael Paul Bowen
1633 Broadway
New York, NY 10019

Steven Riker, Esq.
One Grand Central Place, 46th Floor
New York, NY 10165

Julie M. Thaxton
Julie M. Thaxton

Sworn to before me this
6th day of February 2018.

Matthew Koenig
Notary Public, State of New York
Reg. No. 01KO6211943
Qualified in New York County
Commission Expires Sept. 23, 2021

2

File No. 2008-0017/E

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

In the Matter of DALIA GENGER, trustee of the ORLY GENGER 1993
TRUST,

Petitioner,

-against-

ORLY GENGER, ARIE GENGER, GLENCLOVA INVESTMENT
COMPANY, TR INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW TR
EQUITY II, LLC, TRANS-RESOURCES, INC., ARNOLD BROSER, DAVID
BROSER, JOHN DOES 1-20, and JANE DOES 1-20,

Respondents.

**MEMORANDUM OF LAW IN SUPPORT OF THE TR ENTITIES'
MOTION TO DISMISS THE PETITION FOR TURNOVER OF TRUST
PROPERTY AND OTHER RELIEF FILED ON JUNE 14, 2016, BY DALIA
GENGER AS TRUSTEE OF THE ORLY GENGER 1993 TRUST**

Skadden, Arps, Slate, Meagher & Flom LLP

ATTORNEYS FOR GLENCLOVA INVESTMENT CO., TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, and TRANS-RESOURCES LLC.

FOUR TIMES SQUARE
NEW YORK, NEW YORK 10036
(212) 735-3000

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In The Matter of DALIA GENGER, Trustee of File No. 2008-0017/E
the ORLY GENGER 1993 TRUST, :

             Hon. Nora S. Anderson

       Petitioner, :


  - against -     :


ORLY GENGER, ARIE GENGER, :
GLENCLOVA INVESTMENT COMPANY,
TR INVESTORS, LLC, NEW TR EQUITY I, :
LLC, NEW TR EQUITY II, LLC, TRANS-
RESOURCES, INC., ARNOLD BROSER, :
DAVID BROSER, JOHN DOES 1-20, and
JANE DOES 1-20, :

      Respondents. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


STATE OF NEW YORK  )
          ) ss.:
COUNTY OF NEW YORK )

    Julie M. Thaxton, being duly sworn, deposes and says:

    1.  That deponent is over eighteen years of age, not a party to the action

and is employed by Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square,

New York, NY 10036.

    2.  That on the 6th day of February 2018, deponent served a true copy of

the

- *Notice of Motion,*

- *Affirmation of John Boyle in Support of the TR Entities' Motion to Dismiss the Petition For Turnover of Trust Property and Other Relief with the annexed Exhibits A-L,*

- *Affirmation of Mark S. Hirsch in Support of Motion to Dismiss and*

- ***Memorandum of Law in Support of the TR Entities' Motion to Dismiss the Petition for Turnover of Trust Property and Other Relief Filed on June 14, 2016, by Dalia Genger as Trustee of the Orly Genger 1993 Trust***

by Federal Express, overnight delivery upon:

> Arnold Broser
> 5371 Fisher Island Drive
> Miami Beach, FL 33109
>
> Arie Genger
> 17001 Collins Avenue
> Sunny Isles Beach, FL  33160

Julie M. Thaxton
_____
Julie M. Thaxton

Sworn to before me this
6th day of February 2018.

Matthew Koenig
Notary Public, State of New York
Reg. No. 01KO6211943
Qualified in New York County
Commission Expires Sept. 23, 2021

2