SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition of Dalia Genger, as Trustee of the Orly Genger 1993 Trust, Created by Trust Agreement Dated December 13, 1993 between ARIE GENGER, as Grantor, and LAWRENCE M. SMALL and SASH A. SPENCER, as Trustees, to Turnover Property to the Orly Genger 1993 Trust. | File No.:   2008-0017/E<br><br>Surrogate Nora S. Anderson |

Dalia Genger, Trustee of the Orly Genger 1993 Trust,

   Petitioner,

-against-

Orly Genger, et al.,

   Respondents.

## REPLY AFFIRMATION IN FURTHER SUPPORT OF RESPONDENTS ARNOLD BROSER AND DAVID BROSER'S MOTION TO DISMISS DALIA GENGER'S 2016 PETITION

Mitchell D. Goldberg, an attorney duly admitted to practice law in the State of New York, hereby affirms under penalty of perjury pursuant to CPLR 2106 as follows:

1. I am a member of the bar of the Sate of New York and of counsel to The Freyberg Law Group, counsel for Respondents Arnold Broser and David Broser (collectively, the "Brosers") in the above titled turnover action (the "Turnover Action").

2. This Affirmation is brought in further support of the Brosers' motion to dismiss with prejudice the Turnover Action as against the Brosers pursuant to SCPA Section 102 and CPLR 3211(a)(4), (5), (7) and (8) (the "Broser Motion").

3. The Broser Motion was one of four (4) separate motions made by Respondents in the Turnover Action. The attorneys for Orly Genger, Arie Genger and the "Trump Group"

(Respondents Glencova Investment Company, TR Investors, LLC, New TR Equity 1, LLC, New TR Equity II, LLC and Trans-Resources, Inc.) all filed motions to dismiss the Turnover Action.

4. In response to the motions the attorneys for Dalia Genger served a Notice of Cross-Motion (the "Notice of Cross-Motion") dated February 20, 2018, an Affirmation of Judith Bachman dated February 20, 2018 (the "Bachman Affirmation") and a Memorandum Of Law dated February 20, 2018 (the "Memorandum of Law").

5. Neither the Notice of Cross-Motion, the Bachman Affirmation nor the Memorandum of Law articulates which of the 4 pending motions the cross-motion and opposition papers is intended to address. There is not a single reference to the Broser Motion in the Notice of Cross-Motion, Bachman Affirmation and Memorandum of Law so it is the position of the Brosers that the Broser Motion remains unopposed.

6. The Notice of Cross-Motion ambiguously seeks, *inter alia*, "an extension of time to serve process and/or permission to make substituted service (or nunc pro tunc) and file an affidavit of service". It does not indicate which Respondents from whom Dalia Genger is seeking such relief and, moreover, refers to a single affidavit of service, thus implying relief against one unidentified Respondent.

7. The Bachman Affirmation states that it is "in Opposition to the motion to dismiss" (referring to a singular motion) even though four separate motions to dismiss are pending before this Court in connection with the Turnover Proceeding. Further, the Bachman Affirmation makes reference to service of the Citation on the "Trump Group" (see, Par. 17) and "Orly" (see, Par. 18) but makes no reference to service on the Brosers.

8. In reviewing the Memorandum of Law I acknowledge the reference to "opposing the respondents respective motions to dismiss" in the Preliminary Statement but on page 9 of the Memorandum of Law appears to shed light on "respondents respective motions" by stating that "respondents Orly and TR, respectively, moved to dismiss the Turnover Proceeding on the

grounds, inter alia, of delay and deficiencies in service, and other relief"; there is no mention of the Broser Motion and the Memorandum of Law, like the Bachman Affirmation, only addresses service on Orly and the Trump Group with no mention of the Brosers. For these reasons, the Brosers take the position that the Notice of Cross-Motion and opposition served by Dalia does not oppose the Broser Motion.

9. Upon receipt of the Notice of Cross-Motion I immediately contacted Dalia Genger's attorney, Judith Bachman, Esq. and exchanged emails on the issue, A copy of the email exchange is attached hereto as Exhibit "1". Ms. Bachman's only response was that the cross-motion and opposition was intended to address the "Respondents' respective motions" despite the fact that the cross-motion and opposition clearly does not indicate any express or implied opposition to the Broser Motion. and Ms. Bachman has not served a corrected set of papers.

10. For the reasons set forth in this Affirmation the Brosers seek dismissal of the Turnover Action as against the Brosers.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on February 26, 2018.

_____
Mitchell D. Goldberg, Esq.

**Mitchell D. Goldberg**

**Subject:** FW: Dalia Genger, et al. v. Orly Genger, et al.

**From:** Judith Bachman [mailto:judith@thebachmanlawfirm.com]
**Sent:** Wednesday, February 21, 2018 11:19 AM
**To:** Mitchell D. Goldberg
**Cc:** Mark Freyberg
**Subject:** Re: Dalia Genger, et al. v. Orly Genger, et al.

I will not further debate this with you. I have told you that the opposition and cross-motion are for all respondents. Proceed accordingly.



THE BACHMAN
LAW FIRM

**Judith Bachman, Esq.**
*Trusted Legal Counsel for You and Your Business*

**P:** 845.639.3210   **C:** 845.300.1595
Judith@thebachmanlawfirm.com
thebachmanlawfirm.com

254 S. Main Street  |  Suite 306  |  New City, NY 10956


On Wed, Feb 21, 2018 at 11:12 AM, Mitchell D. Goldberg <mgoldberg@freyberglaw.com> wrote:

The cross-motion ambiguously seeks, *inter alia*, "an extension of time to serve process and/or permission to make substituted service (or nunc pro tunc) and file an affidavit of service". It does not indicate which Respondents from whom you are seeking such relief and, moreover, refers to a single affidavit of service, thus implying relief against one unidentified respondent. Your Affirmation states that it is "in Opposition to the motion to dismiss" (referring to a singular motion) even though it is my understanding that four separate motions to dismiss are pending. Further, your Affirmation makes reference to service of the Citation on the "Trump Group" (Par. 17) and "Orly" (Par. 18) but no reference to service on the Brosers.

In reviewing the Memorandum of Law I acknowledge the reference to "opposing the respondents respective motions to dismiss" in the Preliminary Statement but on page 9 you shed light on "respondents respective motions" by stating that "respondents Orly and TR, respectively, moved to dismiss the Turnover Proceeding on the grounds, inter alia, of delay and deficiencies in service, and other relief"; there is no mention of the motion to dismiss filed by on behalf of the Brosers and the Memorandum of Law, like your Affirmation, only addresses service on Orly and the Trump Group with no mention of the Brosers. For these reasons, we take the position that the cross-motion and opposition served by Dalia does not oppose the relief sought by the Brosers in their pending motion to dismiss. MDG

Mitchell D. Goldberg, Esq.

The Freyberg Law Group

950 Third Avenue

32nd Floor

New York, NY 10022

212.754.9200 Main

212.983.1221 Direct

212.812.3263 Fax

www.freyberglaw.com

**From:** Judith Bachman [mailto:judith@thebachmanlawfirm.com]
**Sent:** Wednesday, February 21, 2018 10:29 AM
**To:** Mitchell D. Goldberg
**Cc:** Mark Freyberg
**Subject:** Re: Dalia Genger, et al. v. Orly Genger, et al.

Mr. Goldberg,

The cross-motion is directed to all parties and the opposition to the motions to dismiss includes your clients. As the preliminary statement in the memorandum of law states:

Petitioner Dalia Genger ("Dalia" or "Petitioner"), trustee of the Orly Genger 1993 Trust ("Orly Trust"), opposes the respondents' respective motions to dismiss Dalia's turnover proceeding ("Turnover Proceeding") because Dalia must be allowed to protect the Orly Trust and the proceeding is timely, the citation was properly served, and the claims are well pled.

Your clients are respondents and are therefore included. You should proceed accordingly.

Since you advanced no separate grounds for your motion to dismiss (you only filed a "me too" affirmation) no further argument was necessary beyond those raised in the other motions.

Very truly yours,

**B**
THE BACHMAN
LAW FIRM

**Judith Bachman, Esq.**

2

*Trusted Legal Counsel for You and Your Business*

**P:** 845.639.3210  **C:** 845.300.1595

Judith@thebachmanlawfirm.com

thebachmanlawfirm.com

254 S. Main Street | Suite 306 | New City, NY 10956

On Wed, Feb 21, 2018 at 9:28 AM, Mitchell D. Goldberg <mgoldberg@freyberglaw.com> wrote:

Judith,

As you know from my email below this office represents Arnold Broser and David Broser (collectively, the "Brosers"). This office made a special appearance in the Turnover Proceeding you sought to commence on behalf of Dalia Genger and moved to dismiss the Turnover Proceeding as against the Brosers. Yesterday we received a Notice of Cross-Motion along with your Affirmation and Memorandum of Law in opposition to Respondents Orly Genger and the "TR" parties respective motions to dismiss. Since your cross-motion and opposition papers do not address the motion to dismiss served on behalf of the Brosers I will assume that your office will not be opposing our motion.

Mitchell D. Goldberg, Esq.

The Freyberg Law Group

950 Third Avenue

32nd Floor

New York, NY 10022

212.754.9200 Main

212.983.1221 Direct

212.812.3263 Fax

www.freyberglaw.com

3

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF NEW YORK )

Mitchell D. Goldberg, being duly sworn, deposes and says: That deponent is not a party to the action, is over 18 years of age and resides in the County of Westchester, State of New York.

That on the 26th day of February, 2018, deponent served the within Reply Affirmation In Further Support of Respondents Arnold Broser And David Broser Motion To Dismiss Dalia Genger's 2016 Petition upon the following parties in this action:

> Judith Bachman, Esq.
> 254 S. Main Street, Suite 306
> New City, New York 10956
> Counsel to Petitioner Dalia Genger

by depositing a true copy of same enclosed at the address designated by said attorneys for that purpose by Federal Express, in an official depository under the exclusive care and custody of Federal Express within the State of New York State.

_____
Mitchell D. Goldberg

Sworn to before me this
26th day of February, 2018

_____
Notary Public

SANDRA SWERSKY
Notary Public - State of New York
No. 01SW6220117
Qualified in Westchester County
My Commission Expires April 12, 20__