SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition of Dalia Genger, as Trustee of the Orly Genger 1993 Trust, Created by Trust Agreement Dated December 13, 1993 between ARIE GENGER, as Grantor, and LAWRENCE M. SMALL and SASH A. SPENCER, as Trustees, to Turnover Property to the Orly Genger 1993 Trust. | File No.:      2008-0017/E  <br><br>Surrogate Nora S. Anderson |
| Dalia Genger, Trustee of the Orly Genger 1993 Trust,<br><br>    Petitioner,<br><br>  -against-<br><br>Orly Genger, et al.,<br><br>    Respondents. | New York County Surrogate's Court<br>MISCELLANEOUS DEPT.<br><br>MAY 0 7 2018<br><br>**FILED**<br>Clerk_____ |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT ORLY GENGER'S MOTION TO DISMISS DALIA GENGER'S AMENDED PETITION

Michael Paul Bowen
Andrew R. Kurland
KASOWITZ BNESON TORRES LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Respondent Orly Genger*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT FACTS............................................................................................................... 4

    A.    Background and Procedural Posture ......................................................... 5

    B.    Overlapping Fact Allegations and Undisputed Facts.............................. 8

ARGUMENT........................................................................................................................ 11

    I.     THIS ACTION SHOULD BE DISMISSED AS DUPLICATIVE........................ 11

    II.    LACK OF AND DEFECTS IN SERVICE REQUIRE DISMISSAL ................. 12

    III.   DUE TO VIOLATION OF THE 120-DAY RULE, PETITIONER'S
         CLAIMS ARE BARRED BY THE APPLICABLE
         STATUTE OF LIMITATIONS............................................................... 15

    IV.   RES JUDICATA AND DOCUMENTARY EVIDENCE ALSO BAR
         THIS ACTION................................................................................... 16

    V.    SANCTIONS ARE WARRANTED....................................................... 16

CONCLUSION..................................................................................................................... 17

ii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acquista v. New York Life Ins. Co.*,
   285 A.D.2d 73 (1st Dep't 2001) ............................................................................................11

*Basile v. Wiggs*,
   98 A.D.3d 640 (2d Dep't 2012) ............................................................................................11

*Bell v. State*,
   96 N.Y.2d 811 (2001) ............................................................................................16

*Estate of Gardiner*,
   144 Misc.2d 797 (NY Cnty. Surrogate's Ct. 1989) ....................................................7

*Genger v. Genger*,
   144 A.D.3d 581 (1st Dep't 2016) ............................................................................................11

*Goldstein Grp. Holding, Inc. v. 310 E. 4th St. Hous. Dev. Fund Corp.*,
   154 A.D.3d 458 (1st Dep't 2017) ............................................................................................13

*IDT Corp. v. Morgan Stanley*,
   12 N.Y.3d 132 (2009) ............................................................................................15

*Kaufman v. Cohen*,
   307 A.D.2d 113 (1st Dep't 2003) ............................................................................................15

*Orly Genger v. Dalia Genger*,
   Index No. 109749/09, July 3, 2014 Decision and Order
   (Sup. Ct. N.Y. Cnty. July 3, 2014).............................................................................5

*Syncora Guar. Inc. v. J.P. Morgan Sec. LLC*,
   110 A.D.3d 87 (1st Dep't 2013) ............................................................................................12

*United Enters. Ltd. v. Hill*,
   185 A.D.2d 206 (1st Dep't 1992) ............................................................................................12

**Statutes and Rules**

22 NYCRR 130-1.1 ............................................................................................16

22-NYCRR 207.4(a) ............................................................................................14

CPLR 214............................................................................................15

CPLR 306-b ............................................................................................2, 12, 13, 15

CPLR 308...........................................................................................................................13

CPLR 320(b).........................................................................................................................1

CPLR 1003.........................................................................................................................14

CPLR 3025...........................................................................................................................2

CPLR 3211...............................................................................................................1, 11, 12

SCPA 102..................................................................................................................1, 12

SCPA 203.........................................................................................................................14

SCPA 301...............................................................................................,2 13, 15, 16

SCPA 307.........................................................................................................................13

SCPA 312.........................................................................................................................14

Respondent Orly Genger ("Orly"), by limited appearance, re-submits her motion, filed on

February 5, 2018, which motion seeks dismissal based on defective service and other grounds,

pursuant to SCPA Section 102 and CPLR Sections 3211(a)(4), (5), (7) and (8), and for sanctions

and award of attorney's fees.[1]

## PRELIMINARY STATEMENT

After Orly's motion to dismiss, dated February 5, 2015, was fully briefed (as were the

dismissal motions by other respondents), Dalia filed an Amended Petition.  Why she waited to

do that until after the motions were fully briefed and *sub judice* is inexplicable – unless, of

course, all she sought was yet more delay and confusion, which very well may be the case given

her past conduct.  In any event, as with the prior Petition, she failed to serve the Amended

Petition on any of the parties, sending it instead to counsel.  With respect to Orly, the Amended

Petition is identical to the prior Petition and should be dismissed for the same reasons set forth in

Orly's prior motion.  For the Court's convenience, Orly restates the legal grounds for dismissal

in this memorandum, which is directed to the Amended Petition.

This action is duplicative of another action pending before this Court, *In the Matter of the*

*Application of Orly Genger to Remove Dalia Genger as Trustee of the Orly Genger 1993 Trust*

*Established on December 13, 1993 by Arie Genger, Grantor,* Surrogate's Court File No. 2008-

0017 (the "Removal Action").  The Removal Action was filed almost **10 years ago** to remove

Dalia Genger as the trustee of the Orly Genger 1993 Trust (the "Orly Trust").  That action has

been delayed over and over again by bad faith maneuvering by Dalia and her ally Sagi Genger,

Orly's brother.  This newest maneuver of filing a new action is just another bad faith delay tactic.

---

[1]   A limited appearance is permitted by CPLR 320(b).  Accompanying this memorandum of law is the Affirmation
of Michael Paul Bowen, dated May 7, 2018, with exhibits ("Bowen Affirm.").  A copy of the amended petition in
this action is Exhibit A to that affirmation.  All citations to "¶ __" are citations to that latest version of the petition in
this new action.

In this action, filed by Dalia in June 2016 (the "New Action") – and amended in April 2018 after fully briefing motions to dismiss – Dalia purports to seek monetary damages on behalf of the trust against the trust's own beneficiary (Orly Genger).  But the operative allegations of fact and the relief sought are duplicative of Dalia's counter-petition filed in the first-filed Removal Action – a counter-petition that is the subject of a fully briefed motion to dismiss pending before this Court.

The New Action is thus duplicative of an earlier pending action that involves the exact same fact and legal issues that Dalia is trying to raise all over again purely for the sake of delay. Since these issues are being litigated and are subject to a pending motion to dismiss in the earlier Removal Action, this action must be dismissed.  It is a waste of judicial resources, to say the very least – just as Dalia wasted yet more judicial resources by waiting until the pending motions to dismiss in the New Action were fully briefed and submitted before amending as of right under CPLR 3025.

While Dalia filed this New Action with the Surrogate's Court close *to two years ago in June 2016*, she failed to obtain a citation from the Court Clerk or to serve the new petition on any party within the 120-day statutory period mandated by CPLR 306-b and SCPA 301(a). Instead, she obtained a citation some eighteen months later in December 2017 – after Orly moved to dismiss Dalia's counter-petition in the Removal Action, after that motion was fully briefed and after the parties appeared before the Court to argue that motion on December 8, 2017.  Then – well over a year too late – she tried to effect service on certain parties without seeking an enlargement of time for service.  She also failed to serve Orly at all because in her

view Orly is not entitled to service even though this is a new action, which as a matter of basic procedural rules must be served on all parties.[2]

Dalia's failure to effect service within the 120-day statutory period is not a mere technicality. She has failed to give proper notice to the interested parties. Even more importantly, because Dalia failed to meet the 120-day deadline this action has not been commenced for purposes of the applicable statute of limitations. All of the claims in this new action are premised on Dalia's claim that Orly, in her alleged capacity as *de facto* trustee for the Orly Trust, breached her fiduciary duties to the trust (*i.e.*, to herself) and seeks monetary damages against Orly and certain third-parties supposedly to replace money that Dalia claims should have been paid to the Trust. The petition in this new action alleges that Orly breached her duty in June 2013 when she entered into the Trump/AG Settlement Agreement (discussed below). The applicable 3-year statute of limitations expired in June 2016 – around the time that Dalia filed this new action. Because it was not served within the required 120-day period, the statute of limitations was not tolled and Dalia's claims are barred as a matter of law.

In addition to all these fatal defects, Dalia's claims in this New Action just repeat the legal and factual claims she already made in the counter-petition in the Removal Action. As noted, a motion to dismiss the counter-petition is pending, and to the extent those counterclaims are dismissed as legally barred or insufficient, so too should the duplicative claims in this action be dismissed.

---

[2]  This New Action was assigned Surrogate's Court File No. 2008-0017/E, which is based on the file number for the Removal Action (*i.e.*, 2008-0017). The suffix "E" indicates that this is a separate action requiring a new citation and service on all parties. That is also indicated by the fact that the caption in the New Action differs from the Removal Action. Dalia recently revised the caption in the New Action by filing an "Attorney Affirmation Amending Caption" with the Court on December 13, 2017 – right around the time she obtained, much too late, the Citation for this New Action.

But here is the real reason for Dalia's latest maneuver – which is yet further evidence of *her* continuing and compounding breaches of fiduciary duties owed to Orly:  Having read the terms of the Trump/AG Settlement Agreement, Dalia believes that by naming the Trump Group parties as interested parties in this new action, however baseless and procedurally defective, she may be able to prevent the Trump Group from making any further settlement payments pursuant to that agreement.  Under that agreement, certain settlement payments are to be made in installments by the Trump Group upon certain preconditions, one of which is that there are no pending legal claims by Dalia Genger against them.  Her latest legal action is nothing more than yet another last-ditch attempt by Dalia to trump up some kind of claim – any claim – to embroil the Trump Group in yet more Genger-related litigation and, by doing so, to interfere with and act contrary to the interests and affairs of her only daughter, Orly.

This New Action is baseless and brought in bad faith.  It should be summarily dismissed, like Dalia's counter-petition in the Removal Action, and she should be removed as trustee without any further delay.

## RELEVANT FACTS

Orly incorporates herein her submissions in support of her September 8, 2017 motion to dismiss Dalia's 2017 Cross-Petition (which is *sub judice*), including the facts and arguments set forth her Memorandum of Law in support thereof.  To avoid unnecessary duplication of work and for the Court's convenience, Orly's brief in support of her dismissal motion in the Removal Action is attached hereto as Exhibit 1 and all of the legal arguments and points raised are incorporated herein.

Because Dalia's petition in the New Action – and now the Amended Petition – has different paragraph numbers and for the sake of clarity, a brief summary of Dalia's allegations, with citation to her new amended petition, is provided here.

4

## A.    Background and Procedural Posture

Orly is the beneficiary of the Orly Genger 1993 Trust (the "Orly Trust"). Orly's

daughter, born last year, is also a beneficiary of the Orly Trust. The petitioner here, Dalia, has

been the sole trustee of the Orly Trust since January 2008, when the prior trustee appointed her

over Orly's objection. For more than a decade, Dalia has been estranged from and embroiled in

litigation against Orly, the very beneficiary to whom she owes fiduciary duties. Dalia's conduct

in the various litigations in state and federal courts has demonstrated beyond cavil her unfitness

to continue as trustee of the Orly Trust. *See, e.g., Orly Genger v. Dalia Genger*, Index No.

109749/09, July 3, 2014 Decision and Order at 3-4 (Sup. Ct. N.Y. Cnty. July 3, 2014) ("Dalia, as

trustee of the Orly Trust, has often sided with her son Sagi in these actions . . . . Dalia may no

longer be able to serve as trustee, having failed to disclose the conflict of interest [found by the

First Department] to her principal, Orly. And, as noted by the First Department, Orly has

petitioned the Surrogate's Court to remove Dalia as trustee").

In light of Dalia's blatant wrongdoing and extensive conflicts of interest, Orly petitioned

to remove Dalia as trustee in 2009, and has been pursuing her petition before this Court since

that time. After years of delay purposely manufactured by Dalia and Sagi, including multiple

rounds of motions to dismiss, at the end of June 2017, this Court denied their motions in their

entirety, allowing Orly's removal action to proceed at long last on the merits. *In the Matter of

the Application of Orly Genger to Remove Dalia Genger as Trustee of the Orly Genger 1993

Trust Established on December 13, 1993 by Arie Genger, Grantor*, File No. 2008-0017, June 21,

2017 Decision (Anderson, S.).

While Orly was continuing to pursue her petition to remove Dalia as Trustee, in a further

attempt to derail her removal, Dalia filed in June 2016 a separate petition in this Court against

Orly and dozens of other respondents, including 40 "John/Jane Does," asserting a panoply of

claims that are all grounded on her fundamental claim of breach of fiduciary duty and demanding

the turnover of proceeds certain respondents allegedly received from other respondents pursuant

to a settlement agreement that was reached in June 2013 (namely, the Trump/AG Settlement

Agreement, discussed below). *See* Petition for Turnover of Trust Property and Other Relief, *In*

*the Matter of Dalia Genger, Trustee of the Orly Genger 1993 Trust, Petitioner*, filed June 14,

2016, Surrogate's Court File No. 2008-0017/E.

　　　　Around the time of its filing, Dalia's counsel emailed counsel for certain respondents to

ask if they would accept service by email:

| | |
|---|---|
| **From:** | Judy Bachman · jlbesq_99@yahoo.com · |
| **Sent:** | Friday, June 17, 2016 4:40 PM |
| **To:** | John Dellaportas; John Dellaportas; ygrrver@zeklaw.com; john.boyle@skadden.com; pjanovsky@zeklaw.com; ljw@msk.com; pdm@msk.com; william.frank@skadden.com; blembach@zeklaw.com; Eric D. Herschmann; Herrmann Douglas D (WIL); Herrmann Douglas D (WIL); mitchell@oglaw.net; Michael P. Bowen; Andrew R. Kurland |
| **Subject:** | Petition for Turnover of Trust Property in the Orly Genger 1993 Trust |
| **Attachments:** | Ex 10(abyance order).pdf; Ex 7 (Orly Settlement Agreement).pdf; Ex 6 (So-Ordered Stipulation).pdf; Ex 8 (1-5-15 Forrest opinion).pdf; Ex 3 (1.2.13 Amended Decision).pdf; Ex 4 (4.9.12 Order).pdf; Ex 1 (Trust Agreement).pdf; Ex 5 (Allingham Ltr).pdf; Ex 9(transcript).pdf; Ex 2 (Orly's revised complaint).pdf; Petitionforturnover.pdf; petitioncitation.pdf; petitionfilingreceipt.pdf |

Dear Gentlemen:

The attached Petition for Turnover of Trust Property in the Orly Genger 1993 Trust was filed on June 14, 2016

Please advise if you will either accept service of the citation (once it is completed by the Court) or waiver such service.

Judith Bachman, Esq
254 S. Main Street, Suite 306
New City, New York 10956
845-639-3210 Office
845-300-1595 Cell
jlbesq_99@yahoo.com
http://www.yourlegaldepartment.net

Bowen Affirm. Ex. B.

　　　　Counsel for Orly did not respond to this email, and neither did counsel for any other

respondent. Bowen Affirm. ¶ 4. Accordingly, the petition, though filed in June 2016, had been

dormant for more than a year and a half before Dalia obtained a citation and attempted to serve the action.

After this Court denied Dalia's motion to dismiss Orly's decade-old petition for Dalia's removal in June 2017, Dalia filed her answer to the petition in the Removal Action and, in that action, she included a counter-petition against Orly, seeking the exact same relief based on the same fact allegations as she has set forth in her petition in this New Action. Orly filed a motion to dismiss the counter-petition on September 8, 2017. Dalia opposed Orly's motion on September 25, 2017, and Sagi (through his trust) opposed Orly's motion on September 26, 2017. The guardian *ad litem* filed a response in support of Orly's motion to dismiss on October 13, 2017, and the Court heard argument on the motion on December 8, 2017.[3]

The very next week, Dalia's counsel tried to revive this New Action by filing an affirmation in this action (*i.e.*, under File No. 2008-0017/E) to revise the caption. *See* Attorney Affirmation-Amending Caption, File No. 2008-0017/E, filed Dec. 13, 2017. Thereafter, on or about December 21, 2017, Dalia obtained the two-page Citation to serve the New Action on the purported interested parties and respondents, including Orly and the Trump entities (discussed below). She attempted to serve that document on certain of the named respondents, including Arie Genger, Orly's father and the former husband of Dalia. But she never attempted service of the underlying documents – including the petition itself in this New Action or any of its numerous exhibits – on any respondent. And Dalia did not attempt to serve even the Citation on Orly at all.

---

[3] Years ago Sagi claimed standing in the Removal Action through his trust because he claims his trust is a contingent beneficiary of the Orly Trust. However, his purported contingent interest does not actually confer standing. *See, e.g.*, *Estate of Gardiner*, 144 Misc.2d 797, 799 (NY Cnty. Surrogate's Ct. 1989) ("During the lives of [beneficiaries of the trust], the [contingent beneficiary] possesses absolutely no vested interest in the trust. Therefore, []he is not an appropriate party.").

7

When Orly learned from other respondents that Dalia had attempted to serve the Citation at the end of December 2017, counsel for Orly informed Dalia's counsel of the multiple procedural defects with her action.  Dalia's counsel responded – erroneously – that she does "not believe it is necessary" to serve Orly with process in this proceeding, as she contends Orly is already a party to the proceeding.  Bowen Affirm. Ex. C.  Further, Dalia's counsel claimed that the fact that respondents had "notice" of the existence of the petition filed in June 2016 excuses her lack of proper service.  *Id.*

Thereafter, all respondents – except, unsurprisingly, the Sagi Trust – filed motions to dismiss the New Action, in which they identified numerous procedural and jurisdictional defects. After briefing on the motions was complete, Dalia amended the New Action, and mailed a copy of the amended petition to respondents' counsel.

**B.    Overlapping Fact Allegations and Undisputed Facts**

The Amended Petition in this New Action purports to state numerous causes of action: Aiding and Abetting/Breach of Fiduciary Duty, Tortious Interference with Contract, Money Had and Received, Unjust Enrichment, Turnover, Accounting, and "Injunction."  In amending the petition, Dalia added a cause of action for injunctive relief against certain other respondents. With respect to the purported claims against Orly, the Amended Petition is not materially different from the original New Action pleading filed in 2016.

The claims in the Amended Petition overlap with those Dalia is simultaneously pursuing in her counter-petition in the already pending Removal Action, where she also purports to state causes of action for Breach of Fiduciary Duty, Tortious Interference, Turnover, Accounting, and Unjust Enrichment.  A redline comparison between the June 2016 petition in this New Action and Dalia's counter-petition in the Removal Action vividly illustrates that the fact allegations in

each overlap *verbatim* in all material respects. *See* Bowen Affirm. Ex. D (the words in black-ink appear in both documents exactly the same and the red-line strikes and additions show the changes made to the counter-petition to transform it into the petition Dalia used in the New Action). The causes of action in the New Action are also duplicative of her causes of action set forth in her pending counter-petition. *Id.* Ex. D.

The fact allegations in the New Action, which are materially the same as those in her counter-petition in the Removal Action, and which are taken as true for purposes of this motion, are as follows:

According to the petition, Orly instituted an action in 2010 in the Supreme Court of New York both in her individual capacity as beneficiary and also derivatively on behalf of the Orly Trust (the "2010 New York action"). That action was brought against the purchasers of the TRI shares (the "Trump Group"). In that proceeding, the court ruled that Orly had legal standing to represent the Orly Trust. ¶¶ 9-10.

In June 2013, Orly was party to a settlement of the 2010 New York action with the Trump Group (the "Trump/AG Settlement Agreement"). ¶ 14. The Court thereafter entered an agreed-to Stipulation and Order of Discontinuance with Prejudice of that action. ¶ 16.

According to Dalia (and Sagi), under the Trump/AG Settlement Agreement, the Trump Group agreed to pay $32.3 million to the AG Group, which included, not just Orly, but also her father, Arie Genger, and Arnold and David Broser, who (according to Dalia's duplicative petitions) are creditors to Orly personally and to whom (Dalia and Sagi allege) Orly owes "many millions of dollars." ¶¶ 17-18.

Dalia alleges that this settlement agreement settled both Orly's personal claims against the Trump Group as well as any claims the Orly Trust had. ¶¶ 19-20. Moreover, Dalia alleges

that $17.3 million of the settlement payment has been paid, but none of that money was given to the Orly Trust. ¶ 21-22. The remaining payment of approximately $15 million has not yet been paid under the terms of the settlement agreement. ¶ 22.

As Dalia admits in the amended petition in the New Action (as well as in her counter-petition), she intervened in the 2010 New York action (in August 2014). She moved to have the Orly Trust, controlled by her, substituted as the plaintiff in that action. By the court's interim order, that motion was held in abeyance pending the outcome of the Removal Action before this Surrogate's Court. ¶¶ 26-27.

What Dalia leaves out of her duplicative petitions, but what is a matter of undisputed fact, is that on behalf of the Orly Trust, Dalia sued the Trump Group in Delaware in 2011, but then voluntarily and unconditionally dismissed all claims of the Orly Trust against the Trump Group with prejudice. Bowen Affirm. Ex. E, at ¶ 4 ("The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice"). A year after she dismissed the Orly Trust claims in the Delaware action, Dalia sought to intervene in the 2010 New York action. While her motion to intervene was pending, the parties in that action entered into the Stipulation and Order of Discontinuance with Prejudice. At the time that order was entered – and consistent with her own settlement of the Orly Trust claims against the Trump Group in Delaware – Dalia raised no objection.

Accordingly, Dalia's later challenge of this order was rejected by the Appellate Division. The appellate court ruled that Dalia failed to object and was forever foreclosed from raising the issues she tried to raise below in that action (and that she is trying to raise again in her petitions against Orly):

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993 Trust (Orly Trust), failed to articulate any objection to the court's entry of the

10

> November 25, 2014 order dismissing plaintiff Orly Trust's breach of
> fiduciary duty and unjust enrichment claims against certain defendants,
> and her claim is not properly before this Court. . .  In any case, that order
> did not dismiss any claims; rather, it recognized that all claims had
> previously been dismissed or discontinued by prior court orders, dismissed
> the complaint, and severed other viable third party claims, cross claims,
> and counterclaims unrelated to the Orly Trust.

*Genger v. Genger*, 144 A.D.3d 581, 581 (1st Dep't 2016). *See also* Bowen Affirm. Ex. F

(Dalia's appellate brief).[4]

Furthermore, the Trump/AG Settlement Agreement referenced in the petition in the New

Action refutes Dalia's claim that the settlement payment belongs to the Orly Trust.  That written

document expressly notes that the claims related to Orly that are being settled are *only* claims

brought by her in her personal capacity and *not* as a representative of the Orly Trust.  Bowen

Affirm. Ex. G at 6.  Moreover, references in that document to the Orly Trust were struck-through

(and initialed) to emphasize that the settlement did not involve or relate to the trust at all.  *Id.*[5]

### ARGUMENT

The New Action is procedurally defective.  Its substantive claims are also barred as a

matter of law on various grounds, including the doctrine of res judicata.  In this brief, the

procedural issues are addressed:  This New Action should be dismissed as duplicative; for

defective service; and as barred by the applicable statute of limitations.  The other defects are

briefed in the motion to dismiss the identical counter-petition (Exhibit 1).

### I.    THIS ACTION SHOULD BE DISMISSED AS DUPLICATIVE

---

[4]    Facts that are indisputable and a matter of record may properly be considered in support of a motion to dismiss
pursuant to CPLR 3211. *See Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73, 76 (1st Dep't 2001). "A court may
consider evidentiary material submitted by a [movant] in support of a motion to dismiss a complaint pursuant to
CPLR 3211(a)(7)." *Basile v. Wiggs*, 98 A.D.3d 640, 641 (2d Dep't 2012).

[5]    Underlying agreements and documents referenced in a petition/complaint may properly be considered on a
motion to dismiss. CPLR 3211(a)(1).

It is a ground for dismissal if "there is another action pending between the same parties for the same cause of action." CPLR 3211(a)(4). When deciding whether to dismiss a duplicative action, courts consider whether "both suits arise out of the same subject matter or series of alleged wrongs." *Syncora Guar. Inc. v. J.P. Morgan Sec. LLC*, 110 A.D.3d 87, 96 (1st Dep't 2013). Complete identity of the parties is unnecessary for dismissal on this ground. *Id.* There is no question that this petition is duplicative of the fatally flawed counter-petition, and, as a matter of judicial economy, it should be dismissed.

The counter-petition is already being adjudicated and, in that sense, it has priority and should be treated as "first-filed" since it was the first to come before the Court. Although the petition in the New Action was filed first, it was dormant and remained unserved while the parties litigated the counter-petition. In that way, the New Action is duplicative of the counter-petition and should be dismissed in favor of the counter-petition, which is further along in litigation (and is on the verge of dismissal). *See, e.g.*, *United Enters. Ltd. v. Hill*, 185 A.D.2d 206, 206 (1st Dep't 1992).

## II.     LACK OF AND DEFECTS IN SERVICE REQUIRE DISMISSAL

New York law required Dalia to serve her petition in the New Action within 120 days of its filing. Section 306-b of the CPLR (incorporated in the Surrogate's Court Act, SCPA § 102) provides:

> Service of the . . . petition with a notice of petition or order to show cause **shall** be made within one hundred twenty days after the commencement of the action or proceeding . . . .  If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.

CPLR 306-b (emphasis added). The Surrogate's Court Procedure Act has a similar 120-day service requirement. Section 301 states:

> For the purpose of computing the period of limitation under article
> two of the civil practice law and rules, a proceeding is commenced
> upon the filing of a petition, **provided process is issued and
> service made upon any respondent within one hundred twenty
> days after the date of the filing of the petition**.

SCPA 301(a) (emphasis added).

Here, it is undisputed that Dalia filed her petition in the New Action in June 2016. Her time to serve the action expired 120 days later, in October 2016. CPLR 306-b; SCPA 301. Dalia's counsel emailed what she referred to as a "courtesy copy" of the filing to various counsel in June 2016 (Bowen Affirm. Ex. C), but that is not effective service of process. *See* CPLR 308; SCPA 307. No respondent waived formal service.

Because it is undisputed that the petition in the New Action was not served within 120 days – or even within *six times* that number of days – the action is a nullity and should be dismissed. *Goldstein Grp. Holding, Inc. v. 310 E. 4th St. Hous. Dev. Fund Corp.*, 154 A.D.3d 458, 458 (1st Dep't 2017) (affirming dismissal for failure to serve within 120 days).

When Dalia did get around to trying to effect service – in December 2017, only after the argument on Orly's motion to dismiss Dalia's substantially identical counter-petition in the Removal Action – it was half-hearted and defective.

First, she served on only a few respondents only the two-page citation, without the underlying petition. The Citation is meaningless without the underlying petition. For example, it refers to "Settlement Proceeds" as a portion of the relief Dalia requests, yet nothing in the citation itself defines that term. That is hardly effective notice of the claims against the respondents.

Second, no service was made as prescribed by the applicable rules, *i.e.*, by personal service or service on a person of suitable age at the respondent's home or business. CPLR 308; SCPA 307. There is no proof of service to the contrary. *See* Bowen Affirm. ¶ 2.

13

With respect to Orly (the movant here), Dalia's counsel admitted in an email that Dalia made no attempt at service at all. She claims no service is needed. *See* Bowen Affirm. Ex. C. She cites no authority for that contention – and it is self-evidently wrong. Dalia cannot commence a new action without effecting service on all the respondents and interested parties. A basic prerequisite to personal jurisdiction over a respondent in a new action is "service of process upon the [respondent] or [] submission to the jurisdiction of the court by waiver of issuance and service of process, appearance of an adult competent party in person or by attorney or by pleading." SCPA 203.

To the extent Dalia is trying to treat her New Action as an extension of the Removal Action, that is not permitted. If she wanted to add new parties to the Removal Action, where pleadings are closed, she would first need to survive the pending motion to dismiss and secondly would need to seek and obtain leave of court. CPLR 1003; SCPA 312. Even Dalia's own papers show that she cannot possibly believe the New Action is not a separate action requiring service of process. Rule 207.4(a) of the Uniform Rules for the Surrogate's Court provides:

> The party causing the first paper to be filed shall communicate the clerk's file number forthwith to all other parties to the proceeding; service of the citation bearing the file number shall be sufficient. Thereafter such number shall appear on the outside cover and first page to the right of the caption of every paper tendered for filing in the proceeding. The caption also shall contain the title of the proceeding.

Rule 207.4(a). Here, the Citation Dalia obtained in December 2017 complies with this rule, as it bears the unique file number that was assigned to this matter (with its "/E" suffix) at the time Dalia filed her 2016 Petition, which is a different file number than that assigned to the Removal Action.

In light of the utter contempt Dalia has shown for orderly procedure, basic requirements of due process and the procedural rules of this Court and the exorbitant 18-month delay between

14

filing and her initial languid and sloppy "service" and her equally ineffective attempt at service of the defective amended New Action last month, Dalia cannot possibly show "good cause" to extend the 120-day time limit for service of process – certainly not to extend it over six-fold. CPLR 306-b. No Court should excuse such contempt.

## III.   DUE TO VIOLATION OF THE 120-DAY RULE, PETITIONER'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

New York courts apply a three-year statute of limitations for fiduciary duty claims when a plaintiff seeks only money damages, as Dalia does here.  CPLR 214; *Kaufman v. Cohen*, 307 A.D.2d 113, 118 (1st Dep't 2003) ("where suits alleging a breach of fiduciary duty seek only money damages, courts have viewed such actions as alleging 'injury to property,' to which a three-year statute of limitations applies").  The statute of limitations for fiduciary duty claims begins to run as of the date of the alleged breach. *See IDT Corp. v. Morgan Stanley*, 12 N.Y.3d 132, 140 (2009).

Dalia's claims for breach of fiduciary duty and for aiding and abetting that breach are premised on the recovery of proceeds from a June 2013 settlement agreement.  ¶¶ 17-18, 28-37. The rest of her causes of action, moreover, all are dependent on this central claim of breach of fiduciary duty.  Dalia learned of the settlement no later than "months" after it was executed, after a court ordered it to be produced, as Dalia alleges. ¶ 17.  Therefore, even if some sort of "discovery rule" applied to Dalia's fiduciary duty claim, the statute of limitations for her claim here expired at the latest three years after "months" after June 2013 -- that is, June 2016 or some "months" thereafter.

Likely recognizing this June 2016 deadline, Dalia filed the petition in this New Action that very month.  However, as shown above, she failed to serve it or even attempt to serve it within the 120-day period allowed by SCPA 301.  That statute dictates that the statute of

15

limitations is tolled on the filing of a petition *but only if* the petition is served within 120 days thereafter. There is no "good-cause" or other statutory exception to this requirement. *See* SCPA 301(a).

Here, Dalia unquestionably failed to meet this 120-day requirement. Thus, the three-year statute of limitations bars the fiduciary duty claims. Moreover, all of Dalia's claims in this New Action are likewise time barred since all of them, whether dressed up as equitable claims or not, are dependent on her claim of breach of fiduciary duty.

## IV.    RES JUDICATA AND DOCUMENTARY EVIDENCE ALSO BAR THIS ACTION

For the reasons previously briefed in the Removal Action, the claims in the petition in this New Action are also barred by res judicata and are subject to dismissal based on undisputed documentary evidence *See* Ex. 1, hereto, at pp. 12-14.

## V.    SANCTIONS ARE WARRANTED

Dalia has no good faith basis for such tactics that are so obviously contrary to basic rules of procedure. It is all too apparent that this action – including the latest iteration of the petition from April 2018 – was commenced in bad faith for the purposes of delay and harassment. She should be sanctioned. 22 NYCRR 130-1.1; *Bell v. State*, 96 N.Y.2d 811, 812 (2001) (sanctioning party for "a chain of frivolous attempts to seek relief from this Court," noting proceeding "is yet another example of [party's] continued strategy to delay the resolution of the litigation"). At the very least, she and her counsel should be ordered to pay all respondents' attorney's fees for their time in reviewing the defective petitions and citation, preparing motions to dismiss and appearing in Court to answer the citation.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this New Action in its entirety, with prejudice, and should sanction Dalia and award Orly such other and further relief as it deems just and proper.

Dated:   New York, New York
         May 7, 2018

                                          KASOWITZ BENSON TORRES LLP

                                          By: _____

                                            Michael Paul Bowen
                                            Andrew R. Kurland
                                            1633 Broadway
                                            New York, New York 10019
                                            (212) 506-1700

                                            *Attorneys for Respondent Orly Genger*

# **EXHIBIT 1**

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the matter of the Application of ORLY
GENGER, as a person interested, for the removal
of DALIA GENGER, as Trustee of the Orly
Genger 1993 Trust pursuant to SCPA § 711(11).

File No.:   2008-0017

Surrogate Nora S. Anderson

---

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO DISMISS DALIA GENGER'S CROSS-PETITION

Petitioner Orly Genger ("Orly") submits this memorandum in support of her motion, pursuant to SCPA § 102 and CPLR 3211(a)(1), (5) and (7), to dismiss the cross-petition of Dalia Genger ("Dalia").[1]

### PRELIMINARY STATEMENT

After nine years of pointless and wasteful procedural wrangling by respondents Dalia (Orly's mother) and Sagi (Orly's brother) – designed to forestall Dalia's removal as trustee – Dalia has now filed a frivolous "cross-petition" against Orly, the very beneficiary whose interests Dalia has a fiduciary duty to protect. The absurdity of a trustee suing her own beneficiary makes clear that this is nothing more than the latest in a long line of improper, bad faith procedural tactics to delay her inevitable removal.

This removal action implicates two identical 1993 family trusts created by the Genger family, one for Orly (the Orly Trust) and the other for her brother Sagi (the Sagi Trust). In her capacity as the trustee for the Orly Trust, Dalia breached her fiduciary duties and conspired with Sagi, in a clear conflict of interest, to deplete the Orly Trust of all of its assets. During Dalia's tenure as trustee, Sagi received millions from the family assets in these trusts while the Orly

---

[1]   Accompanying this memorandum of law is the Affirmation of Michael Paul Bowen, dated September 8, 2017, with exhibits ("Bowen Affirm."). A copy of Dalia's cross-petition is Exhibit A to that affirmation. All citations to ¶ ___ are citations to the cross-petition.

Trust was rendered penniless and encumbered with millions of dollars of debt for legal fees based on Dalia's sham maneuverings with Sagi. Orly has never received a penny from her trust while Sagi has received tens of millions of dollars from his trust even though the trusts were created on the same day with equal division of family assets. In this context, Dalia's claim that this cross-petition is supposedly in good faith and in the best interests of Orly and her trust would be laughable were it not so self-evidently pernicious and legally meritless. This type of protection no one needs, especially not a daughter estranged from her own mother who has for years acted in bad faith and with conflicted interests to favor her son at the expense of her own daughter's financial well-being and in violation of her fiduciary and legal duties as trustee.

Dalia should not be permitted to continue to draw out this action for her removal – and to subvert the Surrogate's Court, the law and her legal duties – through such an obviously frivolous cross-petition. The pleading is facially deficient and otherwise barred as *res judicata*. It should be summarily – and immediately – dismissed with prejudice.

## RELEVANT FACTS

### A.   Background and Procedural Posture

Orly is the beneficiary of the Orly Genger 1993 Trust (the "Orly Trust"). Orly's daughter, born earlier this year, is also a beneficiary of the Orly Trust. The respondent and purported cross-petitioner, Dalia, has been the sole trustee of the Orly Trust since January 2008, when the prior trustee appointed her over Orly's objection. Orly and Dalia have been estranged for more than a decade. Dalia did not attend her daughter's wedding last year. Nor has Dalia met Orly's newborn child, Dalia's granddaughter.

The root of that estrangement is no mystery. Supposedly in her role as trustee, Dalia has repeatedly sued Orly at the bidding of her son, Sagi. After years of litigation, and despite Dalia's siding with him against Orly, Sagi has now been adjudicated after trial and on summary

2

judgment in two separate legal actions to have committed fraud against, and to have breached his fiduciary duties to, Orly, which determinations were upheld on appeal. *Orly Genger v. Sagi Genger*, Index No. 100697/08, 2016 WL 551444 (Sup. Ct. N.Y. Cnty. Feb. 10, 2016), *aff'd* 144 A.D.3d 581 (1st Dep't 2016); *Orly Genger v. Dalia Genger et al.*, Index No. 109749/09, 2016 WL 1407903 (Sup. Ct. N.Y. Cnty. April 8, 2016), *aff'd* 147 A.D.3d 443 (1st Dep't 2017).

Because of Dalia's role in perpetrating Sagi's now proven fraudulent schemes against Orly, she has been embroiled in litigation against her own daughter, and the very beneficiary to whom she owes fiduciary duties, for almost a full decade. Her conduct in that litigation – and her siding with Sagi in his now proven unlawful scheme against his own sister – has demonstrated beyond cavil her unfitness to continue as trustee of the Orly Trust. Indeed, every court that has had occasion to address this issue has held that she has a clear conflict of interest and is unfit to serve as trustee. *See, e.g.*, *Orly Genger v. Dalia Genger*, 120 A.D.3d 1102, 1104 (1st Dep't 2014) (by entering into certain so-called settlement agreements "on behalf of the Orly Trust, of which she was sole trustee, Dalia had a conflict of interest"); *Orly Genger v. Dalia Genger*, Index No. 109749/09, July 3, 2014 Decision and Order at 3-4 (Sup. Ct. N.Y. Cnty. July 3, 2014) ("Dalia, as trustee of the Orly Trust, has often sided with her son Sagi in these actions . . . . Dalia may no longer be able to serve as trustee, having failed to disclose the conflict of interest [found by the First Department] to her principal, Orly. And, as noted by the First Department, Orly has petitioned the Surrogate's Court to remove Dalia as trustee").

The only thing holding up Dalia's removal is finalizing this removal proceeding for an adjudication on the merits – exactly what Dalia is trying now, once again, to forestall.

Over eight years ago, shortly after Dalia became trustee of the Orly Trust, Orly petitioned this Court to remove her. That petition was dismissed as premature by Surrogate Roth, who

concluded that Dalia had not yet acted against Orly's interests at the time. After that decision,

Dalia's malfeasance began in earnest. Among other bad acts and conflicts of interest, Dalia

assisted Sagi in selling the Orly Trust's principal asset (viz., shares of Trans-Resources, Inc. or

"TRI") held by a Genger family company, TPR Investment Associates, Inc. ("TPR"). That sale

enriched Sagi's trust, the Sagi Genger 1993 Trust (the "Sagi Trust") at the expense of the Orly

Trust, precipitating years of litigation that remains ongoing to this day. *See generally Orly*

*Genger v. Dalia Genger, et al.*, Index No. 109749/09 (Sup. Ct. N.Y. Cnty. 2009). Dalia also

betrayed Orly by participating in a sham auction of shares of TPR, the sole remaining (although

depleted) asset of the Orly Trust. *See id.*, 2016 WL 1407903, at *2 (Sup. Ct. N.Y. Cnty. April 8,

2016); *aff'd* 147 A.D.3d 443 (1st Dep't 2017). She then also participated in a scheme with Sagi

to encumber the Orly Trust with significant debt. *See Orly Genger v. Dalia Genger*, 120 A.D.3d

at 1104.

   As a result of these unlawful schemes (in which Dalia has been directly implicated) the

Sagi Trust was enriched in an amount in excess of $44 million, at least, while the Orly Trust was

stripped of all of its assets and rendered valueless. To this day, Orly has never received a dime

from the Orly Trust, while Sagi and Dalia each have millions of dollars secured in accounts in

offshore tax-havens. *See Orly Genger v. Dalia Genger, et al.*, Index No. 109749/09, Sept. 12,

2016 Decision and Order on Attachment (Bowen Affirm. Ex. B).

   Dalia again acted against Orly's interests by assisting Sagi in suing Orly in federal court

in 2014. In that action, Dalia falsely claimed to be impoverished. Based on that false claim,

Sagi sued Orly, invoking a writing that he created. He claimed that document obligated Orly to

reimburse half of his need-based payments to Dalia, payments he and Dalia swore were made

supposedly because she needed the money to live. That lawsuit ended in a judgment against

4

Orly totaling over $300,000. *Sagi Genger v. Orly Genger*, 76 F. Supp. 3d 488 (S.D.N.Y. 2015) *aff'd as modified*, 663 Fed. Appx. 44 (2d Cir. Sept. 29, 2016).

After Sagi obtained that judgment, discovery in the ongoing state actions revealed that Dalia had at the time, and still has, millions of dollars in her offshore accounts controlled by Sagi. The entire federal action was based on a lie – Dalia's lie – and her failure to discharge her duty of loyalty and trust to Orly.

On June 22, 2009, Orly renewed her petition before this Court to remove Dalia as trustee. Dalia and Sagi engaged in years of procedural objections, effectively stalling the adjudication of this petition for Dalia's removal. Dalia moved to dismiss Orly's renewed petition for failure to join what she claimed to be a necessary party, the Sagi Trust. After the Court directed the joinder of the Sagi Trust, Orly served its trustee – David Parnes, Sagi's best friend – with process by registered mail in Israel, but Parnes (at Sagi's direction) moved to dismiss for lack of personal jurisdiction, arguing insufficient service of process under the Hague Convention. This motion was granted in 2015. Orly then served Parnes with process in a manner acceptable to this Court under the Hague Convention, costing additional time and expense.

Following this, both respondents filed new motions to dismiss for failure to state a claim. Finally, at the end of June 2017, this Court denied these motions in their entirety, allowing this action to proceed finally on the merits, eight years after it was originally commenced by Orly. *In the Matter of the Application of Orly Genger to Remove Dalia Genger as Trustee of the Orly Genger 1993 Trust Established on December 13, 1993 by Arie Genger, Grantor*, File No. 2008-0017, June 21, 2017 Decision (Anderson, S.).

Dalia continues to coordinate with Sagi against Orly. At the end of July, they filed essentially identical answers to Orly's petition, which answers were drafted by Sagi's counsel,

John Dellaportas.  In fact, Dellaportas even signed Dalia's answer, signing the name of Dalia's

counsel, Judith Bachman, and indicating as much with his initials (see excerpt below and the

Answer attached at Bowen Affirm. Ex. C).

Dated: New City, New York
       July 28, 2018

                          LAW OFFICES OF
                          JUDITH LISA BACHMAN, ESQ.


                          By: _____ *L Bahn* /*ID* _____
                                Judith Lisa Bachman, Esq.
                          254 S. Main Street
                          Suite 406
                          New City, New York 10017
                          (845) 639-3210
                          *Counsel to Respondent Dalia Genger*

In a telling typographical error, the signature block has the zip code of Dellaportas' Manhattan

office (10017), not the correct zip code for Bachman's office in New City in upstate New York

(10956).

On August 12, 2017, Dalia filed an amended answer, including her cross-petition.  This

time, the pleading bears the purported signature of Bachman, although the signature block still

has the same typographical zip code error and includes a different suite number (306 instead of

406).  *See* Bowen Affirm. Ex. A (excerpt below):

Dated: New City, New York
       August 12, 2017

_____
Judith Lisa Bachman, Esq.
254 S. Main Street
Suite 306
New City, New York 10017
(845) 639-3210
*Counsel to Respondent Dalia Genger*

This signature, moreover, does not appear to be Bachman's. It does not compare with Bachman's signature that appears alongside her notary stamp on the Verification for this document. *Id.* (excerpt below):

Sworn to before me this
12th day of August, 2017

_____
Notary Public

Judith Bachman
Notary Public, State of New York
No. 02-BA6048319
Qualified in Rockland County
Commission Expires Sept. 25, 2018

_____
Judith Lisa Bachman, Esq.
254 S. Main Street
Suite 406
New City, New York 10017
(845) 639-3210
*Counsel to Respondent Dalia Genger*

These inconsistencies and typos – not to mention the different signatures – reveal that even to this day, in opposing her removal despite the consensus of the courts against her, Dalia is still doing the bidding of Sagi. In doing so, she is acting contrary to her fiduciary duties and continually demonstrating her disqualifying conflicts of interests.

7

## B.  The Cross-Petition's Fact Allegations and Related Undisputed Facts

In suing Orly, the trust's own beneficiary, Dalia, the trustee, has once again violated her fiduciary duties, this time instituting a facially and legally meritless purported cross-petition. The cross-petition purports to state seven causes of action, each in a separate count:  Breach of Fiduciary Duty, Breach of Loyalty, Turnover, Accounting, Unjust Enrichment, Self-Dealing and something she calls "Successor Trustee."  (In yet another typographical error, this last count, the seventh, is repeated twice.)

The fact allegations in the cross-petition, taken as true for purposes of this motion, are as follows:

According to the cross-petition, Orly instituted an action in 2010 in the Supreme Court of New York both in her individual capacity as beneficiary and also derivatively on behalf of the Orly Trust (the "2010 New York action").  That action was brought against the purchasers of the TRI shares (the "Trump Group").  In that proceeding, the court ruled that Orly had legal standing to represent the Orly Trust.  ¶¶ 8-10.

In June 2013, Orly was party to a settlement of the 2010 New York action with the Trump Group (the "Trump/AG Settlement Agreement").  ¶ 12.  The Court thereafter entered an agreed-to Stipulation and Order of Discontinuance with Prejudice of that action.  ¶ 14.

According to Dalia (and Sagi), under the Trump/AG Settlement Agreement, the Trump Group agreed to pay $32.3 million to the AG Group, which included, not just Orly, but also her father and Arnold and David Broser, who are creditors (according to the cross-petition) to Orly personally and to whom (Dalia and Sagi allege) Orly owes "many millions of dollars."  ¶¶ 15-16.

The cross-petition alleges that this settlement agreement settled both Orly's personal claims against the Trump Group as well as any claims the Orly Trust had.  ¶¶ 17-18.  Moreover,

Dalia alleges that $17.3 million of the settlement payment has been paid, but none of that money was given to the Orly Trust. The remaining payment of approximately $15 million has not yet been paid under the terms of the settlement agreement. ¶¶ 20-21.

As Dalia admits in the cross-petition, she intervened in the 2010 New York action (in August 2014). She moved to have the Orly Trust, controlled by her, substituted as the plaintiff in that action. By the court's interim order, that motion was held in abeyance pending the outcome of this Surrogate's action. ¶¶ 23-24.

What Dalia leaves out of her cross-petition, but what is a matter of undisputed fact, is as follows:

On behalf of the Orly Trust, Dalia sued the Trump Group in Delaware in 2011. *Dalia Genger, as Trustee of the Orly Genger 1993 Trust v. TR Investors, LLC, et al.*, Case No. 6906 (Del. Ch. Ct. Oct. 4, 2011) (Strine, Ch.). In August 2013, Dalia voluntarily and unconditionally dismissed all claims of the Orly Trust with prejudice. Bowen Affirm. Ex. D, at ¶ 4 ("The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the Trump Group are dismissed with prejudice"). A year after she dismissed the Orly Trust claims in the Delaware action, Dalia sought to intervene in the 2010 New York action. While her motion to intervene was pending, the parties in that action entered into the Stipulation and Order of Discontinuance with Prejudice. At the time that order was entered – and consistent with her own settlement of the Orly Trust claims against the Trump Group in Delaware – Dalia raised no objection.

Later, Dalia appealed that discontinuance order to the Appellate Division, arguing that she should be permitted to pursue her claim that the $32 million the Trump Group had paid under the settlement in that action belongs to the Orly Trust. The Appellate Division disagreed.

It upheld the Order, ruling that Dalia had failed to object and was forever foreclosed from raising the issues she tried to raise below in that action (and that she is trying to raise again here):

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993 Trust (Orly Trust), failed to articulate any objection to the court's entry of the November 25, 2014 order dismissing plaintiff Orly Trust's breach of fiduciary duty and unjust enrichment claims against certain defendants, and her claim is not properly before this Court. . . In any case, that order did not dismiss any claims; rather, it recognized that all claims had previously been dismissed or discontinued by prior court orders, dismissed the complaint, and severed other viable third party claims, cross claims, and counterclaims unrelated to the Orly Trust.

*Genger v. Genger*, 144 A.D.3d 581, 581 (1st Dep't 2016). *See also* Bowen Affirm. Ex. E (Dalia's appellate brief).[2]

Furthermore, the Trump/AG Settlement Agreement referenced in the cross-petition refutes Dalia's claim that the settlement payment belongs to the Orly Trust. That written document expressly notes that the claims related to Orly that are being settled are *only* claims brought by her in her personal capacity and *not* as a representative of the Orly Trust. Bowen Affirm. Ex. F at 6. Moreover, references in that document to the Orly Trust were struck-through (and initialed) to emphasize that the settlement did not involve or relate to the trust at all. *Id.*[3]

## ARGUMENT

On this motion to dismiss pursuant to CPLR 3211(a)(7), any well-pleaded allegations in the cross-petition are to be taken as true. *See Kupersmith v. Winged Foot Golf Club, Inc.*, 38 A.D.3d 847, 848 (2d Dep't 2007). "However, allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are

---

[2]   Facts that are indisputable and a matter of record may properly be considered in support of a motion to dismiss pursuant to CPLR 3211. *See Acquista v. New York Life Ins. Co.*, 285 A.D.2d 73, 76 (1st Dep't 2001). "A court may consider evidentiary material submitted by a [movant] in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7)." *Basile v. Wiggs*, 98 A.D.3d 640, 641 (2d Dep't 2012).

[3]   Underlying agreements and documents referenced in a petition/complaint may properly be considered on a motion to dismiss. CPLR 3211(a)(1).

not entitled to such consideration." *Lovisa Constr. Co. v. Metro. Transp. Auth.*, 198 A.D.2d 333,

333 (2d Dep't 1993). *See also Braddock v. Braddock*, 60 A.D.3d 84, 86 (1st Dep't 2009); *Leon*

*v. Martinez*, 84 N.Y.2d 83, 87-88 (1994).

Dismissal pursuant to CPLR 3211(a)(1) is warranted "if the documentary evidence

submitted conclusively establishes a defense to the asserted claims as a matter of law."

*Morgenthrow & Latham v. Bank of N.Y. Co.*, 305 A.D.2d 74, 78 (1st Dep't 2003). Where legal

conclusions and factual allegations are refuted by documentary evidence, they are not to be

presumed as true or accorded every favorable inference upon a motion to dismiss and the

question presented is not whether the allegations have stated a cause of action, but rather,

whether the party has a cause of action. *Id.* Dalia's cross-petition is dependent on the correct

construction of the Trump/AG Settlement Agreement, which, by its plain language, refutes

Dalia's operative claims. As such, it constitutes "documentary evidence" under CPLR

3211(a)(1), as the contents of this fully executed agreement are "essentially undeniable."

*Fontanetta v. John Doe 1*, 73 A.D.3d 78, 85 (2d Dep't 2010); *see also 150 Broadway N.Y.*

*Assoc., L.P. v Bodner*, 14 A.D.3d 1, 5 (1st Dep't 2004).

Claims are properly dismissed as barred by *res judicata* under CPLR 3211(a)(5) when the

claim was decided or could have been decided in a prior proceeding in which there was a "full

and fair opportunity" to contest the issue. *In re Hunter*, 4 N.Y.3d 260, 269 (1st Dep't 2005). In

determining whether collateral estoppel bars relitigation, "[t]he party to be precluded from

relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity

to contest the prior determination." *Buechel v. Bain*, 97 N.Y.2d 295, 304 (2001); *Pahmer v.*

*Touche Ross and Co.*, 271 A.D.2d 371, 372 (1st Dep't 2000).

## I.     The Cross-Petition Fails to State a Claim
## For Breach of Fiduciary Duty and Loyalty

Count I (breach of fiduciary duty) and Count II (breach of loyalty) have no legal basis.

As a matter of law, the beneficiary of a trust does not owe that trust any fiduciary duty or duty of

loyalty.  To the contrary, those duties are owed by the trustee – here, Dalia – not the beneficiary

(Orly).  *See, e.g., Mercury Bay Boating Club Inc. v. San Diego Yacht Club*, 76 N.Y.2d 256, 270

(1990) ("We have described a fiduciary's duty as requiring not honesty alone, but the punctilio

of an honor the most sensitive.  This strict standard is the usual and appropriate measure of a

trustee's fiduciary obligations because the trustee must administer the trust for the benefit of the

beneficiaries and . . . owes the beneficiary an undivided duty of loyalty").  For that reason, these

counts fail to state a claim as a matter of law and must be dismissed.

To the extent these causes of action depend on imputing such duties to Orly as an alleged

"*de facto* trustee" (*see* ¶ 11) for purposes of the derivative claims in the New York action, there

is no valid fact basis for making that claim because Orly never compromised any trust claims in

that action (as is demonstrated below).

## II.     The Equitable Claims Are Precluded by
## Documentary Evidence and Res Judicata

The next four counts all sound in equity:  to wit, Turnover (Count III), Accounting

(Count IV), Unjust Enrichment (Count V), and Self-Dealing (Count VI).  Each of these claims is

based on and presupposes that the Trump/AG Settlement Agreement settled claims that belong to

the Orly Trust.  Thus, for example, an element of each one of these claims is that Orly was acting

on behalf of and/or took for herself an asset belonging to the Orly Trust.  *See, e.g., Mandarin*

*Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) (unjust enrichment requires a showing

that defendant was enriched by taking an asset that rightfully belonged to plaintiff); SCPA

§ 2103 (petition for turnover may be made with respect to assets which belong to the trust

estate); *Trepuk v. Frank*, 104 A.D.2d 780, 780-81 (1st Dep't 1984) (an accounting is an equitable action where plaintiff is entitled to obtain an account of assets which were misappropriated); *Baum v. Lamborn*, 203 A.D. 86, 87 (1st Dep't 1922) (same).

But that is demonstrably not the case here. The settlement agreement itself expressly notes that no trust claims are subject to the settlement. *See* Bowen Affirm. Ex. F at 6.

In addition, these claims are barred by the doctrine of *res judicata*. Dalia has twice raised the issue of what claims the Orly Trust had against the Trump Group, once in the Delaware action that Dalia settled with prejudice, and the second time in the 2010 New York action noted above. In the 2010 New York action, the First Department expressly rejected Dalia's attempt to assert the same claim she is making in this cross-petition: that the $32.3 million settlement payment belongs to the Orly Trust. *Cf.* Bowen Affirm. Ex. G at 1 (Dalia's substitution motion: "Dalia respectfully requests an order pursuant to CPLR 2701 directing the settlement fund from the Trump Group be paid into court since . . . some or all of the settlement proceeds with the Trump Group belong to . . . the Orly Trust"), *with* Bowen Affirm. Ex. A (Dalia cross-petition, ¶ 19: "none of the aforementioned $32.3 million (the 'Settlement Proceeds') has been remitted to the Orly Trust"). *See Genger*, 144 A.D.3d at 581.

Under the doctrine of *res judicata*, any claim that was brought or could have been brought in a prior concluded legal action is barred in the interest of finality. *In re Hunter*, 4 N.Y.3d at 269. Here, Dalia has the burden to show that she did not have a "full and fair opportunity" to litigate her claim that the $32.3 million in settlement proceeds belongs to the Orly Trust. *See Pahmer*, 271 A.D.2d at 372 ("Plaintiffs, in seeking to avoid the bar of res judicata, have failed to satisfy their burden of establishing that they were not afforded a full and fair opportunity to litigate their claims in the prior action.").

Dalia cannot meet that burden here.  She made this same argument to the First Department which, in denying her appeal, specifically ruled that "all [Orly Trust] claims had previously been dismissed or discontinued by prior court orders." *Genger*, 144 A.D.3d at 581. Having been previously "dismissed or discontinued," these claims are precluded.

## III.   **The Made-Up Successor Trustee Count is Not Cognizable**

The cross-petition includes a cause of action, styled "Successor Trustee."  There is no such claim at law or equity.

At best, this is a question of remedy in the event *Orly's* petition (*not* the cross-petition) is granted.  Once Dalia is judicially removed, the question of appointing the successor ensues.  In her cross-petition, Dalia cites "article SEVENTH" of the trust instrument in support of this supposed "cause of action."  ¶¶ 65, 70.  But the terms of the trust plainly provide that only a current, validly serving trustee has the ability to appoint his or her successor; nothing in the agreement allows an *ousted* trustee to do so.  In any event, the law is clear that, upon judicial removal, it is for the Court to designate a successor trustee.  *See* SCPA § 1502.

Furthermore, what Dalia seeks is absurd.  No court, especially a Surrogate sitting in equity, would permit a trustee to select her successor even though that trustee has been adjudicated to have so fundamentally betrayed her trust and duties as to warrant removal.

Because Count VII is, in fact and law, no cause of action cognizable under our laws, it too must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Dalia's cross-petition in its entirety,

with prejudice, and award Orly such other and further relief as it deems just and proper.


Dated:   New York, New York
         September 8, 2017

                                        KASOWITZ BENSON TORRES LLP


                                        By: _____
                                            Eric D. Herschmann
                                            Michael Paul Bowen
                                            Andrew R. Kurland
                                            1633 Broadway
                                            New York, New York 10019
                                            (212) 506-1700

                                            *Attorneys for Petitioner Orly Genger*