**SURROGATE'S COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

In the Matter of the Petition of Dalia Genger, as Trustee
of the Orly Genger 1993 Trust, Created by Trust Agreement
Dated December 13, 1993 between ARIE GENGER, as
Grantor, and LAWRENCE M. SMALL and SASH A.
SPENCER, as Trustees, to Turnover Property to the Orly
Genger 1993 Trust.

FILE NO.    2008-0017/E

Hon. Nora S. Anderson

---

In the Matter of DALIA GENGER, trustee of the ORLY
GENGER 1993 TRUST,

     Petitioner,

     - against -

ORLY GENGER, ARIE GENGER, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC, NEW
TR EQUITY I, LLC, NEW TR EQUITY II, LLC, TRANS-
RESOURCES, INC., ARNOLD BROSER, DAVID
BROSER, JOHN DOES 1-20, and JANE DOES 1-20,

     Respondents.

---

**MEMORANDUM OF LAW IN SUPPORT OF THE TR ENTITIES' MOTION TO DISMISS
THE AMENDED PETITION FOR TURNOVER OF TRUST PROPERTY AND OTHER
RELIEF FILED ON APRIL 13, 2018 BY DALIA GENGER AS TRUSTEE OF THE ORLY
GENGER 1993 TRUST**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

John Boyle
Four Times Square
New York, New York  10036-6522
(212) 735-3000

*Attorneys for Glenclova Investment Co.,
TR Investors, LLC, New TR Equity I, LLC, New
TR Equity II, LLC, and Trans-Resources, LLC*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTUAL BACKGROUND ............................................................................... 4

ARGUMENT ........................................................................................................................... 9

I.      STANDARD OF REVIEW ................................................................................... 9

II.    THE COURT LACKS JURISDICTION OVER THE TR ENTITIES
BECAUSE DALIA FAILED TO PROPERLY SERVE THEM ........................... 10

      A.    Neither the Original Petition Nor the Amended Petition Were
Served as Required Under the CPLR and SCPA ....................................... 10

      B.    Dismissal Is Also Required Because Dalia Failed to Properly Join
or Obtain Jurisdiction Over Trans-Resources, LLC .................................. 14

III.   DISMISSAL OF THE AMENDED PETITION IS REQUIRED AND
THE TURNOVER CLAIM AGAINST THE TR ENTITIES IS NOW
TIME-BARRED BECAUSE PROCESS WAS NOT SERVED WITHIN
THE TIME PERIOD REQUIRED BY THE SCPA ............................................. 15

IV.   DALIA'S TURNOVER CAUSE OF ACTION CANNOT STAND ..................... 17

V.    DALIA'S "INJUNCTION" CLAIM IS NOT AN APPROPRIATE CAUSE
OF ACTION ........................................................................................................ 18

VI.   RES JUDICATA AND COLLATERAL ESTOPPEL BAR DALIA'S
CLAIMS .............................................................................................................. 20

VII.  SHOULD THE COURT NOT DISMISS THE AMENDED PETITION
FOR ANY OF THE ABOVE REASONS IT SHOULD BE STAYED OR
DISMISSED ........................................................................................................ 24

CONCLUSION ...................................................................................................................... 25

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Basile v. Wiggs,*
98 A.D.3d 640, 950 N.Y.S.2d 148 (2d Dep't 2012)..............................................9

*Biondi v. Beekman Hill House Apartment Corp.,*
257 A.D.2d 76, 692 N.Y.S.2d 304 (1st Dep't 1999), *aff'd,* 94 N.Y.2d 659 (2000) ............9

*Bronxville Knolls, Inc. v. Webster Town Center,*
221 A.D.2d 248, 634 N.Y.S.2d 62 (1st Dep't 1995).........................................10

*Ciafone v. Queens Center for Rehabilitation & Residential Healthcare,*
126 A.D.3d 662, 5 N.Y.S.3d 462 (2d Dep't 2015)...........................................12

*D'Amour v. Ohrenstein & Brown, LLP,*
17 Misc. 3d 1130(A), 2007 N.Y. Slip Op. 52207(U) (Sup. Ct. N.Y. Cty. Aug. 13, 2007) ..................................................................................19

*Dewey v. Hillcrest General Hospital,*
201 A.D.2d 609, 607 N.Y.S.2d 967 (2d Dep't 1994)....................................12, 13

*Estate of Jervis v. Teachers Insurance & Annuity Ass'n,*
279 A.D.2d 367, 720 N.Y.S.2d 21 (1st Dep't 2001).........................................17

*Faberge International Inc. v. Di Pino,*
109 A.D.2d 235, 491 N.Y.S.2d 345 (1st Dep't 1985)........................................20

*Fifty CPW Tenants Corp. v. Epstein,*
16 A.D.3d 292, 792 N.Y.S.2d 58 (1st Dep't 2005)..........................................20

*Genger v. Genger,*
144 A.D.3d 581, 2016 N.Y. Slip Op. 07987, 41 N.Y.S.3d 414 (1st Dep't 2016)..........9, 23

*Genger v. Genger,*
38 Misc. 3d 1213(A), 2013 WL 221485 (Sup. Ct. N.Y. County Jan. 3, 2013), *aff'd as modified,* 121 A.D.3d 270, 990 N.Y.S.2d 498 (1st Dep't 2014)....................................5

*Genger v. Genger,*
76 F. Supp. 3d 488 (S.D.N.Y. 2015), *aff'd,* 663 F. App'x 44 (2d Cir. 2016)......................3

*Genger v. Genger,*
No. 651089/2010, 2015 N.Y. Slip Op. 30008(U) (Sup. Ct. N.Y. County Jan. 7, 2015) (Trial Order), *aff'd,* 135 A.D.3d 454, 22 N.Y.S.3d 433 (1st Dep't 2016)................4

ii

*Genger v. TR Investors, LLC*,
    C.A. No. 6906-CS (Del. Ch. Ct.) ......................................................................................7

*Greenway Medical Supply Corp. v. American Transit Insurance Co.*,
    58 Misc. 3d 147(A) (N.Y. App. Term. 2018) ...................................................................21

*Gropper v. 200 Fifth Owner LLC*,
    151 A.D.3d 635, 58 N.Y.S.2d 42 (1st Dep't 2017) ......................................................20, 23

*Held v. Macy's Inc.*,
    25 Misc. 3d 1219(A), 2009 N.Y. Slip Op. 52189(U) (Sup. Ct. Westchester Cty.
    Oct. 19, 2009) ............................................................................................................18, 19

*In re Estate of Hunter*,
    4 N.Y.3d 260, 794 N.Y.S.2d 286 (2005) .................................................................20, 23

*In re Genger*,
    No. 2008-0017, 2014 WL 5364557 (Surr. Ct. N.Y. Cty. July 24, 2014) ....................13, 14

*In re Perelman*,
    123 A.D.2d 436, 999 N.Y.S.2d 2 (1st Dep't 2014) ...........................................................16

*In re Thomas*,
    28 Misc. 3d 300, 901 N.Y.S.2d 493 (Surr. Ct. Broome Cty. 2010) ...................................15

*Insurance Co. of State of Pennsylvania v. HSBC Bank USA*,
    10 N.Y.3d 32, 852 N.Y.S.2d 812 (2008) ...........................................................................21

*Kaleidakolor, Inc. v. Edward N. Hoffman Advert. Corp.*,
    No. 25577/91, 1995 WL 17961040 (Sup. Ct. N.Y. Cty. May 8, 1995) ............................13

*Landau, P.C. v. LaRossa, Mitchell & Ross*,
    11 N.Y.3d 8, 862 N.Y.S.2d 316 (2008) .............................................................................20

*McDonald v. Ames Supply Co.*,
    22 N.Y.2d 111, 291 N.Y.S.2d 328 (1968) .........................................................................13

*New Greenwich Litigation Tr., LLC v. Citco Fund Services (Europe) B.V.*,
    145 A.D.3d 16, 41 N.Y.S.3d 1 (1st Dep't 2016) .........................................................10, 17

*O'Brien v. City of Syracuse*,
    54 N.Y.2d 353, 445 N.Y.S.2d 687 (1981) .........................................................................20

*Poindexter v. EMI Record Group Inc.*,
    No. 11 Civ. 559, 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012) .......................................10

*Ross v. Lan Chile Airlines*,
    14 A.D.3d 602, 789 N.Y.S.2d 77 (2d Dep't 2005) ............................................................12

*Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.*,
    250 N.Y. 304 (1929) ..............................................................................................21

*SportsChannel American Assocs. v. National Hockey League*,
    186 A.D.2d 417, 589 N.Y.S.2d 2 (1st Dep't 1992) ............................................................20

*Stuyvesant Fuel Service Corp. v. 99-105 3rd Ave. Realty LLC*,
    192 Misc. 2d 104, 745 N.Y.S.2d 680 (N.Y. Civ. Ct. 2002) ...............................................12

*Syncora Guarantee Inc. v. J.P. Morgan Securities LLC*,
    110 A.D.3d 87, 970 N.Y.S.2d 526 (1st Dep't 2013) ...........................................................24

*TR Investors, LLC v. Genger*,
    No. 3994-VCS, 2010 WL 2901704 (Del. Ch. July 23, 2010), *aff'd*, 26 A.3d 180
    (Del. 2011) ....................................................................................................................3

*Waterscape Resort, L.L.C. v. 70 W. 45th St. Holding LLC*,
    No. 652124/2014, 2015 WL 4400219 (Sup. Ct. N.Y. Cty. July 17, 2015) .......................19

*Whitney v. Whitney*,
    57 N.Y.2d 731, 454 N.Y.S.2d 977 (1982) .........................................................................24

*Zanett Lombardier, Ltd. v. Maslow*,
    29 A.D.3d 495, 815 N.Y.S.2d 547 (1st Dep't 2006) ............................................................9

*Zodkevitch v. Feibush*,
    49 A.D.3d 424, 854 N.Y.S.2d 373 (1st Dep't 2008) ..........................................................19

## STATUTES AND RULES

CPLR 213.................................................................................................................10, 16

CPLR 214.......................................................................................................................10

CPLR 311.....................................................................................................................2, 11

CPLR 311-a ...............................................................................................................2, 11, 12

CPLR 320(c) ..............................................................................................................1, 11

CPLR 1001(a) ..................................................................................................................15

CPLR 1003.................................................................................................................1, 15

CPLR 2201.......................................................................................................................24

CPLR 3012.......................................................................................................................14

CPLR 3211(a)(1) ...............................................................................................................9

iv

CPLR 3211(a)(4) ................................................................................................24

CPLR 3211(a)(5) ...........................................................................................10, 20

CPLR 3211(a)(7) ..................................................................................................9

CPLR 3211(a)(8) .............................................................................................1, 11

CPLR 3211(a)(10) ..............................................................................................15

CPLR 6301............................................................................................................19

SCPA 203...........................................................................................................2, 10

SCPA 301................................................................................................................2

SCPA 307.........................................................................................................2, 11, 14

SCPA 312................................................................................................................14

## OTHER AUTHORITIES

N.Y. C.P.L.R. 3012(a) cmt. C3012:6...................................................................13

N.Y. Surr. Ct. Proc. Act § 301 cmt. 2017 ..........................................................15

Respondents Glenclova Investment Co., TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources LLC[1] (collectively the "TR Entities") respectfully submit this memorandum of law in support of their Motion to Dismiss the Amended Petition for Turnover of Trust Property and Other Relief filed on April 13, 2018, by Dalia Genger ("Dalia") as Trustee of the Orly Genger 1993 Trust (the "Amended Petition"), as against the TR Entities, pursuant to CPLR 213, CPLR 214, CPLR 311, CPLR 311-a, CPLR 1001, CPLR 1003, CPLR 3016(b), CPLR 3211(a)(1), (3), (4), (5), (7), (8) and (10), and SCPA 203, SCPA 301, SCPA 306, SCPA 307, SCPA 308, and SCPA 312.[2]

## PRELIMINARY STATEMENT

On April 13, 2018, without permission of the Court or any of the Respondents, Dalia filed her Amended Petition.[3]  The passage of time has not enhanced Dalia's meritless allegations – quite to the contrary, her belated filing is as flawed as the original Petition[4] it purports to supplant.  Although Dalia's Amended Petition retracts almost every substantive cause

---

[1]     As initially pointed out in the TR Entities' motion to dismiss the original Petition for turnover, there is no existing corporation known as Trans-Resources, Inc.  It was converted into Trans-Resources, LLC in June 2013, and is a limited liability company created under the laws of Delaware, and has its principal offices in Florida. (*See* Affidavit of Mark S. Hirsch in Support of Motion to Dismiss the Amended Petition ¶ 5, cited herein as "Hirsch Aff.").  The original citations issued in this proceeding did not identify Trans-Resources, LLC as a petitioner, no citation whatsoever has been served on Trans-Resources, LLC, and no supplemental citation identifying Trans-Resources, LLC has been issued or served.  (Hirsch Aff. ¶¶ 5, 6, 8).  As explained herein, Dalia's failure to properly join Trans-Resources, LLC – a necessary party to this proceeding – further justifies dismissal of the Amended Petition.  *See* CPLR 1003.

[2]     Because the TR Entities are objecting to jurisdiction under CPLR 3211(a)(8), their limited appearance by way of this motion (and their motion to dismiss the original Petition) is not a waiver of service or a waiver of any challenge to jurisdiction, and is not a formal appearance for any purposes other than to object to jurisdiction. *See* CPLR 320(c).

[3]     A copy of the Amended Petition without exhibits is attached as Exhibit A to the Affirmation of John Boyle filed in Support of the TR Entities' Motion to Dismiss the Amended Petition submitted herewith.  Copies of other documents relied upon in the Amended Petition and other documents that the Court may consider are similarly attached as exhibits to the Boyle Affirmation.  The exhibits to the Boyle Affirmation are cited herein as "Boyle Aff., Ex. __."

[4]     Boyle Aff., Ex. M.

of action she previously alleged against the TR Entities in her original Petition, the Amended Petition's new allegations are subject to dismissal for the same myriad reasons initially asserted by the TR Entities in their motion to dismiss the original Petition plus some. *First*, the Court lacks jurisdiction over the TR Entities because neither the original Petition nor the Amended Petition has been properly served. *See* CPLR 311; CPLR 311-a; *see also* SCPA 203; SCPA 307. *Second*, the three-year statute of limitations applicable to Dalia's only substantive claim against the TR Entities (i.e., "turnover") has long-ago expired and has not been tolled because Dalia failed to serve process on any of the TR Entities within 120 days after the filing of the original Petition. *See* SCPA 301(a). *Third*, the Amended Petition fails to state a claim as to the "turnover" and so-called "injunction" causes of action because, among other reasons, Dalia has not (and cannot) sufficiently allege the necessary elements of these claims, Dalia has admitted and the documentary evidence establishes that the TR Entities have not received and are not holding any money from, or due, the Orly Genger 1993 Trust, and, as a matter of law, an injunction is a remedy and not a cause of action. And *finally*, the claims in the Amended Petition must be dismissed under principles of res judicata because, as admitted in the Amended Petition, Dalia, as trustee of the Orly Genger 1993 Trust, stipulated to a dismissal with prejudice of all claims against the TR Entities concerning ownership of any Trans-Resources shares, which had also been finally resolved by the Settlement Agreement, and Dalia could have (and, if she ever intended to, should have) asserted but failed to assert the claims that underlie her Amended Petition in any one of several prior proceedings.

Before turning to the allegations (and the insufficiency thereof) in the Amended Petition, the sage reflections of New York Supreme Court Justice Cooper, who recently presided over a Genger family dispute, are noteworthy. In that proceeding, Justice Cooper detailed what

2

has been called the "Genger family's litigation saga." Citing his own Westlaw search he

observed that:

> the Genger's lawsuits against each other have resulted in almost 40 reported
> decisions from the New York State Supreme Court and the Federal District Court
> for the Southern District of New York. Of the state court decisions, at least 10
> have been from the Appellate Division, First Department. There has also been
> extensive litigation in the Delaware state courts, as well as counties; unpublished
> decisions and orders from trial judges in the matrimonial and IAS parts of this
> court.

*Genger v. Genger*, No. 302436/2002, Decision and Order at 2 (Sup. Ct. N.Y. Cty. June 3, 2016)

(A copy of Justice Cooper's decision is attached as Ex. B to the Boyle Aff.). Justice Cooper

further noted that the "bitter and seemingly endless battle" pits the mother Dalia and the son Sagi

against the father Arie and the daughter Orly, and that the family has "employed a small army of

lawyers to fight over the pieces of the family pie and, it seems, to make each other's lives as

miserable as possible." (Boyle Aff., Ex. B at 3 (quoting *Genger v. Genger*, 76 F. Supp. 3d 488,

491 (S.D.N.Y. 2015), *aff'd*, 663 F. App'x 44 (2d Cir. 2016))). In this regard, Justice Cooper

rightly commented that the Genger cases seem to be more about "a dysfunctional family where

each member is intent on inflicting as much pain as possible on his or her ex-spouse, parent,

child or sibling," than about the merits of any claim. (Boyle Aff., Ex. B at 3-4).

        To the extent that the Genger family feud continues (as in this proceeding) to

improperly and without any merit haul innocent third parties, such as the TR Entities, into their

litigation blitz, this practice must come to an end. As Chief Justice Strine of the Delaware

Supreme Court (then-Vice-Chancellor of the Delaware Chancery Court) found: "the Genger

family's internecine feud . . . is not the [TR Entities'] problem . . . ." *TR Investors, LLC v.*

*Genger*, C.A. No. 3994-VCS, 2010 WL 2901704, at *18 (Del. Ch. July 23, 2010), *aff'd*, 26 A.3d

180 (Del. 2011). As described below, the claims asserted against the TR Entities in the

Amended Petition are without any merit and/or were settled or dismissed by the voluntary

3

actions of Dalia (as trustee of the Trust) and Orly (individually and in her capacity under the

Trust) many years ago. As Justice Jaffe has noted, the "economic consequence" arising out of

the transfers of the Trans-Resources shares that underlie the claims alleged in this Amended

Petition are the result "of the bitter feud among the members of the Genger family, which should

not be borne by [the TR Entities] . . . ." *Genger v. Genger*, No. 651089/2010, 2015 N.Y. Slip

Op. 30008(U), at *12 (Sup. Ct. N.Y. Cty. Jan. 7, 2015) (Trial Order), *aff'd*, 135 A.D.3d 454, 22

N.Y.S.3d 433 (1st Dep't 2016). Justice Jaffe further noted that the court should not extend any

equity to "needlessly prolong this litigation, especially where the [TR Entities] . . . [are]

essentially an outside bystander caught up in the contentious family feud." *Id.* at *14. These

pointed admonitions should be heeded and, insofar as the Amended Petition attempts to again

drag the TR Entities back into the Genger family's courtroom combat, the Amended Petition

should be dismissed.

## **RELEVANT FACTUAL BACKGROUND**

This proceeding is purportedly brought on behalf of the Orly Genger 1993 Trust

(the "Trust") by Dalia Genger (Orly's mother) as trustee. Dalia filed her original Petition on June

14, 2016. She attempted to commence this proceeding despite that, at least since June 22, 2009,

Orly has sought in this Court to remove Dalia as trustee. On June 21, 2017, this Court denied

Dalia's motion to dismiss Orly's petition to have her removed, noting that Orly's allegations

"raise significant issues about whether Dalia's efforts as trustee have been calculated to benefit

herself and others at the expense of the Orly Trust in violation of her fiduciary duty and whether

she poses an ongoing threat to the assets of the Orly Trust." *In re Orly Genger*, No. 2008-

0017/B, Decision at 12, dated June 21, 2017 (a copy is attached as Ex. C to the Boyle Aff.).

4

On February 6, 2018, the TR Entities and the other Respondents moved to dismiss the original Petition. Dalia opposed those motions and on February 27, 2018 the parties were before the Court in connection with the motions to dismiss, which were *sub judice* before the Court. Subsequently, on April 13, 2018, Dalia filed the Amended Petition, which, among other infirmities, continues to improperly name Trans-Resources, Inc. as a Respondent. Despite the fact that one of the grounds for the TR Entities' motion to dismiss the original Petition was the lack of personal jurisdiction because Dalia never properly served the required citations, Dalia did not endeavor to properly serve the Amended Petition or any citations or supplemental citations on any of the TR Entities. Rather, without any basis for doing so, Dalia merely mailed the Amended Petition (without any citations) to the TR Entities' counsel. (*See* Boyle Aff ¶ 3; Hirsch Aff. ¶ 8).

Since at least 2010, the TR Entities have been subjected to several litigations with the Genger family over who is or was the legal and beneficial owner of certain shares of Trans-Resources, Inc., a holding company for fertilizer and specialty chemicals business. Ultimately, following several trips to, and dispositive rulings and orders entered by, the Delaware Chancery Court, the Delaware Supreme Court, the New York Supreme Court, the Appellate Division, First Department, and the United States District Court for the Southern District of New York, and stipulations, settlements, and voluntary dismissals entered into with and/or by various persons, it has been conclusively determined that the TR Entities are the sole and only lawful and beneficial owners of all Trans-Resources shares. Discussed below are some of the proceedings, rulings, and other resolutions that are relevant to the original Petition and the Amended Petition.

The New York Action

In July 2010, Arie Genger and others, including his daughter Orly, commenced an action against the TR Entities and others. *See Genger v. Genger*, 38 Misc. 3d 1213(A), 2013 WL

5

221485, at *3 (Sup. Ct. N.Y. Cty. Jan. 3, 2013), *aff'd as modified*, 121 A.D.3d 270, 990 N.Y.S.2d 498 (1st Dep't 2014). In that action, Orly, acting individually and on behalf of the Trust, asserted a variety of causes of action against the TR Entities, Dalia (Orly's mother who was the putative trustee of the Trust), and others. *See id.* at *1. The TR Entities, Dalia, and others not relevant here moved to dismiss the complaint. In a Decision and Order dated January 3, 2013, the court granted Dalia's motion to dismiss in all respects, and granted in part and denied in part the TR Entities' motion to dismiss. *See id.* at *20-21. On July 1, 2013, the court "so ordered" and entered a Stipulation of Discontinuance with Prejudice that, among other things, dismissed all claims against the TR Entities brought by Orly, both individually and as beneficiary of the Trust (the "NY Dismissal with Prejudice"). (Boyle Aff., Ex. D).

Prior to entry of that order, on June 16, 2013, the AG Group, consisting of Arie Genger, Arnold and David Broser, and Orly (individually and as beneficiary of the Trust), and the TR Entities entered into a settlement agreement (the "Settlement Agreement") that settled all claims between and among the TR Entities and the AG Group. (*See* Boyle Aff., Ex. E; *see also* Ex. A [Amended Petition] at ¶¶ 14-16). It was in reliance upon the prior determination of the court that Orly, as beneficiary, was authorized to act on behalf of the Trust, that the TR Entities, Orly (both individually and as beneficiary of the Trust), and the other parties entered into the Settlement Agreement and into the NY Dismissal with Prejudice. Indeed, the NY Dismissal with Prejudice was "so ordered" by the court and expressly notes that Orly was acting "individually and as beneficiary of" the Trust. (Boyle Aff., Ex. E at 1). Most important, Dalia acknowledges that, pursuant to court rulings, Orly had legal standing to represent the Trust. (*See* Boyle Aff., Ex. A [Amended Petition] at ¶¶ 9-11).

6

The Settlement Agreement between the TR Entities and the AG Group provided that the AG group was to receive up to $35 million over time, less amounts already held in escrow and subject to certain setoffs and adjustments (the "Settlement Proceeds"), in return for a full release of claims against the TR Entities, including a general release by Orly, both as an individual and as beneficiary of the Trust, and a declaration that the TR Entities own "all right, title and interest (beneficially, of record, and otherwise)" to all of the Trans-Resources shares. (*See* Boyle Aff., Ex. E at ¶¶ 2-4).

The Delaware Action

On October 4, 2011, Dalia, as trustee of the Trust, filed an action in the Delaware Court of Chancery against the TR Entities and others seeking a determination as to the beneficial ownership of the so-called Orly Trust Shares – i.e., the Trans-Resources shares that, although sold to the TR Entities, the Trust continued to claim to beneficially own. *See Genger v. TR Investors, LLC*, C.A. No. 6906-CS (Del. Ch. Ct. Oct. 4, 2011). On August 30, 2013, after the NY Dismissal with Prejudice was entered, Dalia, as trustee of the Trust, agreed to entry of a Stipulation and Proposed Order of Dismissal (the "Delaware Dismissal"), which ordered that the TR Entities were indeed both the record and beneficial owners of the Trans-Resources shares. (*See* Boyle Aff., Ex. F at ¶ 2 ("[The TR Entities] owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to all authorized and issued shares of Trans-Resources")). The Delaware Dismissal also dismissed with prejudice all of Dalia's claims against the TR Entities. (*See* Boyle Aff., Ex. F at ¶ 4 ("The claims brought on behalf of the Orly Genger 1993 Trust by the Trustee of the Orly Trust against the [TR Entities] are dismissed with prejudice . . . .")). Before agreeing to dismiss all of the Trust's claims with prejudice, however, Dalia made clear to the Delaware court that she was aware of the Settlement Agreement, and that the TR Entities were willing to produce it to her (should the court direct them to do so) to pursue

7

claims. (*See* Boyle Aff., Ex. G). Rather than pursue those claims, however, Dalia decided to stipulate to the Delaware Dismissal (based upon Orly's wishes) and to dismiss her claims with prejudice without even reviewing the Settlement Agreement.

And so, through both actions – the New York Action and the Delaware Action – the Trust had two opportunities to bring any and all claims that it might possibly assert against the TR Entities. Nevertheless, the Trust – through both its primary beneficiary (Orly in the New York Action) and its trustee (Dalia in the Delaware Action) – dismissed all claims with prejudice rather than litigate.

## Dalia's Efforts to Step into Orly's Shoes

Approximately one year after she stipulated to the Delaware Dismissal, and having previously opted to seek dismissal of the New York claims rather than remain involved in any capacity in that action, Dalia, as trustee to the Trust, made an about face and moved to substitute in the New York Action for the purpose of asserting claims on behalf of the Trust against the TR Entities and others. That motion was held in abeyance pending the outcome, in this Court, of Orly's petition to remove Dalia as trustee. (*See* Boyle Aff., Ex. A at ¶ 26). While Dalia's motion was pending, the parties in the New York Action then sought to have the court enter a second order reflecting complete dismissal with prejudice of claims brought by Orly, which it did on November 25, 2014. (*See* Boyle Aff., Ex. H). Dalia, as trustee of the Trust, never raised any objection to the entry of that dismissal with prejudice, notwithstanding her pending motion to substitute in that action for Orly.

Despite failing to raise any objection to the court's entry of that order, Dalia later appealed the dismissal and specifically argued that she should be permitted to pursue the Trust's claims that the Settlement Proceeds paid (or to be paid) under the Settlement Agreement belonged to the Trust. The First Department denied her appeal and instead held that, because

8

Dalia failed to object to the dismissal in the first place (which are the very same claims she belatedly asserts in her Amended Petition), she was foreclosed from raising the issues she tried to raise below – i.e., that the Trust is entitled to the Settlement Proceeds. Specifically the First Department ruled that:

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993 Trust (Orly Trust), failed to articulate any objection to the court's entry of the November 25, 2014 order dismissing plaintiff Orly Trust's breach of fiduciary duty and unjust enrichment claims against certain defendants, and her claim is not properly before this Court . . . . In any case, that order did not dismiss any claims; rather, it recognized that all claims had previously been dismissed or discontinued by prior court orders, dismissed the complaint, and severed other viable third party claims, cross claims, and counterclaims unrelated to the Orly Trust.

*Genger v. Genger*, 144 A.D.3d 581, 2016 N.Y. Slip Op. 07987, at *1, 41 N.Y.S.3d 414, 414-15 (1st Dep't 2016).

## **ARGUMENT**

## I.    **STANDARD OF REVIEW**

When a motion to dismiss is asserted under CPLR 3211(a)(1), the court is not required to accept factual allegations that are contradicted by documentary evidence or legal conclusions that are unsupported in the face of undisputed facts.[5] *See Zanett Lombardier, Ltd. v. Maslow*, 29 A.D.3d 495, 495, 815 N.Y.S.2d 547, 548 (1st Dep't 2006). For example, dismissal pursuant to CPLR 3211(a)(1) is warranted where the documentary evidence definitively disposes

---

[5]   In reaching its determination on a motion to dismiss, a court may consider facts that are indisputable and a court may also "consider evidentiary material submitted by a [movant] in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7)." *Basile v. Wiggs*, 98 A.D.3d 640, 641, 950 N.Y.S.2d 148, 149 (2d Dep't 2012). Where a movant indisputably demonstrates through evidentiary material that an allegation was not a fact at all, a motion to dismiss may be properly granted. *Id.* And where allegations consist of bare legal conclusions and inherently incredible factual claims or claims contradicted by documentary evidence, they are not presumed to be true. *See Biondi v. Beekman Hill House Apartment Corp.*, 257 A.D.2d 76, 81, 692 N.Y.S.2d 304, 308 (1st Dep't 1999) (where court considers extrinsic evidence on a CPLR 3211 motion the allegations of the complaint are not deemed true and the motion should be granted where the essential facts have been negated by the evidentiary matter), *aff'd*, 94 N.Y.2d 659, 709 N.Y.S.2d 861 (2000).

of plaintiff's claim. *See Bronxville Knolls, Inc. v. Webster Town Ctr. P'ship*, 221 A.D.2d 248, 248, 634 N.Y.S.2d 62, 63 (1st Dep't 1995). In addition, a plaintiff's allegations made in its original pleading may be deemed informal judicial admissions that constitute "documentary evidence" within the meaning of CPLR 3211(a)(1). *See New Greenwich Litig. Tr., LLC v. Citco Fund Servs. (Europe) B.V.*, 145 A.D.3d 16, 25, 41 N.Y.S.3d 1, 8-9 (1st Dep't 2016). Where allegations in the original pleading contradict allegations in the amended pleading, dismissal is justified. *See id.*; *cf. Poindexter v. EMI Record Grp. Inc.*, No. 11 Civ. 559, 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) (dismissing claim noting that "[e]ven though the Amended Complaint is the operative pleading, the Court may still credit admissions in the original complaint and attached exhibits"). And, finally, CPLR 3211(a)(5) provides for dismissal where the cause of action may not be maintained because of collateral estoppel, res judicata, or statute of limitations.

Regardless, the Court need not even address the substantive CPLR 3211 arguments since, as established below, the Court lacks jurisdiction over the TR Entities. *See* CPLR 3211(a)(8); CPLR 213; CPLR 214; SCPA 203.

## II.     THE COURT LACKS JURISDICTION OVER THE TR ENTITIES BECAUSE DALIA FAILED TO PROPERLY SERVE THEM

### A.     Neither the Original Petition Nor the Amended Petition Were Served as Required Under the CPLR and SCPA

Dismissal of the Amended Petition is warranted because Dalia has not served the original or Amended Petition or any necessary citations on any of the TR Entities. Although Dalia first attempted service on January 5, 2018 – some 570 days after she filed the original Petition – Dalia's belated effort was indisputably ineffective and lacked diligence. On that date, Dalia had citations delivered to the offices of Creative World Management, Inc. ("CWM") at 400 Park Avenue, New York, NY. (Hirsch Aff. ¶ 6). Delivery merely consisted of the process server

leaving citations with an administrative assistant. (Hirsch Aff. ¶ 7). The citations were not

personally delivered to any member, officer, or authorized agent of any of the TR Entities. (*See*

Hirsch Aff. ¶¶ 5-8). Under the CPLR, such service, even if it had been timely made (which it

was not), was improper and does not confer jurisdiction over any of the TR Entities.[6]

   Notably, Dalia's filing of the Amended Petition only exacerbates her service

failures. Following the filing of the Amended Petition on April 13, 2018, Dalia attempted

service of the Amended Petition only by mailing it to the TR Entities' outside counsel. (*See*

Boyle Aff. ¶ 3). No other method of service of the Amended Petition was attempted. (*See*

Hirsch Aff. ¶ 8). Because the initial service of the original Petition was ineffective and because

the TR Entities had moved for dismissal of the original Petition for lack of personal jurisdiction,

among other bases, service of the Amended Petition in this manner was insufficient. *See In re*

*Genger*, No. 2008-0017, 2014 WL 5364557, at \*2-3 (Surr. Ct. N.Y. Cty. July 24, 2014)

(Anderson, J.) (Trial Order) (citing CPLR 3012(a) and holding in related *Genger* proceeding to

remove Dalia as Trustee that amended pleading asserting new or additional claims must be

served upon all parties that have not appeared in the same manner as required for service of a

summons). Here, as noted above, none of the TR Entities has appeared in this action[7] or waived

service of process. (*See* Boyle Aff., ¶ 3; Hirsch Aff. ¶ 8). These several failings, as discussed in

more detail below, warrant dismissal of the Amended Petition under CPLR 3211(a)(8).

   *First*, none of the TR Entities maintains an office at CWM, or anywhere else in

New York State. (Hirsch Aff. ¶ 3). And, *second*, four of the five TR Entities are limited liability

---

[6] Under SCPA 307(5), service of process upon a corporation or a limited liability company is governed by CPLR 311 and CPLR 311-a.

[7] As previously noted (*see supra* note 2), the TR Entities' service of this motion to dismiss and its prior motion to dismiss the original Petition are not appearances within the meaning of SCPA 401 and do not confer jurisdiction. *See* CPLR 320(c).

11

companies.[8] Service on a limited liability company (an "LLC") is only effective if personally delivered to a member, manager, or other agent authorized to receive process. *See* CPLR 311-a. The administrative assistant with whom service was left has none of those roles, is not an employee of any of the TR Entities, and does not even work in an office maintained by the TR Entities. (Hirsch Aff. ¶¶ 6-7). Attempted service of these citations by delivery to an administrative assistant in these circumstances is improper. *See, e.g., Ciafone v. Queens Ctr. for Rehab. & Residential Healthcare*, 126 A.D.3d 662, 663-64, 5 N.Y.S.3d 462, 464 (2d Dep't 2015) (dismissing action against LLC holding that delivery of process to someone other than person authorized under CPLR 311-a is insufficient); *Stuyvesant Fuel Serv. Corp. v. 99-105 3rd Ave. Realty LLC*, 192 Misc. 2d 104, 106, 745 N.Y.S.2d 680, 681 (Civ. Ct. Bronx Cty. 2002) (dismissing claims against LLC because service on receptionist was improper); *see also Dewey v. Hillcrest Gen. Hosp.*, 201 A.D.2d 609, 609-10, 607 N.Y.S.2d 967, 968 (2d Dep't 1994) (because process was neither delivered to defendant's place of business nor to one of its employees, service was improper).[9]

   *Third*, service was also ineffective as to Glenclova Investment Co., a Cayman Islands company, and the only non-LLC among the TR Entities. Again the CPLR provides the rule: service upon a corporation is effective only if it is personally served upon an officer, director, managing agent, or some other agent authorized to receive service. *See* CPLR 311. As noted above, the administrative assistant with whom such service was left has no such role, is not

---

[8]   TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, and Trans Resources, LLC are all limited liability companies. (Hirsch Aff. ¶ 4).

[9]   Moreover, although the Amended Petition and the original citation purport to identify Trans-Resources, Inc. as a Respondent, Trans-Resources, Inc. was not a party to the Settlement Agreement at issue. *(See* Boyle Aff., Ex. E). Rather, the proper party is Trans-Resources, LLC, a Delaware limited liability company. (Hirsch Aff. ¶ 5). Dalia's failure to properly name and serve Trans-Resources, LLC provides an additional ground for dismissal. *See Ross v. Lan Chile Airlines*, 14 A.D.3d 602, 603-04, 789 N.Y.S.2d 77, 79 (2d Dep't 2005) (holding that misnaming of the entity as an "Inc." rather than an "LLC" was "in fact no naming at all").

a Glenclova employee, and was not even working in an office maintained by Glenclova. (*See* Hirsch Aff. ¶¶ 6-7). As a consequence, service upon her was improper. *See McDonald v. Ames Supply Co.*, 22 N.Y.2d 111, 114-16, 291 N.Y.S.2d 328, 331-32 (1968) (delivery to building receptionist who was not corporation's employee insufficient under CPLR 311 even though receptionist later re-delivered process to proper person); *Dewey*, 201 A.D.2d at 609-10, 607 N.Y.S.2d at 968 (delivery of process to executive secretary, even where secretary agreed to accept service on behalf of defendant, was ineffective under CPLR 311 where secretary was not employee of defendant and had never been authorized to accept service on behalf of defendant); *Kaleidakolor, Inc. v. Edward N. Hoffman Advert. Corp.*, No. 25577/91, 1995 WL 17961040, at *1 (Sup. Ct. N.Y. Cty. May 8, 1995) (service invalid on employee at office where employee was not authorized to accept service, was not employed by defendant, and office was not office of defendant).

And, *finally*, and as noted above, Dalia's subsequent attempted service of the Amended Petition on the TR Entities' attorney is also insufficient. Because Dalia never properly served the citation for the original Petition on any of the TR Entities, and because the TR Entities have never appeared in the proceeding, service by mail on the TR Entities' attorney does not confer jurisdiction over the TR Entities. *See In re Genger*, 2014 WL 5364557, at *3 & n.3 (holding that where party has not yet appeared the mailing of an amended pleading will not confer jurisdiction as service of process is required); *see also* N.Y. C.P.L.R. 3012(a) cmt. C3012:6 (comment by Patrick M. Connors) (noting that if a plaintiff wants to amend a pleading before the defendant has been served, the plaintiff "must personally serve a copy of both the original complaint that was filed to commence the action, plus the amended complaint, on [the defendant] under one of the CPLR 308 methods").

13

B.     Dismissal Is Also Required Because Dalia Failed to Properly
       Join or Obtain Jurisdiction Over Trans-Resources, LLC

Despite the fact that the Amended Petition attempts (albeit ineffectively) to add

Trans-Resources, LLC as a Respondent and to add new claims, Dalia has failed to follow the

procedures of this Court in naming and serving an additional party.  Pursuant to SCPA 312, the

addition of a party to a proceeding requires the issuance of a supplemental citation naming that

new party.  Further, SCPA 307 requires service of that supplemental citation.[10]  Dalia has done

neither.  (*See* Hirsch Aff. ¶ 8).  Perhaps even more problematic, Dalia does not identify Trans-

Resources, LLC as a Respondent in the caption of the Amended Petition but instead still refers to

Trans-Resources, Inc. as a Respondent.  Dalia only tangentially refers to Trans Resources, LLC

as a Respondent in paragraph 88 of the Amended Petition, where she lists Trans-Resources, LLC

as having an interest in the proceeding as a "Respondent" while continuing to misidentify Trans-

Resources, LLC's address.  (*See* Boyle Aff., Ex. A at ¶ 88(a); *see also* Hirsch Aff. ¶ 5).  At

minimum, Dalia's failure to properly add Trans-Resources, LLC as a Respondent, coupled with

her complete failure to obtain and serve a supplemental citation on Trans-Resources, LLC

requires dismissal of the claims against Trans-Resources, LLC under CPLR 3211(a)(8).

Further, the indisputable documentary evidence establishes that Trans-Resources,

LLC is the only TR Entity that is a signatory to certain promissory notes (the "Notes").  (*See*

Hirsch Aff. ¶ 9; Boyle Aff., Ex. E [Settlement Agreement] at Exhibit A), and only Trans-

Resources, LLC is identified as the "Maker" of those Notes.  (*See id.*).  Thus, Dalia's "turnover"

and "injunction" causes of action against the other TR Entities – which rely solely upon an

alleged obligation to make the "Remaining Payments" under those Notes – must also be

---

[10]   Similarly, CPLR 3012(a) requires that "[a] subsequent pleading asserting new or additional claims for relief
shall be served upon a party who has not appeared in the manner provided for service of a summons."

14

dismissed because it is incontrovertible that none of the other TR Entities has any direct obligations under the Notes.

For these same reasons, Trans-Resources, LLC is a necessary party to this proceeding as complete relief under the causes of action asserted in the Amended Petition would be unavailable without its joinder. *See* CPLR 1001(a). Therefore, Dalia's failure to properly join Trans-Resources, LLC as a Respondent also warrants dismissal under CPLR 1003 and CPLR 3211(a)(10).

## III. DISMISSAL OF THE AMENDED PETITION IS REQUIRED AND THE TURNOVER CLAIM AGAINST THE TR ENTITIES IS NOW TIME-BARRED BECAUSE PROCESS WAS NOT SERVED WITHIN THE TIME PERIOD REQUIRED BY THE SCPA

For a petition to be timely commenced to toll any statute of limitation, the citation must be served on the respondent within 120 days after the date on which the petition was filed. SCPA 301(a). Dalia filed her original Petition on June 14, 2016. As discussed above, no service was attempted within the statutory 120-day period and no proper service has been made on any of the TR Entities despite the lapse of more than 570 days from the date of initial filing.[11]

The practical effect of Dalia's lack of diligence in serving process for the original Petition and her failure to properly serve the TR Entities (for both the original Petition and the Amended Petition) is that her claim of "turnover" is now time-barred. Because a turnover claim seeks the return of property, it is akin to a conversion claim and is subject to a three-year limitations period. *See* CPLR 213; *see also In re Thomas*, 28 Misc. 3d 300, 305, 901 N.Y.S.2d 493, 497 (Surr. Ct. Broome Cty. 2010), *aff'd* 78 A.D.3d 1304, 910 N.Y.S.2d 252 (3d Dep't

---

[11]    Dalia's failure to do so required dismissal of the original Petition. *See* N.Y. Surr. Ct. Proc. Act § 301 cmt. 2017 (comment by Deborah S. Kearns) ("If the proceeding is commenced and the citation is served such that the requisite notice is not given, jurisdiction will not be obtained. . . . Where the statute of limitations period has run, a new proceeding must be commenced under SCPA 301 (b)").

2010). As a consequence, because Dalia's claims accrued, at the latest, on the date of the Settlement Agreement – i.e., on June 16, 2013, more than three years ago – these claims are time-barred.

In addition, as a matter of equity, Dalia's failure to even attempt service within the 120-day period, coupled with her extensive over 570-day delay in attempting service, her failure to have properly served any of the TR Entities, her failure to properly join and obtain and serve a supplemental citation on Trans-Resources, LLC, and her failure to effectively serve the Amended Petition militates *against* granting her any right to file a new petition. *Cf. Estate of Jervis v. Teachers Ins. & Annuity Ass'n*, 279 A.D.2d 367, 368, 720 N.Y.S.2d 21, 22 (1st Dep't 2001) (holding that plaintiff's failure to serve process by deadline and her "unacceptably protracted delay measured from the expiration of the 120-day period" to even attempt service, did not establish either "good cause" or "interest of justice" to extend time for service or to allow plaintiff to avoid the bar of the statute of limitation).

Indeed, despite having been forewarned about her service and jurisdictional failures by the TR Entities' initial motion to dismiss, Dalia continues to press her own version of procedure in the hope that this Court will extend some equity and give her relief from these statutory and due process requirements. As outlined in the preliminary statement above (*see supra* at 2-4), the courts of New York have already put the Genger army of litigants on notice that the their days of abusing the judicial system are over and that the courts will not assist them in needlessly prolonging their endless litigations. This Court should not countenance Dalia's efforts to plead for this Court's equitable discretion in order to save Dalia (a serial litigant in this and other courts) from her intentional procedural and substantive shortcomings.

16

## IV.    DALIA'S TURNOVER CAUSE OF ACTION CANNOT STAND

To state a turnover claim, a plaintiff must allege and establish that the defendant received or retained property or money belonging to the plaintiff. *See, e.g., In re Perelman*, 123 A.D.2d 436, 436, 999 N.Y.S.2d 2 (1st Dep't 2014). Dalia's "turnover" cause of action must be dismissed because Dalia has not alleged (and cannot) that the TR Entities ever received or retained any specific property or money purportedly belonging to the Trust. *See id.* In fact, in her allegations for the "turnover" claim in the original Petition Dalia admits that none of the TR Entities received or its in their possession any of the "Settlement Proceeds"[12] that she was (and is) claiming. (*See* Boyle Aff., Ex. M, at ¶¶ 72, 73).

Apparently recognizing that she had pleaded away her only substantive cause of action, Dalia has edited that factual allegation from her Amended Petition. (*Compare* Boyle Aff., Ex. M ¶¶ 72, 73 *with* Boyle Aff., Ex. A ¶¶ 72, 73, 74). Dalia's last minute scratch-out does not save this claim. Dalia's allegations in her original Petition may be deemed informal judicial admissions that constitute "documentary evidence" within the meaning of CPLR 3211(a)(1). *See New Greenwich Litig. Tr.*, 145 A.D.3d at 25, 41 N.Y.S.3d at 8-9. These unvarnished and verified factual allegations (asserted under the very same cause of action in the original Petition) flatly contradict any claim that the TR Entities have received or have in their possession any of the Settlement Proceeds, which include any of the so-called "Remaining Payments."

Insofar as the allegations of the Amended Petition regarding the "Remaining Payment" are concerned, the documentary evidence further establishes that none of the TR Entities is in possession of any property of the Trust in relation to any remaining obligations

---

[12]    In both the original Petition and the Amended Petition, Dalia defines "Settlement Proceeds" to include all of the up to $32.3 million payable under the Settlement Agreement, including the $17.3 million that has already been paid and the remaining $15 million in "Remaining Payments" potentially due under the Notes. (*See e.g.*, Boyle Aff., Ex. M at ¶ 21 & Ex. A at ¶ 21).

17

under the Settlement Agreement. As set forth in the Settlement Agreement, the remaining

obligations due under the Settlement Agreement are governed by certain promissory notes (the

"Notes") substantially in the form that was included as Exhibit A to the Settlement Agreement

(*see* Boyle Aff., Ex. E at Exhibit A). As provided for in the Settlement Agreement, however, the

Notes are not yet mature and therefore none of the obligations under the Notes are presently due.

(*See* Boyle Aff., Ex. E at ¶ 3; Hirsch Aff. ¶¶ 9-10). Thus, there is no current obligation to either

fund or make any payment to any person in connection with the Settlement Agreement.

Moreover, should the Notes become mature and due, it is only Trans-Resources, LLC, which, as

explained above, has not been joined as a Respondent, who, as "Maker" of the Notes and the

only signatory to the Notes, is responsible for any direct obligation to make payments under the

Notes. Additionally, under the Settlement Agreement and the Notes, there is no obligation by

Trans-Resources, LLC (or any of the other TR Entities) to make direct payments to Orly Genger

or the Trust. (Hirsch Aff. ¶ 10). Further, Dalia has not alleged (nor could she) any facts that

establish that the TR Entities have any knowledge as to how any of the Settlement Proceeds will

be distributed or apportioned (if at all) by the AG Group's attorneys. These facts, established by

both the indisputable documentary evidence and by Dalia's own informal judicial admissions,

foreclose her "turnover" claim.

## V.   DALIA'S "INJUNCTION" CLAIM IS NOT AN APPROPRIATE CAUSE OF ACTION

Under New York law an injunction is a remedy, not a cause of action. Injunction

as a remedy may only be sustained when the substantive cause of action that may give rise to an

injunction has also been sustained. *See Held v. Macy's, Inc.*, 25 Misc. 3d 1219(A), 2009 N.Y.

Slip Op. 52189(U), at *16 (Sup. Ct. Westchester Cty. Oct. 19, 2009). Because, as discussed

above, Dalia's "turnover" cause of action must be dismissed, so too must her request for injunctive relief. *See id.*

Moreover, a party seeking the drastic remedy of a preliminary or permanent injunction must sufficiently plead, among other things, that it will suffer irreparable harm absent the injunction. *See D'Amour v. Ohrenstein & Brown, LLP*, 17 Misc. 3d 1130(A), 2007 N.Y. Slip Op. 52207(U), at *14-15 (Sup. Ct. N.Y. Cty. Aug. 13, 2007) (granting motion to dismiss claim for preliminary and permanent injunction where "plaintiffs have failed to allege the sort of irreparable injury which is prerequisite to the granting of an injunction"). Dalia has not done so. Indeed, the Amended Petition contains no factual allegations to support either a preliminary or permanent injunction.[13] Nor could it since Dalia is merely seeking a portion of the Settlement Proceeds, i.e., a sum of money, from the TR Entities – a demand that indisputably forecloses any right to injunctive relief. *See id.* (finding dismissal of injunction appropriate where plaintiff failed to allege facts indicating that it could not be fully compensated by monetary damages); *Zodkevitch v. Feibush*, 49 A.D.3d 424, 425, 854 N.Y.S.2d 373, 374 (1st Dep't 2008) (holding plaintiffs not entitled to preliminary injunction directing defendant to place funds allegedly misappropriated into escrow account because plaintiffs failed to establish they would suffer irreparable injury unless injunction was granted and failed to demonstrate that award of money damages would not adequately compensate them).

In addition, Dalia's failure to seek an injunction in her original Petition filed in 2016, coupled with her absurd nearly five-year delay in seeking injunctive relief since she

---

[13]   The Amended Petition contains no sufficient allegations of a likelihood of ultimate success on the merits, or that the Trust will suffer irreparable harm unless the injunction is granted, or that the balancing of equities lies in favor of the Trust, all of which are required when seeking a preliminary injunction. *See* CPLR 6301; *see also e.g., Faberge Int'l Inc. v. Di Pino*, 109 A.D.2d 235, 240, 491 N.Y.S.2d 345, 349 (1st Dep't 1985) (holding absence of such allegations required dismissal of request for injunction).

19

became aware of the Settlement Agreement, further negates any entitlement to an injunction as it belies any sense of urgency. *See Waterscape Resort, L.L.C. v. 70 W. 45th St. Holding LLC*, No. 652124/2014, 2015 WL 4400219, at \*2 (Sup. Ct. N.Y. Cty. July 17, 2015) (noting that delay in seeking injunction may also negate irreparable harm because failure to act earlier undercuts the urgency that normally attends request for a preliminary injunction) (citations omitted); *see also SportsChannel Am. Assocs. v. Nat'l Hockey League*, 186 A.D.2d 417, 418, 589 N.Y.S.2d 2, 3-4 (1st Dep't 1992) (affirming court's consideration of plaintiff's several months' delay in seeking injunction as grounds for denying the injunction).

## VI.    RES JUDICATA AND COLLATERAL ESTOPPEL BAR DALIA'S CLAIMS

All of Dalia's claims against the TR Entities are subject to dismissal under the principles of res judicata. *See* CPLR 3211(a)(5)  Under New York law, any stipulated discontinuance with prejudice[14] in a prior action bars re-litigation of not only those claims but of all other claims arising out of the same transaction that could have been asserted in a prior proceeding, even if they are now based on different theories or seeking different remedies. *See O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357-58, 445 N.Y.S.2d 687, 689 (1981); *Fifty CPW Tenants Corp. v. Epstein*, 16 A.D.3d 292, 293, 792 N.Y.S.2d 58, 59 (1st Dep't 2005); *see also Landau, P.C. v. LaRossa, Mitchell & Ross*, 11 N.Y.3d 8, 12-13, 862 N.Y.S.2d 316, 319 (2008) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.") (citation omitted); *In re Estate of Hunter*, 4 N.Y.3d 260, 269, 794 N.Y.S.2d 286, 291 (2005) (noting doctrine applies "not only to claims actually litigated but also to claims

---

[14]    A stipulation of discontinuance with prejudice in an action in another forum has the same res judicata preclusive effect as a judgment on the merits. *See Gropper v. 200 Fifth Owner LLC*, 151 A.D.3d 635, 635, 58 N.Y.S.3d 42, 42-43 (1st Dep't 2017).

that could have been raised in the prior litigation"). Thus, "a claim will be barred by the prior adjudication of a different claim arising out of the same 'factual grouping' even if the claims involve 'materially different elements of proof' and even if the claims 'would call for different measures of liability or different kinds of relief.'" *Fifty CPW Tenants Corp.*, 16 A.D.3d at 293 (citations omitted).

Moreover, "[t]he doctrine of res judicata, or claim preclusion, is designed to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Ins. Co. of State of Pa. v. HSBC Bank USA*, 10 N.Y.3d 32, 38, 852 N.Y.S.2d 812, 815-16 (2008) (citation omitted). One of the tests for determining what constitutes the same cause of action has been expressed as whether a different judgment in the second action would impair or destroy any rights or interests established in the prior actions. *See Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 250 N.Y. 304, 306-07 (1929); *see also Greenway Med. Supply Corp. v. Am. Transit Ins. Co.*, 58 Misc. 3d 147(A), 2018 N.Y. Slip Op. 50039(U) (2d Dep't App. Term 2018) (affirming res judicata dismissal where "any judgment in favor of plaintiff in the present action would destroy or impair rights or interests established by the judgment in the [prior action]" (citing *Schuylkill Fuel Corp.*, 250 N.Y. at 306-07)) (unpublished table decision).

Indeed, to allow serial litigants, such as Dalia, to continue to press (and re-press) similar claims already adjudicated against them in various courts would make a mockery of our judicial system, which relies on the consistency and finality of judicial decisions. Dalia's approach here would allow a losing party in a long and expensive litigation instigated by it (as Dalia did with regard to litigation in Delaware) to conjure up a slightly different theory (even though that theory could well have been brought as part of the already completed litigation),

21

relying on the very same facts and seeking the same relief dressed in different clothing as the claims already litigated. To countenance such abuse would cause the courts (state courts in Delaware and federal and state courts in New York) and the opposing parties, such as the TR Entities, to re-litigate anew a dispute that has already been resolved at much expense, both in terms of time and resources.

Here, the fundamental gravamen of the Amended Petition concerns the beneficial ownership of Trans-Resources and any concomitant right to monetize that ownership interest, whatever it may have been. But, as described above, the issues of beneficial ownership of all the Trans-Resources shares were finally and fully resolved with Orly, both in her individual capacity and in her capacity as beneficiary of the Trust, on June 16, 2013. And then, on August 30, 2013, in the Delaware Dismissal, Dalia in her role as trustee to the Trust and with full knowledge of the Settlement Agreement and after voluntarily foregoing an opportunity to review the Settlement Agreement (*see* Boyle Aff., Ex. G), also finally and fully resolved all issues related to the ownership of all the Trans-Resources shares in the Delaware Action. (Boyle Aff., Ex. F). To the extent that Dalia now attempts to enforce the Trust's rights or entitlements as a beneficial owner of the Trans-Resources shares by, among other things, seeking to monetize that interest by taking possession of the Settlement Proceeds, the Delaware Dismissal (with Dalia's consent) bars any such relief.

In fact, Dalia has notably represented to the Supreme Court (in support of a motion on which she prevailed) that the Delaware Action was designed to provide a "**full adjudication**" of issues relating to the Trust's right to all the Trans-Resources shares that underlie the Settlement Agreement. (*See* Boyle Aff., Ex. J at 12-13 ("Further, it is important to note that an action is pending in the Delaware Chancery Court to declare that the Orly Trust is

22

the beneficial ownership [stet.] of the TRI, allowing for a full adjudication of beneficial

ownership of the TRI shares. *Dalia Genger v. TR Investors, LLC et. al.* (Del. Ch. 6906-CS. filed

Oct. 4, 2011)") (emphasis added)).

          As there is no dispute that, in the Delaware Action, Dalia stipulated to a dismissal

with prejudice of all claims relating to the ownership of the Trans-Resources shares at a time

when she was aware of the Settlement Agreement, and, as such, could have raised any claims

relating to that settlement (including those purportedly brought here) in the Delaware Action, she

is now precluded from raising them in this proceeding. *See Gropper v. 200 Fifth Owner LLC*,

151 A.D.3d 635, 636, 58 N.Y.S.3d 42, 42-43 (1st Dep't 2017); *see also In re Hunter*, 4 N.Y.3d at

270-71, 794 N.Y.S.2d at 292 (confirming res judicata bars claims that were discernible from

document filed in prior proceedings).

          A separate basis for res judicata as to the Trust arises out of the First Department's

decision in *Genger v. Genger*, 144 A.D.3d 581, 2016 N.Y. Slip Op. 07987, 41 N.Y.S.3d 414 (1st

Dep't 2016). In that decision, the First Department expressly rejected Dalia's attempt to assert

the same claim she is making in this Amended Petition: that the Settlement Proceeds belong to

the Trust. (*See* Boyle Aff., Ex. L at 1 (requesting order directing the Settlement Proceeds be paid

into court because "some or all of the settlement proceeds" belong to the Trust)). The First

Department rejected Dalia's attempt by concluding that "all [Orly Trust] claims had previously

been dismissed or discontinued by prior court orders." *Genger*, 144 A.D.3d 581, 2016 N.Y. Slip

Op. 07987, at *1, 41 N.Y.S.3d at 415. Because, as the First Department correctly noted, those

claims were previously "dismissed or discontinued," res judicata precludes their assertion here.

## VII.   SHOULD THE COURT NOT DISMISS THE AMENDED PETITION FOR ANY OF THE ABOVE REASONS IT SHOULD BE STAYED OR DISMISSED

It is undisputed that Dalia's standing to assert these claims derives from her status as trustee.  At least since June 2009, however, a proceeding brought by Orly to remove Dalia as trustee has been pending in this Court.  In fact, on June 21, 2017, this Court denied Dalia's motion to dismiss that proceeding, noting that Orly's allegations "raise significant issues about whether Dalia's efforts as trustee have been calculated to benefit herself and others at the expense of the Orly Trust in violation of her fiduciary duty and whether she poses an ongoing threat to the assets of the Orly Trust." *In re Orly Genger*, No. 2008-0017/B, Decision at 12 (Boyle Aff., Ex. C).  Thus, should this proceeding not be dismissed, it should be stayed pending resolution of the threshold issue of whether Dalia is a proper trustee of the Trust. *See* CPLR 2201.

Moreover, Dalia, in a cross-petition she filed and served many months ago (that bears no relation to the TR Entities), asserted identical claims of breach of fiduciary duty and turnover solely against Orly concerning the Settlement Proceeds and on these very same facts. (*See* Boyle Aff., Ex. K).  A motion to dismiss that cross-petition filed by Orly (and joined by the guardian *ad litem*) is currently *sub judice* before this Court.  The existence of that proceeding provides yet another reason for this Court to exercise its discretion to dismiss or stay any proceedings on this Amended Petition.[15]

---

[15]   The existence of the already pending action also provides a basis for dismissal under CPLR 3211(a)(4), which allows a party to move for judgment dismissing one or more causes of action asserted against it on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires."  CPLR 3211(a)(4).  The subject of the two actions need not be identical to invoke CPLR 3211(a)(4); rather, "[t]he critical element is that both suits arise out of the same subject matter or series of alleged wrongs." *Syncora Guarantee Inc. v. J.P. Morgan Sec. LLC*, 110 A.D.3d 87, 96, 970 N.Y.S.2d 526, 533 (1st Dep't 2013) (alteration in original) (citation omitted).  CPLR 3211(a)(4) "vests a court with broad discretion in considering whether to dismiss an action." *Whitney v. Whitney*, 57 N.Y.2d 731, 732, 454 N.Y.S.2d 977, 977 (1982).

## CONCLUSION

For the foregoing reasons, the TR Entities respectfully request that this Court dismiss the Amended Petition and all claims therein as against the TR Entities, and grant the TR Entities such other relief as may be just and proper.

Dated:  New York, New York
        May 7, 2018

Respectfully submitted,

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

John Boyle
Four Times Square
New York, New York 10036-6522
(212) 735-3000
john.boyle@skadden.com

*Attorneys for Glenclova Investment Co.,*
*TR Investors, LLC, New TR Equity I, LLC,*
*New TR Equity II, LLC, and Trans-Resources,*
*LLC*

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK     )
                                  : ss.:
COUNTY OF NEW YORK   )

          Julie M. Thaxton, being duly sworn, deposes and says:

          1.  I am not a party to the action, am over 18 years of age and am employed by

Skadden, Arps, Slate, Meagher &  Flom LLP, Four Times Square, New York, NY 10036.

          2.  On May 7, 2018 I served a true copy of the

- ***Notice of Motion,***
- ***Affirmation of John Boyle in Support of the TR Entities' Motion to Dismiss the Amended Petition for Turnover of Trust Property and Other Relief*** *with the exhibits annexed thereto,*
- ***Affirmation of Mark S. Hirsch in Support of the TR Entities' Motion to Dismiss the Amended Petition for Turnover*** and
- ***Memorandum of Law in Support of the TR Entities' Motion to Dismiss the Amended Petition for Turnover of the Trust Property and Other Relief Filed on April 13, 2018 by Dalia Genger as Trustee of the Orly Genger 1993 Trust***

by Federal Express, overnight delivery upon:

                Judith Lisa Bachman, Esq.
                254 S. Main Street, Suite 306
                New City, New York 10956

                Kasowitz Benson Torres LLP
                Michael Paul Bowen
                1633 Broadway
                New York, NY 10019

                Kelley Drye & Warren LLP
                John Dellaportas
                101 Park Avenue
                New York, NY 10178

                Mitchell D. Goldberg, Esq.
                The Freyberg Law Group
                950 Third Avenue
                32nd Floor
                New York, NY 10022

Leon Friedman
685 Third Avenue, 25th Floor
New York, NY 10017

_Julie M. Thaxton_
Julie M. Thaxton

Sworn to before me this
7th day of May 2018.

Brian E. Keating
Notary Public, State of New York
No. 01KE5009535
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires March 15, 2019