SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the Matter of the Petition of Dalia Genger, as Trustee of the Orly Genger 1993 Trust, Created by Trust Agreement Dated December 13, 1993 between ARIE GENGER, as Grantor, and LAWRENCE M. SMALL and SASH A. SPENCER, as Trustees, to Turnover Property to the Orly Genger 1993 Trust.

File No.:   2008-0017/E

Surrogate Nora S. Anderson

---

Dalia Genger, Trustee of the Orly Genger 1993 Trust,

    Petitioner,

-against-

Orly Genger, et al.,

    Respondents.



# REPLY MEMORANDUM IN SUPPORT OF ORLY GENGER'S MOTION TO DISMISS AND IN OPPOSITION TO CROSS-MOTION

KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NY 10019

212-506-1700

ATTORNEYS FOR   *Respondent*

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition of Dalia Genger, as Trustee of the Orly Genger 1993 Trust, Created by Trust Agreement Dated December 13, 1993 between ARIE GENGER, as Grantor, and LAWRENCE M. SMALL and SASH A. SPENCER, as Trustees, to Turnover Property to the Orly Genger 1993 Trust. | File No.: 2008-0017/E<br><br>Surrogate Nora S. Anderson |
| Dalia Genger, Trustee of the Orly Genger 1993 Trust,<br><br>   Petitioner,<br><br> -against-<br><br>Orly Genger, et al.,<br><br>   Respondents. | |

### REPLY MEMORANDUM IN SUPPORT OF ORLY GENGER'S MOTION TO DISMISS AND IN OPPOSITION TO CROSS-MOTION

Respondent Orly Genger by limited appearance submits this reply memorandum in support of her motion to dismiss and for sanctions and award of attorney's fees, and in opposition to petitioner Dalia Genger's cross-motion for an extension of time to serve her petition and to consolidate.[1]

### PRELIMINARY STATEMENT

Dalia's opposition confirms that she violated basic rules of procedure and that her violations are neither justified nor excusable. The law is clear. Her amended petition – yet

---

[1] Citations herein to "Mem." are to Orly's opening Memorandum of Law in support of her Motion to Dismiss Dalia Genger's 2016 Petition, dated May 7, 2018. Capitalized terms used but not defined herein have the meanings ascribed in that opening memorandum. Citations herein to "Opp. Mem." are to Dalia Genger's Memorandum of Law in Opposition to Motions to Dismiss and in Support of Cross-Motion, dated May 23, 2018, and citations herein to "Bachman Affirm." are to the Affirmation of Judith Bachman, dated May 23, 2018, submitted in support of Dalia's Opp. Mem.

another in a long line of her dilatory tactics – is itself dilatory and, for that reason among many others, is barred as a matter of law.

Dalia makes a number of excuses as to why, she believes, the normal procedural rules and statutes of limitations do not apply to her, including by contending that Orly is the "de facto trustee" of the Orly Trust, such that Dalia, the *actual* trustee of the Orly Trust, can do whatever she wants before this Court. Dalia cannot dispute, however, that she never effected good service on Orly (or any of the named parties in this proceeding) within the time statutorily required. For that indisputable reason, her New Action is time barred by the procedural rules and the applicable statute of limitations.

Her New Action fails on the merits as well. Although she tries to confuse the issue, she does not and cannot explain how the New Action is not duplicative of her counter-petition, which is currently the subject of fully-briefed motions to dismiss that have been *sub judice* since December 2017.

Most importantly, Dalia's conniving to file a New Action in June 2016 – while Orly's Removal Action had been pending since 2009 – and then, in blatant violation of the procedural rules, to wait and spring (attempted but failed) service as if it were some kind of trap for the unwary *eighteen months later* at the end of 2017, is an example in a long line of other examples of her bad faith and gamesmanship to the extreme detriment of the trust beneficiary, Orly. But Dalia's misconduct in connection with pursuing the New Action did not stop there. After motions to dismiss the 2016 New Action were fully submitted to this Court in February 2018, Dalia unilaterally filed an amended New Action petition in April, without obtaining consent from any respondent or permission from the Court, in clear violation of applicable rules of procedure. *See* SCPA § 302.

This kind of plotting by Dalia further confirms – if any additional reason were needed – that Dalia has a fatal conflict of interest with Orly and is unfit to serve as trustee of the Orly trust. Orly has been trying to remove her for *ten years*. Dalia should be – must be – removed as the trustee without any further delay.

Her New Action should be summarily dismissed with prejudice.

## ARGUMENT

### I. THE REMOVAL ACTION HAS PRIORITY AND MOOTS THE NEW ACTION AS RES JUDICATA

Orly first petitioned this Court for the removal of Dalia as trustee of the Orly Trust over ten years ago in 2008 (the Removal Action), more than eight years before Dalia first filed (without serving) the New Action in 2016. After procedural wrangling by Dalia (and Sagi), Orly renewed her request for this relief in 2009, such that her petition for removal of Dalia as trustee has been pending since that time. Once the merits of Orly's Removal Action are considered by this Court, and the Court finally removes Dalia as trustee, Dalia will lose standing to continue to prosecute this frivolous New Action.

Supported by her counsel's affirmation made under penalties of perjury, Dalia now has fundamentally misstated the chronology of the filing of Orly's Removal Action and Dalia's New Action. In her opposition, Dalia states, incorrectly: "While Respondents knew this [New Action] Petition was pending, Orly filed a petition to once again try to remove Dalia as trustee of the Orly Trust." Opp. Mem. at 4; Bachman Affirm. ¶ 3. On that false premise, Dalia claims that her meritless New Action, filed in June 2016, was first-filed. *See id.* It is indisputable, however, and

3

is documented in the filings with the Court, that Orly's Removal Action has been pending since 2009! Dalia's entire opposition thus rests on a knowing and demonstrable falsehood.[2]

To the extent Dalia intends to refer to August 2017 – the date on which Dalia filed her *counter-petition* against Orly in Orly's Removal Action – that is irrelevant. The critical fact remains, as noted in Orly's moving papers, that the proceedings in the Removal Action with respect to Dalia's counter-petition are much further along than this New Action: The counter-petition was served before even any attempt at service of the New Action; Orly and the other party to the Removal Action (the court-appointed guardian ad litem for theoretical unborn children) already responded to the counter-petition long *before* any party ever made a limited appearance to dismiss this New Action; and Orly's and the guardian's motions to dismiss the counter-petition in the Removal Action were fully briefed *before* even the first motions to dismiss in this New Action were made. Those motions in the Removal Action have been *sub judice* since December 2017, long *before* Dalia obtained the citation in this New Action and the February 2018 submission of the initial dismissal motions in this New Action. Mem at 11-12. Because the adjudication in the Removal Action is indisputably first, that action has priority and it is this late New Action that is to be dismissed as duplicative. *See id.*

Dalia's protestation that the counter-petition did not name all of the respondents she named in the New Action is also irrelevant. Dalia could have impleaded additional respondents into her 2017 counter-petition in the Removal Action, but she failed to do so. CPLR 1007. That

---

[2] In her affirmation, Dalia's counsel, Ms. Bachman, improperly attributes certain statements to the "Court," as if Ms. Bachman's recitation were court rulings. *See* Bachman Affirm. ¶¶ 4-6, 9-11, 14-16. In fact, the statements alluded to are off-the-record comments from the court attorney, Ms. Santamarina. More importantly, Ms. Bachman – who was not even present at the court attorney's in-person conference and has no first-hand personal knowledge of what was said – misrepresents what was actually said. Ms. Santamarina repeatedly cautioned that she was not speaking on behalf of the Surrogate or voicing any opinion or view on the merits of the parties' respective legal positions. Suffice it to say, she said nothing even remotely similar to what Ms. Bachman purports to recount in her mistaken – and wholly improper – affirmation.

4

was her choice and her fault; no one else's. It is clear she did not follow that course of action because she always intended to use the New Action as another procedural maneuver to try to trip up the orderly adjudication of the Removal Action. Trying to use one filing to foul up another is the height of sanctionable bad faith. *See* Mem. at 16. It is an utter waste of judicial resources and an inexcusable burden on the Surrogate's Court, not to mention the other litigants. In any event, because the counter-petition fails on its merits (just like the New Action), there is no need for consolidation, as Dalia now purports to seek. That is an empty ruse to work delay upon delay.

Dismissal is also warranted, of course, because all of Dalia's claims in both actions are barred by the doctrine of res judicata. Respondents are in full agreement that prior judicial decisions (many of which are binding on this Court) confirm that Dalia is barred from making her claims in this action. *See* Mem. at 16 (incorporating Orly's dismissal motion of Dalia's counter-petition, at 12-14) and Memorandum of Law in Support of the TR Entities' Motion to Dismiss the [New Action] Petition, dated Feb. 6, 2018, at 19-22.) *See also* Memorandum of Law in Support of the TR Entities' Motion to Dismiss the Amended [New Action] Petition, dated May 7, 2018, at 15-16.

No matter what causes of action Dalia asserts – whether labeled "turnover," breach of fiduciary duty, unjust enrichment, or anything else – and no matter how Dalia characterizes her story, the relief Dalia seeks in both the New Action and her counter-petition, as well as in every other case where she is adverse to Orly – including the one she is currently pursing in the Southern District of New York – is the same: Dalia seeks to intercept the proceeds from the AG/Trump Group Settlement Agreement by any means necessary and irrespective of the law. Dalia's repetitive and duplicative actions, which have been repeatedly dismissed, most recently

by the First Department, is sanctionable abuse of the courts. This Court need not countenance this latest meritless attempt by Dalia because it is precluded by the First Department's decision and by the statute of limitations – all parties named by Dalia (but not yet served) in this New Action agree on that. *See* Mem. at 16 (incorporating Orly's dismissal motion concerning Dalia's counter-petition, at 12-14, citing *Genger v. Genger*, 144 A.D.3d 581 (1st Dep't 2016)).[3]

Dalia has no good argument to counter the preclusive effect and controlling holding of the First Department. As pointed out in Orly's moving papers, the First Department ruled that Dalia's claims brought on behalf of the Orly Trust with respect to the AG/Trump Group Settlement Agreement were dismissed <u>with prejudice</u> in various prior court decisions and, because she failed to object to the dismissal in that case before the trial court, she is forever precluded from raising these claims again. Mem. at 16. Even Dalia has to know that she cannot use this Surrogate's Court proceeding to try to overturn a controlling appellate decision.

Dalia now also tries to argue that Orly is a "de facto trustee" of the Orly Trust, and therefore Dalia – the actual trustee of the trust – is free to pursue whatever claims she wants, whenever she wants, without regard to the statutes of limitations which have, unquestionably, expired. Opp. Mem. at 12-16. Unlike the cases on which Dalia relies, Orly cannot be considered a "de facto trustee" since the settlement by its own terms *did not* settle claims the Orly Trust might have against the Trump Group, as Orly made clear in her opening brief. Mem. at 11. Instead, the Trump/AG Settlement Agreement compromised and released only the claims Orly had individually against the Trump Group. *Id.* It was Dalia, and Dalia alone, who caused all

---

[3] Just as Dalia has failed to comply with the Surrogate's Court procedures and failed to serve the New Action in compliance with the law and applicable procedural rules, Dalia has similarly violated applicable procedural rules in her pending action against Orly in the Southern District of New York. In that federal action, which Dalia and Sagi filed against Orly in the fall of 2017 and in which Dalia and Sagi claim Orly owes Dalia millions of dollars – which yet again underscores her conflicts of interest as the supposed trustee of the OG Trust – Dalia violated the Federal Rules by using the wrong caption, failing to obtain proper summonses, and mis-filing a motion for summary judgment, among other examples of basic ineptitude.

6

claims the Orly Trust might have against the Trump Group to be dismissed with prejudice, as already held by the Appellate Division. *See Genger*, 144 A.D.3d at 581.

Dalia quotes at length from this Court's decision in *In re Davidson*, 2017 NYLJ LEXIS 3050 (N.Y. Sur. Ct. Oct. 24, 2017). But that case does not support her arguments. The ruling in *Davidson* has nothing to do with claims against a "de facto trustee," but rather claims against the actual trustees of a trust. Even on Dalia's own (self-serving and inaccurate) rendition of the relevant "facts," Orly's role as a "de facto" trustee ended with the AG/Trump Group Settlement Agreement, which, as Dalia must and does admit, was disclosed to Dalia a few months after June 2013. Mem. at 15. Even taking Dalia's alleged facts as true, thereafter Orly had no further role vis-à-vis the Orly Trust, except as beneficiary. Thus, unlike *Davidson*, where it was undisputed that the *de jure* trustees had continued acting as trustees long after the settlement at issue in that action and had not "openly repudiated" the role of trustee, the statute of limitations accrued in this case a few months after 2013 and expired three-years later in the fall of 2016.

## II.  DALIA FAILED TO EFFECT SERVICE

In her first opposition to respondents' motions to dismiss the New Action, which she filed February 20, 2018, Dalia went through great lengths to blame the Court for her own failure to serve the New Action on respondents within the statutorily allotted time period. She had no authority for her claim that her failure should be blamed on the Surrogate's Court, however. In her lawyer's affirmation in opposition to the motions, her lawyer also admitted that she did nothing to meet the statutory deadline of 120 days in which to serve the petition in the New Action. *See* Affirmation of Judith Bachman in Opposition, dated Feb. 20, 2018.

Even were Dalia permitted to effect late service – *i.e.*, service that would be approximately *two years* late – that has no bearing on calculating the statute of limitations. Under Section 301(a) of the SCPA, the running of the statute of limitations is stopped by the

7

filing of the petition "*provided* process is issued and service made upon any respondent within one hundred twenty days after the date of the filing of the petition." SCPA 301(a). Since even Dalia admits no such service was made within that period upon any respondent, the statute of limitations continued to run – and expired – thereafter. No provision in this statute allows a Court to vary this legislative requirement.

Dalia has no rejoinder to this point. She did not address it in her first opposition to respondents' initial motions to dismiss, and now she attempts to gloss over this controlling statute by relying on her unilateral, procedurally improper amendment of the New Action she filed in April 2018. Dalia suggests that her impermissible amended pleading excuses her from properly serving the action *ab initio* on respondents. No authority exists to support this incorrect reading of the applicable statute and Dalia cites none. The filing of the amended petition in the New Action does nothing to change the fact that service was never effected in the New Action within the 120-day period sufficient to toll the expiration of the applicable statute of limitations.

In all events, as the record stands now, it is devoid of any proof of service and certainly devoid of any proof that Orly has had a fair opportunity to review and to challenge service on the facts and law. There is, accordingly, no basis to find effective service of process, and Dalia can make no legitimate argument why she should be afforded additional time to attempt to serve the New Action, which she first filed *two years ago* in June 2016.

8

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the Matter of the Petition of Dalia Genger, as Trustee of the Orly Genger 1993 Trust, Created by Trust Agreement Dated December 13, 1993 between ARIE GENGER, as Grantor, and LAWRENCE M. SMALL and SASH A. SPENCER, as Trustees, to Turnover Property to the Orly Genger 1993 Trust.

File No.:    2008-0017/E

Surrogate Nora S. Anderson

---

Dalia Genger, Trustee of the Orly Genger 1993 Trust,

    Petitioner,

-against-

Orly Genger, et al.,

    Respondents.

## AFFIRMATION OF SERVICE

I am an attorney admitted to practice before the Courts of the State of New York, and affirm the following under penalties of perjury. On June 14, 2018, on behalf of respondent Orly Genger, I caused to be served by (i) email and (ii) FedEx overnight delivery a true and correct copy of Respondent Orly Genger's Reply Memorandum in Support of her Motion to Dismiss and in Opposition to Cross-Motion, dated June 14, 2018, on counsel for Petitioner Dalia Genger at the following address:

    Judith Bachman, Esq.
    judith@thebachmanlawfirm.com
    254 S. Main Street
    Suite 306
    New City, NY 10956

Dated: New York, New York
       June 14, 2018

                                                    Andrew R. Kurland

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510 www.aslegal.com

*Index No.* 0017/E  *Year 20* 08

SURROGATE'S COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK

In the Matter of the Petition of Dalia Genger, as Trustee of the Orly Genger 1993 Trust, Created by Trust Agreement Dated December 13, 1993 between ARIE GENGER, as Grantor, and LAWRENCE M. SMALL and SASH A. SPENCER, as Trustees, to Turnover Property to the Orly Genger 1993 Trust.

Dalia Genger, Trustee of the Orly Genger 1993 Trust,

                    Petitioner,

-against-

Orly Genger, et al.,

                    Respondents.

## AFFIRMATION OF SERVICE

KASOWITZ BENSON TORRES LLP

*Attorney(s) for*        *Respondent*    *Office Address & Tel. No.:*

1633 BROADWAY
NEW YORK, NY 10019
212-506-1700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR.1200.41-a.*

*Dated:* June 14, 2018    *Signature* ..................

                           *Print Signer's Name* Andrew R. Kurland

*Service of a copy of the within*                                               *is hereby admitted.*

*Dated:*

                      *Attorney(s) for* Petitioner

**PLEASE TAKE NOTICE**

☐ **NOTICE OF ENTRY**    that the within is a *(certified)* true copy of a entered in the office of the clerk of the within-named Court on                        20

☐ **NOTICE OF SETTLEMENT**    that an Order of which the within is a true copy will be presented for settlement to the Hon.                      , one of the judges of the within-named Court, at
on                          20        , at              M.

*Dated:*

                    KASOWITZ BENSON TORRES LLP
          *Attorney(s) for*

                    *Office Address & Tel. No.:*

*To:*

*Attorney(s) for*

                    1633 BROADWAY
                    NEW YORK, NY 10019
                    212-506-1700